# EXHIBIT A

GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
David X. Lin (SBN 312350)
dlin@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff Devenan Maharaj
and aggrieved employees

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/05/2019** at 04:25:54 PM

Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| DEVENAN MAHARAJ, individually and on behalf of all similarly situated employees and aggrieved of Defendants in the State of California,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC.; and DOES 1 THROUGH 50, inclusive,<br><br>        Defendants. | Case No.:   37-2019-00058788-CU-OE-CTL<br><br>*Unlimited Civil*<br>*Amount Demanded exceeds $25,000.00*<br><br>**COMPLAINT**<br><br>**INDIVIDUAL AND CLASS ACTION**<br>[Cal. Code Civ. Proc. § 382]<br><br>1. Failure to Provide Meal Periods;<br>2. Failure to Provide Rest Periods;<br>3. Failure to Pay Minimum and Regular Wages;<br>4. Failure to Pay All Overtime Wages;<br>5. Failure to Pay Reporting Time Pay;<br>6. Failure to Provide Accurate Itemized Wage Statements;<br>7. Failure to Timely Pay All Wages Due Upon Separation of Employment;<br>8. Violation of Business & Professions Code §17200, *et seq.*;<br><br>**REPRESENTATIVE ACTION FOR PAGA PENALTIES**<br>[Labor Code § 2698, *et seq.*]<br><br>9. Violation of Labor Code § 2699, *et seq.*;<br><br>**– JURY TRIAL DEMANDED –** |

*(Left margin, vertical text:)* GRAHAM**HOLLIS** APC 3555 FIFTH AVENUE SUITE 200 SAN DIEGO, CALIFORNIA 92103

1  DEVENAN MAHARAJ'S, individually and on behalf of all other similarly situated and/or

2  aggrieved employees of CHARTER COMMUNICATIONS, INC., and DOES 1 through 50, inclusive,

3  alleges as follows:

## I.  **INTRODUCTION**

5  1.  Plaintiff DEVENAN MAHARAJ ("Plaintiff") brings this individual, putative class action,

6  and representative action against Defendants CHARTER COMMUNICATIONS, INC., and DOES 1

7  through 50, inclusive (collectively, "Defendants"), for engaging in a pattern of wage and hour violations

8  under the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage

9  Orders.

10  2.  Plaintiff brings this action on behalf of all non-exempt employees who were employed by

11  Defendants in the State of California as Maintenance Technicians during the applicable relevant time

12  period (hereinafter "similarly situated employees").

13  3.  Plaintiff also brings this representative action on behalf of all non-exempt employees who

14  were employed by Defendants in the State of California during the applicable relevant time period and

15  suffered at least one wage and hour violation alleged herein ("aggrieved employees").

16  4.  Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased their

17  employment-related costs by systematically violating California wage and hour laws and engaging in

18  unlawful and unfair business practices.

19  5.  Defendants' systematic pattern of Labor Code and IWC Wage Order violations toward

20  Plaintiff and other similarly situated employees in California include, but are not limited to:

21  a.  Failure to provide a first off-duty meal period of at least 30-minutes before the

22  commencement of the sixth hour of work and a second off-duty meal period of at least

23  30-minutes before the commencement of the eleventh hour of work;

24  b.  Failure to authorize and permit off-duty paid rest periods;

25  c.  Failure to pay all minimum and regular wages for all hours worked;

26  d.  Failure to pay all overtime wages;

27  e.  Failure to pay all reporting time pay;

28  f.  Failure to maintain accurate records;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

2

INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT

g. Failure to provide accurate itemized wage statements; and

h. Failure to timely pay all wages due during and upon separation of employment.

6. Plaintiff brings this lawsuit against Defendants seeking damages, restitution, declaratory judgment, injunctive relief, statutory penalties, and monetary relief on behalf of himself and all other similarly situated employees of Defendants in California. Plaintiff seeks to recover, *inter alia*, unpaid wages, interest, attorney's fees, damages, liquidated damages, statutory penalties, and costs pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 221, 223, 224, 225, 225.5, 226, 226.3, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, the California Business and Professions Code § 17200, *et seq.*, and the provisions of the applicable IWC Wage Order.

7. Plaintiff reserves the right to name additional representatives.

## II.  PARTIES

**A.  Plaintiff**

8. Plaintiff is a current employee of Defendants, who, at all relevant times, is employed as a maintenance technician and worked for Defendants in a non-exempt position in San Diego County.

9. Plaintiff is a resident of the State of California and currently resides in San Diego County.

10. At all relevant times, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendants in California were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked.

**B.  Defendants**

11. Defendants CHARTER COMMUNICATIONS, INC. is a Delaware corporation with its principal place of business in St. Louis, Missouri, operating and doing business in the state of California, including San Diego County, California.

12. Defendants' wrongful conduct, as alleged herein, occurred in the County of San Diego and in the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that each Defendant, whether named or fictitious, is and, at all relevant times, was authorized to do business and did business in the State of California and was Plaintiff's and other similarly situated employees' "employer" as defined in and subject to the California Labor Code and the applicable IWC Wage Order.

INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

14.     Each of the fictitiously named Defendants participated in the acts alleged in this Complaint. The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants, if and when their true names and capacities are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants participated in the acts alleged in this Complaint.

15.     Plaintiff and all other similarly situated and/or aggrieved employees are, and at all relevant times were, non-exempt employees of each Defendants, including DOES 1 through 50, within the meanings set forth in the California Labor Code and applicable IWC Wage Order.

16.     Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

17.     Plaintiff is informed and believes that at all relevant times, each Defendants, whether named or fictitious, exercised control over Plaintiff's and other similarly situated and/or aggrieved employees' wages, hours and/or working conditions.

18.     Plaintiff is further informed and believes that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

19.     Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

20.     A unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all other similarly situated employees.

### III.     JURISDICTION AND VENUE

21.     This Court has subject-matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimum jurisdictional limits of the Superior Court.

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

4

22.     Venue is proper in San Diego County pursuant to Code of Civil Procedure §§ 395(a) and 395.5 because Defendants maintain stores and transact substantial business in San Diego County, Defendants employed Plaintiff and other similarly situated and/or aggrieved employees in San Diego County, and the unlawful acts alleged herein that arose in San Diego County have a direct effect on Plaintiff and other similarly situated employees within San Diego County.

## IV.     GENERAL ALLEGATIONS

23.     Plaintiff DEVENAN MAHARAJ is a current employee of Defendants who is employed in a non-exempt position as a maintenance technician at all times during his employment from approximately November 2000 through the present.

24.     Plaintiff was most recently compensated on an hourly basis at a rate of $32.00 per hour, in addition to non-discretionary quarterly bonuses. At all relevant times, Plaintiff was compensated on an hourly basis and is a non-exempt employee. Plaintiff regularly worked more than eight (8) hours a day and more than forty (40) hours per week.

25.     Defendants denied Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees, certain rights afforded to them under the California Labor Code and the IWC Wage Order. Specifically, Defendants failed to provide Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with legally compliant meal and rest periods, failed to provide meal and rest period premiums, failed to pay all minimum, regular, and overtime wages owed, failed to pay all reporting time pay, failed to maintain accurate records, failed to issue accurate itemized wage statements, and failed to timely pay all wages as set forth by law.

26.     Defendants did not provide Plaintiff, an on information and belief, other similarly situated and/or aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Rather, Defendants required Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees to work through their meal periods, receive less than thirty (30) minute meal periods, take interrupted meal periods, or did not allow them to take meal periods before the end of the fifth hour.

27.     Plaintiff's and, on information and belief, other similarly situated and/or aggrieved employees' meal periods were regularly interrupted, on-duty, and/or after the end of the fifth hour of work, in violation of the applicable Wage Order. For example, Plaintiff and, on information and belief, other

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

similarly situated and/or aggrieved employees were required to monitor and answer their work phones or radios and to respond to calls from supervisors and/or customers at all times. Further, Plaintiff's supervisors require him to clock back in and complete tasks if he receives a call during his meal period and they also encourage him to take his meal period towards the end of the workday.

28.     The nature of Plaintiff's duties does not prevent him from being relieved of all job duties for a compliant 30-minute off-duty meal period.

29.     Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendants have not signed a valid on-duty meal period agreement at any point during their employment with Defendants, nor have they properly waived any of their meal periods.

30.     Defendants had a pattern and practice of not providing Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with legally compliant meal periods, even though Plaintiff and other similarly situated and/or aggrieved employees worked more than six (6) hours during their workday.

31.     Thus, as a result of Defendants' illegal policies, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were denied the opportunity to take legally compliant thirty-minute meal periods, in violation of the applicable Wage Order.

32.     For the same reasons, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were also not authorized and permitted to take off-duty, 10-minute rest periods for every four hours of work, or major fraction thereof. For example, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees are required to monitor their phones or radios and respond to work calls during their rest breaks.

33.     Defendants had a pattern and practice of failing to authorize and permit Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees to take legally compliant rest periods of at least ten minutes for every four-hour work period, or major fraction thereof, because Defendants required them to remain on duty at all times during their ten-minute rest periods. Thus, as a result of Defendants' illegal policies, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were not authorized or permitted to take legally compliant rest periods, in violation of the applicable Wage Order.

34.     Although Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees did not receive legally compliant meal or rest periods, Defendants did not compensate Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees an additional hour of pay at their regular rate of pay for the times that Plaintiff and other similarly situated and/or aggrieved employees were not authorized or permitted to take a compliant and timely meal or rest period, in violation of Labor Code § 226.7.

35.     Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were not paid all minimum, regular and overtime wages owed for all time suffered or permitted to work. For example, Defendants require Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees to remain on duty at all times and monitor their phones during their shift, including during their meal and rest periods. Despite the fact that these are compensable work hours because Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees are subject to the control of their employer during this working time, and Defendants are required to compensate Plaintiff and other similarly situated and/or aggrieved employees accordingly, Defendants do not count all of this time as hours worked and do not provide proper remuneration.

36.     Defendants also fail to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees for all of their overtime wages because Defendants fail to include the non-discretionary bonus pay in the regular rate of pay for purposes of calculating overtime. Thus, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees are not paid all minimum, regular, and overtime wages for all hours worked.

37.     Further, Defendants also failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees reporting time pay and/or for all hours worked and under the control of Defendants.  For example, Defendants would schedule Plaintiff and other similarly situated and/or aggrieved employees for on-call shifts. While on-call, Plaintiff would receive calls from the operational center to report to work to complete assignments. On some occasions, when Plaintiff was on the way to begin working the on-call assignment, Defendants would call and cancel the assignment. If it had been less than approximately 15 minutes from the original call, Defendants would not pay Plaintiff and, on information and belief, other similarly situated employees for the time they spent being called into

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

7

1 work and beginning to travel to the assignment. Therefore, Plaintiff and other similarly situated employees

2 were working and under the control of the employer but Defendants paid them $0 for their work time.

3     38.    Moreover, on the occasions that Defendants did not compensate Plaintiff and other

4 similarly situated and/or aggrieved employees for the time spent reporting to work and beginning travel

5 to the on-call assignment, Defendants would not pay Plaintiff and other similarly situated and/or aggrieved

6 employees for half the usual or scheduled day's work, but in no event for less than two (2) hours.

7     39.    Additionally, Defendants failed to pay Plaintiff, and on information and belief, other

8 similarly situation and/or aggrieved employees all regular and overtime wages owed in a timely manner

9 as required by Labor Code § 204. For example, Plaintiff was not paid for labor performed in June 2018

10 until three months later.

11     40.    As a direct result of Defendants' illegal policies and procedures, Defendants failed to

12 maintain accurate records reflecting all of Plaintiff's and other similarly situated and/or aggrieved

13 employees' time worked and wages paid, in violation of California law. In addition, the wage statements

14 issued by Defendants do not include the correct total regular and overtime hours worked, the correct

15 amount of gross and net wages earned, and the correct applicable hourly rates and the corresponding

16 number of hours worked at each hourly rate, as required under Labor Code § 226.

17     41.    On information and belief, the wage statement omissions and inaccuracies are not a result

18 of an isolated and unintentional payroll error due to an inadvertent mistake, but rather a result of knowing

19 and intentional omissions by Defendants. In addition, and as a result of these omissions and inaccuracies,

20 Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees are not

21 promptly and easily able to determine the correct hours worked and/or determine the accurate wages due

22 and owing without reference to other documents and information.

23     42.    As a direct result of the aforementioned Labor Code violations, Defendants have not paid

24 Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees all wages

25 due and payable during and upon separation of employment, including minimum, regular, and overtime

26 wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code

27 §§ 201, 202, and 204.

28     43.    To this date, Defendants have not paid Plaintiff and, on information and belief, other

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

8

1  similarly situated and/or aggrieved employees all wages owed, including all minimum, regular and

2  overtime wages, and meal and rest period premium wages.

3      44.    Based on the foregoing violations of the Labor Code and the applicable IWC Wage Order,

4  Defendants engaged in unfair business practices in California and willingly and knowingly engaged in an

5  employment pattern and practice that violated Business & Professions Code § 17200 *et seq*. Plaintiff and,

6  on information and belief, other similarly situated and/or aggrieved employees suffered damages due to

7  Defendants' unfair, unlawful and/or fraudulent actions.

8      **V.    THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**

9      **REPRESENTATIVE ACTION DESIGNATION**

10     45.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

11  paragraphs above, as though fully set forth herein.

12     46.    The Causes of Action alleged herein are appropriately suited for a Labor Code Private

13  Attorneys General Act of 2004 ("PAGA") action because:

14     47.    Pursuant to California Labor Code  § 2699(a), any provision of the Labor Code that

15  provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency

16  ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees, for a

17  violation of the California Labor Code, may, as an alternative, be recovered through a civil action brought

18  by an aggrieved employee on behalf of himself or herself and all other current or former employees

19  pursuant to the procedures specified in § 2699;

20     48.    This action involves allegations of violations of provisions of the California Labor Code

21  that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any

22  departments, divisions, commissions, boards, agencies or employees;

23     49.    Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and

24  had one or more of the alleged violations committed against him;

25     50.    On June 27, 2019, Plaintiff satisfied the procedural requirements of § 2699.3 by serving

26  the LWDA electronically and Defendant Charter Communications, Inc., via Certified Mail with his notice

27  for wage and hour violations and penalties, including the facts and theories to support each violation. A

28  true and correct copy of Plaintiff's notice and proof of service is attached as **Exhibit A.**

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

9

51.     More than 65 days have passed since Plaintiff served notice via Certified Mail to the LWDA and his employer. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code § 2698, *et seq.*

52.     Plaintiff filed this action pursuant to Labor Code § 2699(a) and (f), on behalf of himself and all other aggrieved employees of Defendants to recover civil penalties, including unpaid wages, which are to be paid to the affected employees pursuant to Labor Code §§ 558 and 1197.1.

53.     Defendants were Plaintiff's employer or person acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, is subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

54.     Defendants were Plaintiff's employer or person acting on behalf of Plaintiff's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, is subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203.

55.     Plaintiff seeks to recover all applicable civil penalties under PAGA on behalf of himself and all other aggrieved employees of Defendants in California.

## VI.     CLASS ACTION DESIGNATION

56.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

57.     Plaintiff brings Causes of Action One through Eight as a Class Action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all current and former employees of Defendants in California and who worked as non-exempt employees and who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

/ / /

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

58.     Plaintiff seeks to represent the following Classes, which are defined as:

**The Maintenance Technician Class**:

"All current and former non-exempt employees of Defendants CHARTER COMMUNICATIONS, INC. who worked as a Maintenance Technician in the State of California during any pay period at any time from November 5, 2015, through the present."

59.     Plaintiff also seeks to represent the following Subclass, which is defined as:

**The Waiting Time Penalties Subclass:**

"All members of the Maintenance Technician Class, whose employment with Defendants ended at any time from November 5, 2016, through the present."

60.     **Reservation of Rights:** Pursuant to California Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

61.     Causes of Action One through Eight are appropriately suited for a class action pursuant to § 382 of the Code of Civil Procedure because the following requirements are met:

**A.     Numerosity**

62.     The members of the Class and Subclass are sufficiently numerous to render the joinder of all their members impracticable. While Plaintiff has not yet determined the precise number of members of the Class and Subclass, Plaintiff is informed and believes that the Class and Subclass likely consist of over 25 individuals. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' time and payroll records and other personnel records.

**B.     Commonality and Predominance**

63.     Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass. The common questions of law and fact that predominate include, but are not limited to:

a.      Whether Defendants failed to permit Maintenance Technician Class members to take a duty-free, thirty-minute meal period before the commencement of the sixth

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

11

**INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT**

hour of work because Defendants required them to remain on-duty and/or to answer phone calls and/or their radios at all times during their shifts, including their breaks, among others;

b.  Whether Defendants failed to permit Maintenance Technician Class members to take off-duty rest periods of at least 10 minutes for every four hours worked, or major fraction thereof, because Defendants required them to remain on-duty at all times during their shifts, including their breaks, among others;

c.  Whether Defendants have a policy or practice of never paying one additional hour of pay at the employees' regular rate of compensation to Maintenance Technician Class members when they were not provided with compliant and timely meal and rest periods;

d.  Whether Defendants failed to pay one additional hour of pay at the employees' regular rate of compensation to Maintenance Technician Class members when they were not provided with compliant and timely meal and rest periods;

e.  Whether Defendants failed to pay Maintenance Technician Class members at least minimum wages and/or all regular wages owed for all hours or fractions of an hour worked and under the control of Defendants;

f.  Whether Defendants failed to pay Maintenance Technician Class members all overtime wages for all hours, or fraction of hours, worked and under the control of Defendants;

g.  Whether Defendants failed to properly pay overtime wages at the corresponding overtime hourly rate because Defendants failed to include all non-discretionary pay when calculating the regular rate of pay for overtime purposes;

h.  Whether Defendants failed to pay Maintenance Technician Class members for the time spent reporting to work and beginning to travel to the on-call assignment;

i.  Whether Defendants failed to properly and accurately record and maintain records of all hours worked and wages earned by Maintenance Technician Class members;

j.  Whether Defendants failed to provide Maintenance Technician Class members

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

12

1    with accurate itemized wage statements showing, among other things, the number

2    of hours worked and the correct amount of gross and net wages earned; and

3        k.    Whether Defendants failed to pay Waiting Time Penalties Subclass members all of

4    their wages owed within the required time frames upon separation of employment.

5  **C.    Typicality**

6    64.    Plaintiff's claims are typical of the claims of all class members because Plaintiff and all

7  class members' claims arise from the same practice, policy, and/or course of conduct of Defendants.

8  Plaintiff and all class members sustained injuries and damages as a result of Defendants' illegal policies,

9  practices and/or common course of conduct in violation of California wage and hour laws and/or illegal,

10 unfair, or fraudulent business practices.

11   65.    Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC Wage Order

12 are typical of the Class and Subclass because Defendants' failure to comply with the provisions of

13 California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and

14 other relief. Accordingly, the legal theories underlying each cause of action are the same and the remedies

15 sought by Plaintiff and all class members are the same.

16 **D.    Adequacy of Representation**

17   66.    Plaintiff has no fundamental conflict of interest with the Class or Subclass he seeks to

18 represent. Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best

19 interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and

20 putative class members.

21   67.    Plaintiff retained attorneys who are experienced employment law litigators with significant

22 wage and hour and class action experience.

23 **E.    Superiority of Class Action**

24   68.    Plaintiff believes a class action is a superior method of litigation for the fair and efficient

25 adjudication of this controversy. Individual joinder of all class members is not practicable. Class action

26 treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient

27 and economical for the parties and the judicial system.

28   69.    Plaintiff knows of no difficulty that might be encountered in the management of this suit,

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

13

1  which would preclude maintenance as a class action.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7, 512, and 1198 and the "Meal Periods" section of the

Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of the Maintenance Technician Class

Against All Defendants)

70.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

71.    Labor Code § 512(a) provides, in part, that employers, including Defendants, "may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes" and "may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

72.    Labor Code § 226.7 requires that employers, including Defendants, provide their employees with meal periods as mandated by the applicable Wage Order of the Industrial Welfare Commission, and prohibits employers from requiring any employee "to work during any meal ... period mandated by an applicable order of the Industrial Welfare Commission." Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee a meal ... period in accordance with a state law... the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal ... period is not provided."

73.    Labor Code § 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

74.    The "Meal Periods" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

14

30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." It further states, "[a]n employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of employer and employee only if the first meal period was not waived."

75.     The "Meal Periods" section of the applicable IWC Wage Order also states, "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

76.     The "Meal Periods" section of the applicable IWC Wage Order also states, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

77.     On information and belief, Plaintiff and the Maintenance Technician Class are subject to the same policies, practices, and procedures governing the provision and scheduling of meal periods.

78.     On information and belief, Defendants have a pattern and practice of not providing Plaintiff and the Maintenance Technician Class with legally compliant 30-minute off-duty meal periods during their shifts, even though they worked more than six (6) hours during their workday.

79.     Plaintiff and, on information and belief, the Maintenance Technician Class are unable to take compliant meal periods as a result of Defendants' policies alleged herein. For example, Defendants' illegal policies required Plaintiff and, on information and belief, the Maintenance Technician Class to remain on duty at all times during their meal periods to be available to complete tasks, monitor and answer work phones, and respond to calls from supervisors and/or customers.

80.     Plaintiff and, on information and belief, the Maintenance Technician Class are also frequently provided with meal periods that are either late and/or on-duty meal periods because supervisors

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1   require Plaintiff and, on information and belief, the Maintenance Technician Class to clock back in and

2   complete tasks if they receive calls during their meal periods.

3        81.    Thus, as a result of Defendants' policies, Plaintiff's and Maintenance Technician Class

4   members' meal periods are regularly on-duty, late and after the end of the fifth hour, or not taken.

5        82.    Plaintiff and, on information and belief, the Maintenance Technician Class members have

6   not signed a valid on-duty meal period agreement at any point during their employment with Defendant.

7        83.    Plaintiff and, on information and belief, the Maintenance Technician Class typically

8   worked more than eight (8) hours per shift and more than forty (40) hours per week.

9        84.    Therefore, as a result of Defendants' conduct, including the conduct alleged herein,

10  Defendants violated Labor Code §§ 226.7, 512, and 1198, as well as the applicable IWC Wage Order

11  when Defendants failed to provide Plaintiff and the Maintenance Technician Class members a 30-minute,

12  duty-free meal period before the commencement of their sixth hour of work.

13       85.    Consequently, pursuant to Labor Code § 226.7(b) and the "Meal Periods" section of the

14  Wage Order, Defendants was required to pay Plaintiff and the Maintenance Technician Class one

15  additional hour of pay at their regular rate of compensation for each day that Defendants did not provide

16  Plaintiff and the Maintenance Technician Class with a 30-minute, duty-free meal period before the

17  commencement of their sixth hour of work.

18       86.    Despite this obligation, Defendants did not pay Plaintiff and, on information and belief, the

19  Maintenance Technician Class one additional hour of pay at each employee's regular rate of compensation

20  for each day that Defendants did not provide Plaintiff and the Maintenance Technician Class with a 30-

21  minute, duty-free meal period before the commencement of their sixth hour of work.

22       87.    Instead, on information and belief, Defendants have a common policy and practice of

23  failing to compensate Plaintiff and the Maintenance Technician Class with an hour of pay at their regular

24  rate of pay for the times that Defendants did not provide Plaintiff and the Maintenance Technician Class

25  with a 30-minute, duty-free meal period before the commencement of their sixth hour of work, as required

26  by Labor Code § 226.7(b) and the IWC Wage Order.

27       88.    Thus, on information and belief, Defendants intentionally refused to perform their

28  obligations to provide meal periods and further failed to compensate Plaintiff and the Maintenance

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

16

1   Technician Class with all owed meal premium wages as set forth by Labor Code § 226.7(b) and the IWC

2   Wage Order.

3        89.    Plaintiff and the Maintenance Technician Class suffered and continue to suffer losses

4   related to Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period

5   was not provided and the associated use and enjoyment of compensation due and owing to them as a direct

6   result of Defendants' Labor Code and IWC Wage Order violations.

7        90.    Plaintiff seeks all available remedies for Defendants' violations, including, but not limited

8   to, all wages due, monies, and interest to the extent permitted by law.

9        WHEREFORE, Plaintiff prays for relief as hereinafter requested.

10   **SECOND CAUSE OF ACTION**

11   **<u>FAILURE TO PROVIDE REST PERIODS</u>**

12   (Violation of Labor Code §§ 226.7 and 1198 and the "Rest Periods" section of the

13   Applicable IWC Wage Order)

14   (Alleged by Plaintiff Individually and On Behalf of the Maintenance Technician Class

15   Against All Defendants)

16        91.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

17   paragraphs above, as though fully set forth herein.

18        92.    Labor Code § 226.7 requires employers, including Defendants, to provide to their

19   employees, including Plaintiff, paid rest periods as mandated by the IWC Wage Orders.

20        93.    Labor Code § 1198 states that the "maximum hours of work and standard conditions of

21   labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor

22   for employees. The employment of any employee for longer hours than those fixed by the order or under

23   conditions of labor prohibited by the order is unlawful."

24        94.    The "Rest Periods" section of the applicable IWC Wage Order states, "[e]very employer

25   shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the

26   middle of each work period. The authorized rest period time shall be based on the total hours worked daily

27   at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." Furthermore,

28   "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

17

**INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT**

1  of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

2  compensation for each workday that the rest period is not provided."

3      95.    On information and belief, Plaintiff and the Maintenance Technician Class are subject to

4  the same policies, practices, and procedures governing the provision and scheduling of rest periods.

5      96.    Plaintiff and, on information and belief, the Maintenance Technician Class are not

6  authorized and permitted to take compliant rest periods because they were regularly required to remain

7  on-duty at all times to complete tasks or monitor and answer their work phones and respond to calls from

8  supervisors and/or customers.

9      97.    Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee a ... rest ...

10  period in accordance with a state law... the employer shall pay the employee one additional hour of pay

11  at the employee's regular rate of compensation for each workday that the .... rest ... period is not

12  provided."

13      98.    Even though Plaintiff and, on information and belief, Maintenance Technician Class

14  members are not authorized and permitted to take off-duty rest periods, Defendants have not paid Plaintiff

15  and the Maintenance Technician Class appropriate rest period premium wages for each day in which

16  Defendants did not authorize and permit Plaintiff and the Maintenance Technician Class to take compliant

17  rest periods, in violation of Labor Code § 226.7 and the applicable IWC Wage Order.

18      99.    On information and belief, Defendants has a common policy, pattern, and practice of

19  failing to compensate Plaintiff and the Maintenance Technician Class with an hour of pay at their regular

20  rate of pay for the times that Plaintiff and the Maintenance Technician Class were not authorized to take

21  rest periods of at least 10 minutes for each four-hour work period, or major fraction thereof.

22      100.    Plaintiff and the Maintenance Technician Class suffered and continue to suffer losses

23  related to Defendants' failure to pay an additional hour of pay for each day a rest period was not provided

24  and the associated use and enjoyment of compensation due and owing to them as a direct result of

25  Defendants' Labor Code and IWC Wage Order violations.

26      101.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited

27  to, any and all wages due, monies, and interest, to the extent permitted by law.

28  WHEREFORE, Plaintiff prays for relief as hereinafter requested.

GRAHAM**H**OLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

## THIRD CAUSE OF ACTION

## **FAILURE TO PAY MINIMUM AND REGULAR WAGES**

(Violation of Labor Code §§ 1194, 1197, and 1198 and the "Minimum Wages" section of the

Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of the Maintenance Technician Class

Against All Defendants)

102.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

103.    Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

104.    The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum for all hours worked.

105.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

106.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

107.    Defendants failed to pay Plaintiff and, on information and belief, Maintenance Technician Class members at least minimum wages for all the time spent working and under the control of Defendants. For example, Plaintiff and, on information and belief, Maintenance Technician Class members regularly remained on-duty during their 30-minute meal periods and were not compensated minimum wages for this time. Additionally, Plaintiff and, on information and belief, Maintenance Technician Class members were required to monitor their phones and respond to phone calls from supervisors and/or customers regarding work-related issues.

108.    Labor Code § 1194 provides, in part, that any employee receiving less than the legal

19

1  minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including

2  interest thereon, reasonable attorney's fees, and costs of suit.

3      109.   Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount

4  equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194.

5      110.   Plaintiff and the Maintenance Technician Class suffered and continue to suffer losses

6  related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants'

7  unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within

8  the jurisdictional limitations of this Court.

9      111.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited

10 to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent

11 permitted by law.

      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

13              **FOURTH CAUSE OF ACTION**

14       <u>**FAILURE TO PAY ALL OVERTIME WAGES**</u>

15  (Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of the

16                Applicable IWC Wage Order)

17  (Alleged by Plaintiff Individually and On Behalf of the Maintenance Technician Class

18                Against All Defendants)

19      112.   Plaintiff re-alleges and incorporates by reference the allegations contained in the

20 paragraphs above, as though fully set forth herein.

21      113.   Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any

22 work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of

23 work in any one workweek shall be compensated at the rate of no less than one and one-half times the

24 regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at

25 the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of

26 eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the

27 regular rate of pay of an employee." The "Hours and Days of Work" section of the applicable IWC Wage

28 Order mandate the same requirements.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

114. Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

115. Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

116. The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

117. Plaintiff and, on information and belief, the Maintenance Technician Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants. Plaintiff and, on information and belief, the Maintenance Technician Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per day and/or 40 hours per week during their employment with Defendants.

118. Defendants failed to pay Plaintiff and, on information and belief, Maintenance Technician Class members overtime wages for all hours they worked over eight in a day or forty in a week. For example, Plaintiff and, on information and belief, Maintenance Technician Class members were not compensated for their meal periods due to the fact that they were required to remain on duty at all times during their shift to monitor their personal cell phones and perform managerial tasks, such as performing voids on the cash register or responding to customer complaints, even though they clocked out for a thirty (30) minute meal period.

119. Defendants further failed to pay Plaintiff and, on information and belief, the Maintenance Technician Class overtime wages for all hours worked over eight in a day or forty in a week because Plaintiff and, on information and belief, the Maintenance Technician Class, regularly received phone call on their personal cell phones while off the clock from Defendants and other co-workers regarding work-related issues such as scheduling or customer complaints and were not compensated overtime wages for

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

21

1 this time.

2    120.    Defendants also failed to pay Plaintiff and, on information and belief, the Maintenance

3 Technician Class overtime wages for regularly performing tasks after clocking out for the end of their

4 shifts, such as taking the trash to the dumpster.

5    121.    Defendants failed to properly pay Plaintiff and, on information and belief, the Maintenance

6 Technician Class for all of their overtime hours at the corresponding overtime hourly rate because

7 Defendants failed to include non-discretionary bonuses in the regular rate of pay for purposes for paying

8 overtime.

9    122.    Plaintiff and the Maintenance Technician Class suffered and continue to suffer losses

10 related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants'

11 unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within

12 the jurisdictional limitations of this Court.

13    123.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited

14 to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

15    WHEREFORE, Plaintiff prays for relief as hereinafter requested.

16                    **FIFTH CAUSE OF ACTION**

17              **<u>FAILURE TO PAY REPORTING TIME PAY</u>**

18         (Violation of Labor Code § 558 and the "Reporting Time Pay" section of the

19                    Applicable IWC Wage Order)

20    (Alleged by Plaintiff Individually and on Behalf of the Maintenance Technician Class

21                        Against Defendants)

22    124.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

23 paragraphs above, as though fully set forth herein.

24    125.    The "Reporting Time Pay" section of the applicable IWC Wage Order states, "[e]ach

25 workday an employee is required to report for work and does report, but is not put to work or is furnished

26 less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual

27 scheduled day's work , but in no event for less than two (2) hours nor more than four (4) hours, at the

28 employee's regular rate of pay, which shall not be less than minimum wage."

GRAHAMHOLLIS APC
355 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT**

126.   Labor Code § 558 provides, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to violated… any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to the civil penalty…"

127.   As set forth above, Defendants fail to pay Plaintiff and, on information and belief, other similarly situated employees reporting time pay.

128.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Maintenance Technician Class suffered and continue to suffer, substantial losses related to Defendants' failure to pay reporting time pay, including the use and enjoyment of such monies, lost interest on such monies and expenses, and attorney's fees and costs in seeking to compel Defendants to fully perform its obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

129.   Plaintiff seeks to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code §§ 226, 246, and 1198 and the "Records" section of the

Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of the Maintenance Technician Class

Against All Defendants)

130.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

131.   Labor Code § 226(a) requires that employers, including Defendants, furnish their employees with each wage payment an accurate and itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

23

INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT

132.   Labor Code § 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code § 226 per violation.

133.   Labor Code § 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

134.   Labor Code § 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

135.   Defendants knowingly and intentionally failed to provide Plaintiff and Maintenance Technician Class members an accurate itemized wage statement with each wage payment as required by Labor Code § 226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the Maintenance Technician Class with each wage payment an accurate wage statement showing, among other things, the inclusive dates of the period for which the employee is paid, the total regular and overtime hours worked during the pay period, the corresponding gross and net wages earned, all applicable hourly rates and the corresponding number of hours worked at each hourly rate.

136.   Defendants' failure to provide accurate wage statements deprived Plaintiff and members of the Maintenance Technician Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants. Plaintiff and members of the Maintenance Technician Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiff and members of the Maintenance Technician Class suffered actual damages as a result.

137.   Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiff and members of the Maintenance Technician Class have suffered an injury for purposes of Labor Code § 226 and are entitled to recover the greater of all actual damages or the amount specified in § 226 per violation.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

138.   Plaintiff and Maintenance Technician Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations, in an amount to be shown according to proof at trial.

139.   Plaintiff seeks to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violations of Labor Code §§ 201, 202, 203)

(Alleged by Plaintiff Individually and On Behalf of the Waiting Time Penalties Subclass

Against Defendants)

140.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

141.   Labor Code § 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged. Labor Code § 202 requires Defendants to pay any and all wages due and owing to an employee not having a written contract for a definite period, who quits his or her employment, within 72 hours of the employee quitting his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

142.   For violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid wages of an employee to continue as a penalty from the due date thereof, at the same rate until paid or until an action is commenced, but the wages shall not continue for more than 30 days.

143.   As a result of Defendants' conduct during the applicable statutory period, Defendants willfully failed to pay Plaintiff and, on information and belief, the Waiting Time Penalties Subclass all wages due and owing to them, including minimum wages, overtime wages, and regular wages for all the time they were suffered or permitted to work or were engaged in work under Defendants' control, as well as all meal period premiums and rest period premiums owed within the time required by Labor Code §§

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

25

1   201 and 202, as applicable.

2   144.   To date, Plaintiff has not yet received all wages due and payable, including but not limited

3   to, minimum wages, overtime wages, regular wages, and meal and rest period premium wages owing to

4   him. On information and belief, members of the Waiting Time Penalties Subclass have not yet received

5   all minimum wages, overtime wages, regular wages, and meal and rest premium wages due and owing to

6   them.

7   145.   As a direct result of Defendants' violations alleged herein, Plaintiff and the Waiting Time

8   Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of

9   wages due and owing to them, all to their respective damage in an amount to be shown according to proof

10   at trial and within the jurisdictional limitations of this Court.

11   146.   Plaintiff seeks all available remedies for Defendants' violations to the fullest extent

12   permissible.

13   WHEREFORE, Plaintiff prays for relief as hereinafter requested.

14   **EIGHTH CAUSE OF ACTION**

15   **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

16   (Alleged by Plaintiff Individually and on Behalf of the Maintenance Technician Class Against

17   Defendants)

18   147.   Plaintiff re-alleges and incorporates by reference the allegations contained in the

19   paragraphs above, as though fully set forth herein.

20   148.   California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair

21   competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

22   149.   Defendants' Labor Code and IWC Wage Order violations alleged herein constitute

23   "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and

24   Professions Code §§ 17200-17208 and include, but are not limited to: (i) failure to provide proper meal

25   periods and pay Plaintiff and the Maintenance Technician Class premium wages for failure to provide

26   compliant meal periods; (ii) failure to provide proper rest periods and pay Plaintiff and the Maintenance

27   Technician Class premium wages for failure to provide compliant rest periods; (iii) failure to pay Plaintiff

28   and the Maintenance Technician Class all regular, minimum, and overtime wages for all hours suffered

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

26

or permitted to work and under the control of Defendant; (iv) failure to pay Plaintiff and the Maintenance Technician Class for time spent reporting to work under the direction of Defendant; (v) failure to maintain accurate records of the hours that Plaintiff and the Maintenance Technician Class worked while employed by Defendant; (vi) failure to provide Plaintiff and the Maintenance Technician Class with accurate itemized wage statements; and (vii) failure to timely pay Plaintiff and members of the Waiting Time Penalties Subclass all wages owed upon separation of their employment with Defendants.

150. Defendants intentionally avoided paying Plaintiff and the Maintenance Technician Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

151. Defendants lowered their costs of doing business by paying Plaintiff and the Maintenance Technician Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and Maintenance Technician Class members to perform work without fair compensation and benefits.

152. Defendants held themselves out to Plaintiff and the Maintenance Technician Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein. Plaintiff and the Maintenance Technician Class relied on and believed in Defendants' representation concerning Defendants' adherence to the California laws, all to their detriment.

153. Defendants' scheme to lower its payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, compensation and benefits, which are all the property of Plaintiff and the Maintenance Technician Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code § 17200, *et seq.* As a result of Defendants' unfair competition, Plaintiff and the Maintenance Technician Class suffered injury in fact by losing money and/or property.

154. Business and Professions Code § 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

155. Defendants acquired money and property owed to Plaintiff and the Maintenance

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

27

Technician Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code § 17200, *et seq.*

156.    Plaintiff and the Maintenance Technician Class are persons in interest under Business and Professions Code § 17203 to whom money and property should be restored. Business and Professions Code § 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204."

157.    Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition. Thus, pursuant to Business and Professions Code §§ 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of himself and the putative classes. Pursuant to Business and Professions Code § 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

158.    Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Maintenance Technician Class by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code § 17203, and restore all unpaid wages to Plaintiff and the Maintenance Technician Class.

159.    Plaintiff and the Maintenance Technician Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

160.    Plaintiff seeks all available remedies on behalf of himself and on behalf of the Maintenance Technician Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial. All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code § 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

/ / /

/ / /

/ / /

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

# NINTH CAUSE OF ACTION

## REPRESENTATIVE CLAIMS UNDER THE CALIFORNIA LABOR CODE

## PRIVATE ATTORNEYS GENERAL ACT (PAGA)

(Labor Code section 2698, *et seq.)*

(Alleged by Plaintiff on Behalf of the Aggrieved Employees Against All Defendants)

161.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

162.    Pursuant to Labor Code section 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

163.    This cause of action involves allegations of violations of Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 221, 223, 224, 226, 226.3, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198 which, pursuant to Labor Code section 2699.5, provides for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

164.    Defendants employed Plaintiff during the applicable statutory time period and Plaintiff had one or more of the alleged violations committed against him. Therefore, Plaintiff is an "aggrieved employee" under PAGA because the alleged violator employed him and he had one or more of the alleged violations committed against him. As an aggrieved employee, Plaintiff is properly suited to represent the interest of other current and former aggrieved employees in a PAGA representative action.

165.    Plaintiff exhausted his obligation to provide administrative notice and now seeks recovery of all available civil penalties under Labor Code section 2699(a).

166.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code section 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100) for each

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1 | aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each

2 | aggrieved employee per pay period for each subsequent violation.

3 |     167.    Defendants violated Labor Code sections 223, 1194, 1197, and 1198 by not paying Plaintiff

4 | and, on information and belief, other aggrieved employees at least minimum and regular wages for all the

5 | time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as

6 | alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of

7 | one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of sections

8 | 223, 1194, and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each

9 | subsequent violation.

10 |     168.    Defendants violated Labor Code sections 223, 510, 1194, and 1198 by not paying Plaintiff

11 | and, on information and belief, other aggrieved employees all overtime wages earned for all the time they

12 | were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein.

13 | At all relevant times, Plaintiff and, on information and belief, other aggrieved employees were not paid

14 | all overtime when they worked in excess of eight hours a workday or forty hours in a workweek. Thus,

15 | under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars

16 | ($100) for each aggrieved employee per pay period for the initial violation of sections 223, 1194, and

17 | 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

18 | violation.

19 |     169.    Under Labor Code section 225.5, Defendants, in addition to, and entirely independent and

20 | apart from, any other penalty, are subject to a civil penalty for unlawfully withholding wages due to

21 | Plaintiff and other aggrieved employees in violation of Labor Code section 223 as follows: (1) for an

22 | initial violation, one hundred dollars ($100.00) for each failure to pay each employee, (2) for each

23 | subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure

24 | to pay each employee, plus 25 percent of the amount unlawfully withheld. This amount shall be recovered

25 | on behalf of the Labor Commissioner.

26 |     170.    Defendants violated Labor Code sections 226.7, 512, and 1198 by failing to provide Plaintiff

27 | and, on information and belief, aggrieved employees lawfully compliant meal periods and by failing to

28 | pay them meal period premium wages for each day a meal period was not provided.  Under Labor Code

**INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT**

section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of sections 226.7 and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

171.    Defendants violated Labor Code sections 226.7 and 1198 by failing to authorize and permit Plaintiff and, on information and belief, aggrieved employees to take duty-free rest periods and by failing to pay them rest period premium wages for each day a rest period was not provided.  Under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of sections 226.7 and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

172.    Defendants violated Labor Code sections 201, 202, and 1198 by not paying Plaintiff and, on information and belief, aggrieved employees all minimum, regular, and overtime wages owed, and all meal and rest premium wages owed by the time set forth by law, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of sections 201, 202, and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

173.    Defendants violated Labor Code sections 204 and 1198 by not paying Plaintiff and, on information and belief, aggrieved employees all minimum, regular, and overtime wages owed, and all meal and rest premium wages owed by the time set forth by law, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of Labor Code sections 204 and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

174.    Defendants violated section 204 by not paying Plaintiff and, on information and belief, aggrieved employees all minimum, regular, and overtime wages owed, and all meal and rest premium wages owed by the time set forth by law, as alleged herein. Thus, under Labor Code section 210(a), Defendants, in addition to, and entirely independent from any other penalty, is subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of section 204, and two hundred dollars ($200) for each aggrieved employee per pay period for each

GrahamHollis APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

1  subsequent violation, plus 25 percent of the amount unlawfully withheld.   This amount shall be recovered

2  on behalf of the Labor Commissioner.

3      175.   Defendants violated Labor Code section 221, 223, 224, 225, and 225.5 by unlawfully

4  collecting and receiving from part of Plaintiff's and, on information and belief, other aggrieved

5  employees' wages. Under Labor Code section 225, the violation of any provision of Sections 221, 222,

6  222.5, or 223 is a misdemeanor. Furthermore, Labor Code sections 225.5 provides that in addition to, and

7  entirely independent and apart from, any other penalty provided in this article, every person who

8  unlawfully withholds wages due to any employee in violation of section 212, 216, 221, 222, or 223 shall

9  be subject to civil penalty. For any initial violation, one hundred dollars ($100) for each failure to pay

10 each employee. For each subsequent violation, or any willful or intentional violation, two hundred dollars

11 ($200) for each failure to pay each employee 25 percent of the amount unlawfully withheld.

12     176.   Defendants violated Labor Code sections 226(a), 1174(d), and 1198 by failing to maintain

13 records detailing the start and end times of work shifts and meal periods, and knowingly and intentionally

14 failing to maintain and provide Plaintiff and, on information and belief, other aggrieved employees of

15 Defendants with wage statements itemizing accurately all information required by section 226(a), as

16 alleged herein, including but not limited to, the total hours worked, all regular hours worked, all overtime

17 hours worked, the applicable hourly rate per hour worked, and the total wages earned. Thus, under Labor

18 Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each

19 aggrieved employee per pay period for the initial violation of sections 226(a) and 1198, and two hundred

20 dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

21     177.   Alternatively, Labor Code section 226.3 provides for a civil penalty in the amount of two

22 hundred and fifty ($250) per violation in an initial citation and one thousand dollars ($1,000) for each

23 violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction

24 statement or fails to keep the records required by section 226(a).

25     178.   Labor Code section 1174.5 provides for a civil penalty of five hundred dollars ($500) for

26 any person employing labor who willfully fails to maintain accurate and complete records required by

27 section 1174(d).

28 ///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT

179.    Defendants are and were Plaintiff's and aggrieved employees' employer or other person acting either individually or as an officer, agent, or employee of another person(s), who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such, is subject to civil penalties for each underpaid employee pursuant to Labor Code section 1197.1.

180.    Section 1197.1 imposes upon Defendants for each initial violation of Labor Code section 1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, section 1197.1 imposes upon Defendants for each subsequent violation a civil penalty of two hundred and fifty dollars ($250) for each underpaid employee for each pay period for which the employee was underpaid.

181.    Defendants are and were Plaintiff's and other aggrieved employees' employer, or person acting on their behalf, within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code, or any provision regulating hours and days of work in any IWC Wage Order and, as such, is subject to civil penalties for each underpaid employee as set forth in section 558.

182.    Pursuant to section 558, Defendants are subject to a civil penalty of fifty dollars ($50) for an initial violation of Labor Code sections 510 and/or 512, for each aggrieved employee, for each pay period for which the aggrieved employee was not provided with a timely uninterrupted thirty-minute meal period and all overtime wages for all hours worked, as alleged herein. Furthermore, Labor Code section 558 imposes upon Defendants for each subsequent violation of Labor Code sections 510 and/or 512 a civil penalty of one hundred dollars ($100) for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a timely uninterrupted thirty-minute meal period and all overtime wages for all hours worked, as alleged herein.

183.    Section 558 also imposes upon Defendants for each initial violation of the Hours and Days of Work section of any IWC Wage Order a civil penalty of fifty dollars ($50) for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. Furthermore, section 558 imposes upon Defendants for each subsequent violation of the Hours and Days of Work section of any IWC Wage Order a civil penalty of

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

33

one hundred dollars ($100) for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. As set forth in *Thurman v. Bayshore Transit Management*, 203 Cal.App.4th 1112, 1153 (2012), the Hours and Days of Work section of the Wage Orders also covers failure to provide rest periods and Plaintiff may therefore recover civil penalties under section 558 for each such violation.

184.     Defendants violated Labor Code section 1198 when it failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Hours and Days of Work," the "Minimum Wages," the "Records," the "Meal Periods," and the "Rest Periods" Sections of the applicable IWC Wage Order, by failing to pay all minimum and overtime wages, failing to provide compliant meal and rest periods, failing to pay meal and rest period premium wages, and failing to keep and provide accurate records, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1198.

185.     Pursuant to Labor Code section 2699, for bringing this action, Plaintiff is additionally entitled to attorney's fees and costs incurred herein.

186.     Plaintiff seeks to recover civil penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of himself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code sections 201, 202, 203, 204, 221, 223, 224, 225, 225.5, 226, 226.7, 510, 1174, 1194, 1197, 1198, and 2802 pursuant to Labor Code section 2698, *et seq.* The exact amount of the applicable penalties is in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

///

///

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.    For general damages;

    b.    For special damages;

    c.    For an award of liquidated damages to the extent permissible by Labor Code § 1194.2;

    d.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 218.6, 226, 248.5, and 1194;

    e.    For civil and statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and the Orders of the Industrial Welfare Commission;

    f.    For restitution as provided by Business and Professions Code § 17200, *et seq.*;

    g.    For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200, *et seq.*;

    h.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid wages, minimum wages, regular wages, overtime wages, vacation wages, waiting time penalties and other penalties according to proof, including interest thereon, to the extent permissible by law;

    i.    For an award of an additional hour of pay at the regular rate of compensation for each noncompliant meal and rest period, pursuant to Labor Code § 226.7 and the applicable Order of the Industrial Welfare Commission;

    j.    For an award of the greater of actual damages or the liquidated damage amounts provided by Labor Code § 226(e) for Defendants' failure to provide accurate itemized wage statements, pursuant to Labor Code § 226(a);

    k.    For injunctive relief as provided by the Labor Code including but not limited to

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Labor Code §§ 226(h) and 248.5, and Business and Professions Code § 17200, *et seq.*

l.   For indemnification of all losses incurred as a result of employment with Defendants, with interest;

m.   For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

n.   For an order imposing a constructive trust upon Defendants to compel it to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

o.   For an accounting to determine all money wrongfully obtained and held by Defendants;

p.   For a declaratory judgment that Defendants violated Labor Code §§ 201, 202, 203, 204, 221, 223, 224, 226, 226.7, 510, 512, 1174, 1194, 1197, and 1198, as well as the "Hours and Days of Work," "Minimum Wages," "Records," "Reporting Time Pay," "Meal Periods," and "Rest Periods" sections of the Wage Order of the Industrial Welfare Commission;

q.   For civil penalties to the extent permitted by law pursuant to the Labor Code, the Private Attorneys General Act, and the Orders of the Industrial Welfare Commission;

r.   For civil penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid pursuant to Labor Code sections 225.5, 558, and 1197.1;

s.   For civil penalties under Labor Code section 1197.1, including but not limited to liquidated damages, and any applicable penalties imposed pursuant to section 203, recovered pursuant to this section to be paid directly to the aggrieved employees;

t.   For reasonable attorney's fees and costs of suit to the extent permitted by law, including those pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 218.6, and 2699; and

GRAHAM**H**OLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

u.     An award of such other and further relief as this Court deems proper and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all Causes of Action to the extent authorized by law.

Dated: November 5, 2019

GRAHAM**HOLLIS** APC

By: _____

GRAHAM S.P. HOLLIS
VILMARIE CORDERO
DAVID X. LIN
Attorneys for Plaintiff DEVENAN MAHARAJ and
Aggrieved Employees

INDIVIDUAL, CLASS ACTION, AND PAGA COMPLAINT

# EXHIBIT A



June 27, 2019

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Kathryn Evans
kevans@grahamhollis.com
619.618.1869 direct

**VIA ONLINE ELECTRONIC FILING**

California Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

**CERTIFIED MAIL (RETURN RECEIPT)**

Charter Communications, Inc.
12405 Powerscourt Drive
St. Louis, MO 63131

Charter Communications, Inc.
c/o CSC – Lawyers Incorporating Service, Agent for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Rita Leong

Nathan Reese

Hali Anderson

Kathryn Evans

Dylan Morales

Daria V. Cortes

Re:     **Devenan Maharaj's Wage and Hour Claims Against
         Charter Communications, Inc.**

Dear Labor and Workforce Development Agency and Charter Communications, Inc.:

Please be advised that Devenan Maharaj ("Claimant") has retained our firm to represent him for claims against his employer Charter Communications, Inc. ("the Company").

This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and the Company of the alleged Labor Code violations Claimant claims that the Company committed against him and all other non-exempt employees in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly.

Pursuant to Labor Code section 2699(a), and by way of this letter, Claimant also intends to represent all other current and former non-exempt employees who performed work for the Company in California and who have suffered at least one of the wage and hour violations described herein during the relevant time period (hereinafter the "aggrieved employees").

June 27, 2019
Page 2



GRAHAM-HOLLIS
APC

## FACTUAL BACKGROUND

The Company is a Delaware corporation with its principal place of business in St. Louis, Missouri, operating and doing business in the state of California and all across the country. The Company specializes in providing residential and business consumers with cable, internet, and phone services.

The Company has employed Claimant as a maintenance technician in San Diego from approximately November 2000 to the present. Claimant works as a non-exempt employee and is compensated on an hourly basis at a rate of $32.00 per hour, in addition to non-discretionary quarterly bonuses. Claimant's job duties include troubleshooting and repairing the Company's plant, assisting the field operations department, and general maintenance. Claimant typically works five days per week and eight hours per day.

The Company denies Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the IWC Wage Order.  Specifically, the Company fails to provide them with legally compliant meal and rest periods or pay them all meal and rest period premiums, fails to timely pay them all minimum, regular, and overtime wages owed, fails to pay reporting time pay, fails to maintain accurate records and issue accurate itemized wage statements, and fails to timely pay all wages due during and upon separation of employment.

The Company does not provide Claimant and, on information and belief, other aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Rather, the Company requires Claimant and, on information and belief, other aggrieved employees to work through their meal periods, receive less than thirty (30) minute meal periods, take interrupted meal periods, or does not allow them to take meal periods before the end of the fifth hour.  Claimant's and, on information and belief, other aggrieved employees' meal periods were regularly interrupted, on-duty, and/or after the end of the fifth hour of work. For example, Claimant and, on information and belief, other aggrieved employees are required to monitor and answer their work phones and respond to calls from supervisors and/or customers at all times. Claimant's supervisors require him to clock back in and complete tasks if he receives a call during his meal period and they also encourage him to take his meal period towards the end of the workday. The nature of Claimant's duties do not prevent him from being relieved of all job duties for a compliant 30-minute off-duty meal period and Claimant and, on information and belief, other aggrieved employees have not signed a valid on-duty meal agreement at any point during their employment with the Company. Although Claimant and, on information and belief, other aggrieved employees do not receive legally compliant meal periods, the Company does not pay Claimant and, on information and belief, other aggrieved employees the additional one hour of pay at the employee's regular rate of pay as required under Labor Code section 226.7 and the applicable IWC Wage Order. As such, the Company owes Claimant and other aggrieved employees a meal period premium for each work day that Claimant and other aggrieved employees were not provided with a compliant meal period.

For the same reasons, Claimant and, on information and belief, other aggrieved employees are also not authorized and permitted to take off-duty, 10-minute rest periods for every four hours of work, or major fraction thereof. Claimant and, on information and belief, other aggrieved employees were required to monitor their phones and respond to work calls during their rest breaks. Although Claimant does not receive legally compliant rest periods, the Company does not pay Claimant proper rest period premium wages, as

June 27, 2019
Page 3



required under Labor Code section 226.7 and the applicable IWC Wage Order. On information and belief, the Company similarly fails to pay other aggrieved employees an additional hour of pay at their respective regular rates of pay for each workday that they were not authorized and permitted to take a compliant rest period. As a result, the Company owes Claimant and other aggrieved employees a rest period premium for each workday that Claimant and other aggrieved employees are not authorized and permitted to take a compliant rest period.

Further, Claimant and, on information and belief, other aggrieved employees are not paid all minimum, regular, and overtime wages owed for all of the time that they work for the Company or are subject to the Company's control because the Company fails to pay them for all of the time they are on-duty and monitoring their phones during their meal periods. The Company also fails to pay Claimant and, on information and belief, other aggrieved employees for all of their overtime wages because the Company fails to include the non-discretionary bonus pay in the regular rate of pay for purposes of calculating overtime. Thus, Claimant and, on information and belief, other aggrieved employees, are not paid all minimum, regular, and overtime wages for all hours worked.

The Company also failed to pay Claimant and, on information and belief, other aggrieved employees reporting time pay. For example, the Company would schedule Claimant and other aggrieved employees for on-call shifts. While on-call, Claimant would receive calls from the operational center to report to work to complete assignments. On some occasions, when Claimant was on the way to begin working the on-call assignment, the Company would call and cancel the assignment. If it had been less than approximately 15 minutes from the original call, the Company would not pay Claimant and, on information and belief, other aggrieved employees for the time they spent being called into work and beginning to travel to the assignment. On the occasions that the Company did compensate Claimant and other aggrieved employees for the time spent reporting to work and beginning to travel to the on-call assignment, the Company would not pay Claimant and other aggrieved employees for half the usual or scheduled day's work, but in no event for less than two (2) hours.

As a direct result of the Company's illegal policies and procedures, the Company fails to maintain accurate records reflecting all of Claimant's and other aggrieved employees' time worked and wages paid, in violation of California law. In addition, the wage statements issued by the Company do not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and the correct applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226.

Lastly, as a direct result of the aforementioned Labor Code violations, the Company does not pay Claimant and, on information and belief, other aggrieved employees all wages due and payable during and upon separation of employment, including minimum, regular, and overtime wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Company denies Claimant and other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Claimant makes these claims against the Company on behalf of himself and all other aggrieved current and former employees of the Company in California.



**GRAHAMHOLLIS**
APC

## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND
## AUTHORIZE AND PERMIT REST PERIODS
(Labor Code sections 226.7, 512, 558, 1198, and the "Meal Periods" and "Rest Periods"
sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest . . . period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…" Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest . . . period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . period is not provided."

Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Periods" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." It further states, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Meal Periods" section of the applicable IWC Wage Order also states, "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

The "Rest Periods" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."



As set forth above, the Company fails to provide Claimant and, on information and belief, other aggrieved employees with the opportunity to take uninterrupted, off-duty meal periods of at least 30-minutes before the start of their sixth hour of work and does not authorize and permit Claimant and, on information and belief, other aggrieved employees to take legally compliant rest periods, as required by California law. The Company fails to pay Claimant and, on information and belief, other aggrieved employees one-hour of premium wages for each day a compliant meal period is not provided and one-hour of premium wages for each day a compliant rest period is not authorized or permitted. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198, the "Minimum Wages,"
"Rest Periods," "Meal Periods," and "Hours and Days of Work" sections of the
Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." Labor Code section 1197.1 provides that, "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203..." Section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" and "Minimum Wages" sections of the applicable IWC Wage Order mandate the same requirements.

Labor Code section 1194(a) states, "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

June 27, 2019
Page 6



Labor Code section 223 states, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Labor Code section 225.5 provides that, "...every person who unlawfully withholds wages due any employee in violation of Section ...223 shall be subject to a civil penalty" of $100 for each initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

As set forth above, the Company fails to pay Claimant and, on information and belief, other aggrieved employees all minimum, regular, and overtime wages, as required by law. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

**FAILURE TO PAY REPORTING TIME PAY**
(Labor Code section 558 and the "Reporting Time Pay" section of the Applicable IWC Wage Order)

The "Reporting Time Pay" section of the applicable IWC Wage Order states, "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

Labor Code section 558 states, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty . . . ."

As set forth above, the Company fails to pay Claimant and other aggrieved employees reporting time pay. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

**FAILURE TO MAINTAIN ACCURATE RECORDS**
(Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall... [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, ..., employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period and meal period, total hours worked in the payroll period and applicable rates of pay, and total wages paid each payroll period.

June 27, 2019
Page 7



Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Company violates these requirements by failing to accurately record employee hours worked including, but not limited to, the Company's failure to record the proper beginning and end of each work period, the meal periods, and the total hours worked during the pay period. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code sections 226, 226.3, 248.5, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, ..., (5) net wages earned, ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and entitles an employee to an award of costs and reasonable attorney's fees. Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

The Company fails to provide Claimant and, on information and belief, other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued do not include the correct total regular hours worked, the correct amount of gross and net wages earned, the correct overtime hours worked, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved employees to the extent allowed by law.

## FAILURE TO TIMELY PAY ALL WAGES DUE
### (Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the
"Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll

GRAHAM·HOLLIS
APC

period." The requirements of Labor Code section 204 are "deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period. Labor Code section 204(d). Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section...204...shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation. The "Minimum Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

As set forth above, the Company has violated this Labor Code section by not paying to Claimant and, on information and belief, other aggrieved employees all minimum, regular, and overtime wages, as well as meal and rest period premium wages, within the required time during and upon separation of their employment. As a result of the Company's failure to comply with the aforementioned Labor Code provisions, the Company owes waiting time penalties to Claimant and, on information and belief, other aggrieved employees, which they have not yet paid. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code sections 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or any person acting on behalf of an employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558.1) or any provision regulating the hours and days of work in any IWC Wage Order to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

June 27, 2019
Page 9



Labor Code section 558.1(a) states, "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wage or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This includes the owners, officers, directors, or managing agents of the employer. Labor Code section 558.1(b).

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Company has underpaid Claimant and, on information and belief, aggrieved employees and violated the Labor Code and the applicable IWC Wage Order by failing to pay them all regular, minimum, and overtime wages and meal and rest period premium wages, as required under Labor Code sections 203, 226, 226.7, 510, 512, 1194, 1197, 1198, and the applicable sections of the applicable IWC Wage Order. As a result, the Company is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

**ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES, AND PENALTIES**
**(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e),558, 1194, 1194.2, 1197.1, and 2699, et seq.)**

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, and 2699, et seq., among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, et seq., an aggrieved employee is entitled to 25% of the penalty assessment, which is $100 for the first violation and $200 for each subsequent violation, and 100% of the underpaid wages. Accordingly, the Company is liable for these items in addition to the unpaid wages. Claimant has already incurred actual damages, costs and attorney's fees and they will continue to incur

June 27, 2019
Page 10



costs as a result of the Company's unlawful actions.  Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing.  Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Company, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Very truly yours,

Kathryn Evans

| From: | noreply@salesforce.com on behalf of LWDA DO NOT REPLY |
|---|---|
| To: | Amy Bevan |
| Subject: | Thank you for submission of your PAGA Case. |
| Date: | Thursday, June 27, 2019 10:40:13 AM |

6/27/2019

LWDA Case No. LWDA-CM-711597-19

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the
LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for
this Case.

If you have questions or concerns regarding this submission or your case, please send an email to
pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

## Certified Mail Electronic Delivery Confirmation™



Grahamhollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Jun 27 2019
Mailed from ZIP 92103
3 oz First-Class Mail Flats Rate



071S00777793

**USPS CERTIFIED MAIL**



**9414 8108 9876 5038 1254 01**

Charter Communications, INC.
CO CSC Agent for Service of Process
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO CA 95833-3502

| Reference | 34875-00001 MAHARAJ CHARTER COMMUNICATIONS AEB |
|---|---|
| USPS # | 9414810898765038125401 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was delivered at 11:36 am on July 1, 2019 in SACRAMENTO, CA 95813. |
| USPS History | Available for Pickup, 07/01/2019, 10:35 am, SACRAMENTO, CA 95813 |
| | Arrived at Unit, July 1, 2019, 10:09 am, SACRAMENTO, CA 95813 |
| | In Transit to Next Facility, 06/30/2019 |
| | Arrived at USPS Regional Destination Facility, 06/29/2019, 4:57 am, SACRAMENTO CA DISTRIBUTION CENTER |
| | In Transit to Next Facility, 06/28/2019 |
| | Arrived at USPS Regional Origin Facility, 06/27/2019, 7:54 pm, SAN DIEGO CA DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, June 27, 2019, 6:39 pm, SAN DIEGO, CA 92103 |
| | Shipping Label Created, USPS Awaiting Item, June 27, 2019, 2:00 pm, SAN DIEGO, CA 92103 |

**Electronic Delivery Confirmation Report © 2019 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com.  USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2019** Certified Mail Envelopes, Inc.  www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 07/02/2019 (UTC)**


**UNITED STATES**
**POSTAL SERVICE**

July 2, 2019

Dear Reference  34875 00001 MAHARAJ CHARTER COMMUNICATIONS AEB:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8108 9876 5038 1254 01.**

| Item Details | |
| --- | --- |
| **Status:** | Delivered |
| **Status Date / Time:** | July 1, 2019, 11:36 am |
| **Location:** | SACRAMENTO, CA 95813 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | CO CSC Agent for Service of Process |

| Shipment Details | |
| --- | --- |
| **Weight:** | 3.0oz |

| Recipient Signature |
| --- |



Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

## Certified Mail Electronic Delivery Confirmation™



Grahamhollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Jun 27 2019
Mailed from ZIP 92103
3 oz First-Class Mail Flats Rate



071S00777793

**USPS CERTIFIED MAIL**



**9414 8108 9876 5038 1253 02**

Charter Communications, INC.
Charter Communications, INC.
12405 POWERSCOURT DR
SAINT LOUIS MO 63131-3673

| | |
|---|---|
| Reference | 34875-00001 MAHARAJ CHARTER COMMUNICATIONS AEB |
| USPS # | 9414810898765038125302 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was delivered to the front desk, reception area, or mail room at 11:12 am on July 1, 2019 in SAINT LOUIS, MO 63131. |
| USPS History | Departed USPS Regional Destination Facility, 06/30/2019, 4:49 am, SAINT LOUIS MO DISTRIBUTION CENTER |
| | Arrived at USPS Regional Destination Facility, 06/29/2019, 1:55 pm, SAINT LOUIS MO DISTRIBUTION CENTER |
| | In Transit to Next Facility, 06/28/2019 |
| | Arrived at USPS Regional Origin Facility, 06/27/2019, 7:54 pm, SAN DIEGO CA DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, June 27, 2019, 6:39 pm, SAN DIEGO, CA 92103 |
| | Shipping Label Created, USPS Awaiting Item, June 27, 2019, 1:57 pm, SAN DIEGO, CA 92103 |

**Electronic Delivery Confirmation Report © 2019 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2019 Certified Mail Envelopes, Inc.** www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 07/02/2019 (UTC)**


**UNITED STATES**
**POSTAL SERVICE**

July 2, 2019

Dear Reference  34875 00001 MAHARAJ CHARTER COMMUNICATIONS AEB:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8108 9876 5038 1253 02.**

### Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | July 1, 2019, 11:12 am |
| **Location:** | SAINT LOUIS, MO 63131 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Charter Communications  INC |

### Shipment Details

| | |
|---|---|
| **Weight:** | 3.0oz |

### Recipient Signature

Signature of Recipient: [signature]

Address of Recipient: [handwritten]

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

# EXHIBIT B

1 | THOMPSON COBURN LLP
ARTHUR F. SILBERGELD, CSB 81093
2 | asilbergeld@thompsoncoburn.com
GEOFFREY L. WARNER, CSB 305647
3 | gwarner@thompsoncoburn.com
2029 Century Park East, Suite 1900
4 | Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501
5 |
Attorneys for Defendant
6 | CHARTER COMMUNICATIONS, INC.

7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO**

10 |

11 | DEVENAN MAHARAJ, individually and on behalf of all similarly situated employees and aggrieved of Defendants in the State of California,

CASE NO. 37-2019-00058788-CU-OE-CTL
Assigned for all purposes to the Honorable Richard S; Whitney, Dept. C-68

Plaintiff,

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT**

v.

CHARTER COMMUNICATIONS, INC.; and DOES 1 through 50, inclusive,

Action Filed: November 5, 2019
Trial Date:   None Set

Defendants.

Defendant Charter Communications, Inc. ("Defendant"), by and through its undersigned counsel, answers the Complaint filed by plaintiff Devenan Maharaj ("Plaintiff") in this matter as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, Defendant generally and specifically denies (i) each and every allegation of Plaintiff's Complaint, (ii) that Plaintiff and/or the alleged putative class members and/or allegedly aggrieved employees have been damaged/injured/harmed, in any way whatsoever, (iii) that Plaintiff and/or the alleged putative class members and or allegedly aggrieved employees are entitled to any legal, injunctive, equitable, or other relief in any amount or manner whatsoever from Defendant, and (iv) that Plaintiff and/or the alleged putative class members

1  and/or allegedly aggrieved employees sustained injury, damage, detriment, harm, or loss by reason

2  of any conduct, action, error, or omission on the part of Defendant or any agent, employee, or other

3  person acting under Defendant's authority or control. This general and specific denial of the

4  Complaint is filed without prejudice to Defendant's right to file amended answers, including

5  additional defenses.

## AFFIRMATIVE DEFENSES

7  In addition, as separate and additional defenses to the Complaint, and without waiving or

8  admitting that Defendant has any burden of proof or releasing Plaintiff from any burden of proof,

9  Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

12  The allegations contained in the Complaint, or any purported cause of action therein, fail to

13  state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Binding Arbitration)

16  Plaintiff's Complaint and all of the claims therein, and this action, are subject to binding

17  arbitration, pursuant to Plaintiff's agreements to arbitrate all disputes arising from or related to his

18  employment with Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Necessary)

21  Plaintiff has failed to meet his burden inasmuch as he has failed to perform the conditions

22  necessary to give rise to any obligation on the part of Defendant for the payment of compensation

23  or wages alleged in the Complaint, including, but not limited to, failing to perform conditions

24  necessary for receipt of compensation or wages and failure to complain or otherwise alert

25  Defendant of any purported violation.

26

27

28

DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and to exercise due diligence in an effort to minimize or mitigate the alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Restriction on Duplicative Penalties/Damages)

Plaintiff has failed to meet his burden of alleging and/or recovering penalties, and may not recover duplicative penalties and/or duplicative damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided Under the Law)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or members of the putative class Plaintiff purports to represent has no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that person did not take breaks, it was because he/she: (1) failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take rest breaks that were authorized and permitted; or (3) waived his/her right to meal breaks under California Labor Code section 512(a).

## SEVENTH AFFIRMATIVE DEFENSE

### (No Recovery for Non-Compensable Time)

Plaintiff has failed to meet his burden inasmuch as Plaintiff's claims are precluded to the extent that part or all of the time for which pay is claimed is not compensable time, and to the extent that any claimed contractual compensation is not compensable under the relevant agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Payment of All Monies Owed)

Plaintiff's causes of actions are barred because Plaintiff has been paid all monies and/or compensation lawfully owed and/or due to him, including, but not limited to, all alleged contractual compensation, wages, and expense reimbursements due to him in the relevant time period.

## NINTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Defendant did not violate any law willfully or knowingly. A good faith dispute exists as to whether Defendant's alleged conduct violated any law, provision, or order. Accordingly, Plaintiff is not entitled to recover any damages or penalty.

## TENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Work)

Defendant alleges that if either Plaintiff or any putative class member "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work" and such overtime "work" was undertaken without the consent or permission of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff and every person on whose behalf relief is sought have failed to meet their burden inasmuch as they cannot meet their burden to recover on the Complaint, or any purported cause of action alleged therein, because it is barred by the applicable statute of limitations, including but not limited to common law, and California Code of Civil Procedure sections 335 through 349 and 1021.5 (including but not limited to sections 338, 340 and 343, including 338(a) and 340(a)) and Labor Code sections 201-204, 210, 216, 218.6, 226, 226(a), 226(e), 226(g), 226.3, 226.7, 382, 500-558, 558, 1182.12, 1174, 1194, 1194.2, 1197, 1198, 2698 et seq., Industrial Wage Order No. 4, and Business and Professions Code sections 17200 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Res Judicata*, Bar, and Merger)

The Complaint and each purported cause of action therein are barred by the doctrine of *res judicata*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff has failed to meet his burden inasmuch as any recovery on the Complaint, or on any purported cause of action alleged therein, is barred in that Plaintiff is estopped by his conduct to claim any right to damages or relief against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has failed to meet his burden inasmuch as any recovery on the Complaint, or on any purported cause of action alleged therein, is barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has failed to meet his burden inasmuch as any recovery on the Complaint, or on any purported cause of action alleged therein, is barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff has failed to meet his burden inasmuch as any recovery on the Complaint, or on any purported cause of action alleged therein, is barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff has failed to meet his burden inasmuch as the Complaint is barred in whole or in part because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein, including but not limited to insufficient facts being alleged to support any underlying Labor Code violation or other violation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring this action for the penalties sought in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff has failed to meet his burden inasmuch as Plaintiff is not entitled to a recovery of equitable relief because of the existence of an adequate remedy at law for the allegations in the Complaint and/or because equitable relief is neither necessary nor proper.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiff's claims under Business and Professions Code section 17200, et seq., are barred because the conduct alleged in the Complaint falls within a recognized safe harbor.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Business Necessity)

Defendant made any and all employment decisions concerning Plaintiff based on business necessity and job-related reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

Plaintiff has failed to meet his burden inasmuch as this action is barred, in whole or in part, because Defendant's actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code, and Plaintiff did not suffer injuries or damages and is not entitled to damages or penalties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, and/or other laws, and further was privileged in its actions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

If Plaintiff suffered any loss, damage or detriment as result of the facts alleged in the Complaint, which Defendant denies, such loss, damages or detriment is limited or barred by the existence of evidence acquired after Plaintiff's alleged employment that bars or limits the remedial relief to which Plaintiff may have been entitled in the absence of such after-acquired evidence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Consent)

The alleged conduct of Defendant complained of in the Complaint was approved, consented to, authorized, and/or ratified by Plaintiff through his actions, omissions and course of conduct; accordingly, the Complaint and each purported cause of action therein are barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (De Minimis)

As a separate and distinct affirmative defense, Defendant alleges that claims are barred, or damages and/or penalties must be reduced, for some or all of the putative class members because they worked for de minimis and/or insignificant periods of time, under the doctrine of de minimis non curat lex.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Performance Owed by Defendants)

Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant, has been fully performed, satisfied, or discharged.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defendant Not Liable for Punitive Damages)

Defendant is not liable for punitive damages herein because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent or malicious acts, authorized or ratified such an act, had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts, or employed any such

7

1   employee or employees with a conscious disregard of the rights or safety of others as required by

2   California Civil Code section 3294(b).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Protection from Excessive Fines)

5       Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates

6   the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment

7   of the United States Constitution and in Article I, Section 17 of the Constitution of the State of

8   California, and, therefore, fails to state a cause of action on which punitive or exemplary damages

9   may be awarded.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees or Costs)

12       The Complaint fails to state facts sufficient to support an award of attorneys' fees or costs.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Proportional Allocation of Fault)

15       Any damage, loss or liability sustained by Plaintiff must be reduced, diminished, and/or

16   barred in proportion to the wrongful or negligent conduct of persons or entities other than

17   Defendant, including other parties in this case and/or third parties, under the principles of

18   equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (*De Minimis* Harm)

21       The contribution of Defendant to Plaintiff's alleged harm, if any, was *de minimis*.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

24       Plaintiff's damages, if any, constitute non-economic damages pursuant to California Code

25   § 1431.2, such that Defendant's liability, if any, is limited to the amount of Plaintiff's damages

26   allocated to Defendant in direct proportion to Defendant's percentage of fault.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

As a separate and distinct affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200 *et seq*.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Tangible Loss of Benefits)

The Complaint and each purported cause of action therein is barred because Defendant properly provided meal periods, rest breaks, and all compensation due upon separation of employment to Plaintiff.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Authorization of Law)

The allegations contained in the Complaint, or any purported cause of action therein, are barred because any acts or omissions of Defendant was at all times legal and authorized by law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiff and every person on whose behalf relief is sought have failed to meet their burden, inasmuch as Defendant alleges that certain amounts sought to be recovered in this action are subject to an offset and/or set-off and/or recoupment and, therefore, barred in whole or in part.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No PAGA Penalties)

Plaintiff and every person on whose behalf relief is sought have failed to meet their burden, inasmuch as no civil penalty under the Labor Code Private Attorneys General Act of 2004 should be awarded because such an award would be unjust, arbitrary and oppressive, or confiscatory based on the facts and circumstances of this case.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff and every person on whose behalf relief is sought have failed to meet their burden

1   inasmuch as the Complaint is barred in whole or in part because neither Plaintiff nor any person

2   on whose behalf relief is sought have suffered any damage or injury by any acts, events or

3   occurrences alleged in the Complaint, whether or not attributable to Defendant.

4   ### FORTIETH AFFIRMATIVE DEFENSE

5   ### (Failure to Comply with Directions)

6   Plaintiff and every person on whose behalf relief is sought have failed to meet their burden

7   inasmuch as they cannot meet their burden to recover on the Complaint, or any purported cause of

8   action alleged therein, because they were required to substantially comply with directions and

9   policies concerning the work in which Plaintiff and every person on whose behalf relief is sought

10  were engaged and they failed to substantially comply with such directions and policies, even

11  though such compliance was possible, lawful, and not unreasonably burdensome, thereby

12  violating Section 2856 of the California Labor Code.

13  ### FORTY-FIRST AFFIRMATIVE DEFENSE

14  ### (Accord and Satisfaction)

15  Plaintiff and every person on whose behalf relief is sought have failed to meet their burden

16  inasmuch as their claims are barred in whole or in part by the doctrine of accord and satisfaction,

17  and payment.

18  ### FORTY-SECOND AFFIRMATIVE DEFENSE

19  ### (Release)

20  Plaintiff and every person on whose behalf relief is sought have failed to meet their burden

21  inasmuch as any recovery on the Complaint, or any purported cause of action alleged therein, is

22  barred by the doctrine of release of claims, including release of claims asserted in the Complaint.

23  ### FORTY-THIRD AFFIRMATIVE DEFENSE

24  ### (Insufficient to Proceed as Class, Collective, or Representative Action)

25  Plaintiff and every person on whose behalf relief is sought have failed to meet their burden

26  of alleging, and cannot prove, Labor Code violations and/or damages with respect to each and

27  every individual on whose behalf Plaintiff seeks to recover penalties.  The Complaint is

28  unmanageable as a collective or representative action and may not be certified as a class action,

1  requires highly individualized inquiries, lacks due process, cannot and should not be permitted to

2  proceed based on purported common evidence, lacks fair notice as to the scope (including scope of

3  violations and alleged aggrieved employees), lacks core elements to proceed as a representative

4  action (including but not limited to numerosity, typicality, ascertainability, predominance,

5  superiority) and generally cannot proceed as a class, collective, or representative action.

6  Additionally, the claims asserted by Plaintiff are not representative of any claims of any other

7  person or persons employed by Defendant.  Furthermore, Plaintiff is not an adequate

8  representative for the other persons on whose behalf relief is sought and those persons are not

9  similarly situated to him for the purposes of recovery in this action.

10              **FORTY-FOURTH AFFIRMATIVE DEFENSE**

11                      **(Waiting Time Penalties)**

12            The Complaint, and each and every alleged cause of action therein, or some of them,

13  cannot be maintained against Defendant to the extent that Plaintiff and some, or all, of the putative

14  class members he seeks to represent refused payment fully tendered to him or her by Defendant,

15  thereby relieving Defendant of liability for waiting time penalties under the Labor Code, including

16  but not limited to section 203.

17              **FORTY-FIFTH AFFIRMATIVE DEFENSE**

18                      **(Reservation of Rights)**

19            Defendant reserves the right to raise additional affirmative defenses to which they may be

20  entitled or which may be developed in the course of discovery.

21            **WHEREFORE**, Defendant prays for judgment as follows:

22       1.       That Plaintiff takes nothing by reason of his Complaint;

23       2.       For such other and further relief as the Court deems just and proper.

24

25

26

27

28

1 | DATED:  January 7, 2020

Respectfully Submitted,

THOMPSON COBURN LLP

By: _____

**ARTHUR F. SILBERGELD**
**GEOFFREY L. WARNER**
Attorneys for Defendant,
CHARTER COMMUNICATIONS INC.

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

## PROOF OF SERVICE

### *Maharaj v. Charter Communications Inc.*
### Case No. 37-2019-00058788-CU-OE-CTL

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, 19th Floor, Los Angeles, CA 90067.

On January 7, 2020, I served true copies of the following document(s) described as **DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Grahamhollis APC                                    Attorneys for Plaintiff
Graham S.P. Hollis
Vilmarie Cordero
David S. Lin
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
Telephone: (619) 692-0800
Facsimile: (619) 692-0822
Email: ghollis@gramahhollis.com
        vcordero@grahamhollis.com
        dlin@grahamhollis.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Thompson Coburn LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 7, 2020, at Los Angeles, California.

Dana Hass

13

DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2029 Century Park East, 19th Floor, Los Angeles, CA 90067.

On January 8, 2020, I served true copies of the following document(s) described as **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1441(A) & (B)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Thompson Coburn LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 8, 2020, at Los Angeles, California.


_____
/s/ Dana Hass
Dana Hass

1

1    **SERVICE LIST**

2

3    Grahamhollis APC                          Attorneys for Plaintiff
     Graham S.P. Hollis
4    Vilmarie Cordero
     David S. Lin
5    3555 Fifth Avenue, Suite 200
     San Diego, CA  92103
6    Telephone:  (619) 692-0800
     Facsimile:  (619) 692-0822
7    Email:  ghollis@gramahhollis.com
             vcordero@grahamhollis.com
8            dlin@grahamhollis.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28