1   **THOMPSON COBURN LLP**
**ARTHUR F. SILBERGELD, CSB 81093**
2   asilbergeld@thompsoncoburn.com
**KEITH J. RASHER, CSB 299022**
3   krasher@thompsoncoburn.com
**2029 Century Park East, 19ᵗʰ Floor**
4   **Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**
5

6   Attorneys for Defendant
CHARTER COMMUNICATIONS, INC.
7

8               **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DEVANAN MAHARAJ,                         CASE NO. 20-cv-00064-BAS-LL

12              Plaintiff,                    The Hon. Cynthia Bashant

13      v.                                    **DEFENDANT CHARTER**
                                             **COMMUNICATIONS, INC.'S**
14  CHARTER COMMUNICATIONS,                   **MOTION TO DISMISS, OR**
    INC.; and DOES 1 through 50,              **ALTERNATIVELY, TO STAY**
15  inclusive,                                **PLAINTIFF DEVANAN**
                                             **MAHARAJ'S FIRST AMENDED**
16              Defendants.                   **COMPLAINT**

17                                            **Date:   June 29, 2020**
                                             **Place:  Courtroom 4B**
18
                                             **NO ORAL ARGUMENT UNLESS**
19                                           **REQUESTED BY THE COURT**

20

21

22         **TO  PLAINTIFF  DEVANAN  MAHARAJ  AND  HIS  COUNSEL  OF**

23  **RECORD:**

24         **PLEASE TAKE NOTICE** that on June 29, 2020, or as soon thereafter as the

25  matter may be heard, in Courtroom 4B of the above-entitled Court, located at 221

26  West Broadway, San Diego, California 92101, Defendant Charter Communications,

27  Inc. ("Defendant") will and hereby does move this Court to dismiss, or alternatively,

28  to stay the prosecution of Plaintiff Devanan Maharaj's ("Maharaj") First Amended

Complaint for Damages ("FAC"), which is alleged on behalf of a putative class and aggrieved employees, on the basis that multiple previously-filed representative actions pending against Defendant and its affiliated-entities in the Superior Court of California and the United States District Court, Southern District of California, involve subsumed issues, subsumed alleged Labor Code violations, subsumed putative class members and aggrieved employees, and subsumed legal determinations to be made. This motion is made following the conference of counsel that took place on May 18, 2020, where the parties discussed the reasons for this motion, but did not agree to resolve the issues informally.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Keith J. Rasher and the attached exhibits thereto, the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

DATED:  May 29, 2020          **THOMPSON COBURN LLP**


By:  _____/s/ Keith J. Rasher_____
      **ARTHUR F. SILBERGELD**
      **KEITH J. RASHER**
      Attorneys for Defendant
      CHARTER COMMUNICATIONS, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.    INTRODUCTION ................................................................................... 1

II.   STATEMENT OF FACTS....................................................................... 4

    A.    The Class Definitions and Labor Code Violations Alleged in the
          Mirrored Class Claims. ................................................................... 4

          1.    Maharaj's Claims............................................................. 4

          2.    Sonico's Claims. ............................................................. 5

    B.    The Aggrieved Employees and Claims Alleged in the Mirrored
          Paga Actions.................................................................................... 6

III.  LEGAL ARGUMENT ............................................................................ 8

    A.    Maharaj's Class Claims Should be Dismissed or Stayed by the
          First-to-File Rule. ........................................................................... 8

          1.    The Putative Class Definitions in the Mirrored Class
                Claims Overlap With Each Other. ................................. 10

          2.    The Labor Code Violations Alleged in the Mirrored Class
                Claims are Substantially Similar. .................................. 11

          3.    Maharaj's PAGA Action Should be Dismissed or Stayed
                Pending the Resolution of the Remaining PAGA Actions......... 12

    B.    Maharaj's Paga Action Should be Dismissed or Stayed Under the
          *Colorado River* Doctrine of Abstention.................................... 13

          1.    Factors One and Four Weigh In Favor of Dismissing Or
                Staying Maharaj's PAGA Action. ................................. 13

           2.    This Court Should Avoid Piecemeal Litigation. ........................ 15

          3.    California Law Governs the Merits for the Mirrored
                PAGA Actions. ............................................................. 15

           4.    California Courts Will Adequately Protect the Rights of
                the Federal Litigants. ..................................................... 16

          5.    The Resolution of the Mirrored PAGA Actions Will Moot
                Maharaj's PAGA Recovery, If Any. ............................ 16

    C.    This Court has Inherent Power to Stay Maharaj's Complaint............. 17

IV.  CONCLUSION ................................................................................... 18

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
  711 F. Supp. 2d 1142 (E.D. Cal. 2010) ........................................................ 10, 11

*Alyssa Schwartz v. Frito-Lay North America*,
  No. C-12-02740-EDL, 2012 WL 8147135 (N.D. Cal. Sep. 12, 2012) ............... 11

*Am. Int'l Underwriters, (Philippines), Inc. Cont'l Ins. Co.*, 843 F. 2d
  1253 (9th Cir. 1988) ........................................................................................ 15

*Blanchard v. Superior Court*,
  46 Cal. 4th 969, 985-986 (2009) ....................................................................... 16

*Blanchard Training and Development v. Leadership Studies, Inc.*,
  No. 15-cv-2142-WQH-KSC, 2016 WL 773227 (S.D. Cal. Feb. 29,
  2016) .................................................................................................................... 9

*Cedars-Sinai Medical Center v. Shalala*,
  125 F. 3d 765 (9th Cir. 1997) ............................................................................. 9

*CMAX, Inc. v. Hall*,
  300 F. 2d 265 (9th Cir. 1962) ........................................................................... 17

*Gonzalez v. Fresenius Medical Care Holdings*,
  No. 12-cv-2488, 2013 WL 12116600 (S.D. Cal. Jun. 17, 2013) ........................ 18

*Hunter v. Ford Motor Company*,
  No. 17-cv-2198-DMS-KSC, 2017 WL 10544038 (S.D. Cal. Nov.
  2017) .................................................................................................................. 17

*Inherent v. Martindale-Hubbell*,
  420 F. Supp. 2d (N.D. Cal. 2006) ..................................................................... 11

*Janell Johnson Campbell v. Annie's Homegrown, Inc.*,
  No. 17-CV-1736-MMA-MDD, 2017 WL 6406703 (S.D. Cal. Dec.
  15, 2017) ............................................................................................................ 10

*Kohn Law Group, Inc., v. Auto Parts Mfg. Mississippi, Inc.*,
  787 F. 3d 1237 (9th Cir. 2015) ..................................................................... 9, 11

*Landis v. N. Am. Co.*,
   299 U.S. 2148 (1936) ........................................................................ 17

*Manier v. L'Oreal USA, Inc.*,
   No. 2:16-CV-06886-ODW-DS, 2017 WL 59066 (C.D. Cal. Jan. 4,
   2017) ............................................................................................... 10

*Marcelino v. Charter Communications LLC*,
   Case No. 37-2019-00016478-CU-OE-CTL ......................... 1, 3, 7, 14, 17

*Montanore Minerals Corp. v. Bakie*,
   867 F. 3d 1160 (9th Cir. 2017) .................................................. 15, 16, 17

*Idaho ex rel. Moon v. State Bd. Of Exam'rs*,
   567 F. 2d 858 (9th Cir. 1978) ........................................................... 15

*Moses H. Cone Memorial Hosp. v. Mercury Center*,
   460 U.S. 1 (1983) ............................................................................ 13

*Nakash v. Marciano*,
   882 F. 2d 1411 (9th Cir. 1989) ........................................................ 13

*Pacesetter Sys, Inc. v. Medtronic, Inc.*,
   678 F. 2d 93 (9th Cir. 1982) .............................................................. 9

*R.R. Street & Co. Inc. v. Transport. Ins. Co.*,
   656 F. 3d 966 (9th Cir. 2011) ........................................................... 13

*Ruben Trejo v. Charter Communications, LLC*,
   Case No. 19STCV28173 ...................................................................... 2

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*,
   554 F. Supp. 277 (C. D. Cal. 1983) ................................................. 14

*Sean Kareem Paredes v. Charter Communications, LLC*, *et al.*,
   Case No. 19STCV11536 ....................................... 2, 3, 8, 12, 13, 17

*Sonico v. Charter Communications, Inc.*, *et al.*,
   Case No. 37-2019-000044218-CU-OE-CTL ................................. *passim*

*Vista Capital Investments, LLC v. Natural Shrimp, Inc.*,
   No. 19-cv-1302-WQH-BGS, 2020 WL 434562 (S.D. Cal. Jan. 28,
   2020) ................................................................................................ 9

9185289     5     Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) .................................................. 9

*Worthington v. Bayer Healthcare, LLC*,
   No. 11-3017, 2012 WL 1079716 (D.N.J. Mar. 30, 2012) ..................... 11

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................. 5
Cal. Lab. Code § 201 ............................................................... 5, 6, 7, 8
Cal. Lab. Code § 202 ............................................................... 5, 6, 7, 8
Cal. Lab. Code § 203 ............................................................... 5, 6, 7, 8
Cal. Lab. Code § 204 .................................................................. 6, 7, 8
Cal. Lab. Code § 210 .................................................................. 6, 7, 8
Cal. Lab. Code § 218.5 ..................................................................... 6, 7
Cal. Lab. Code § 218.6 ..................................................................... 6, 7
Cal. Lab. Code § 221 ........................................................................... 6
Cal. Lab. Code § 223 ........................................................................... 6
Cal. Lab. Code § 224 ........................................................................... 6
Cal. Lab. Code § 226 ............................................................... 5, 6, 7, 8
Cal. Lab. Code § 226.3 ................................................................ 6, 7, 8
Cal. Lab. Code § 226.7 .................................................................. *passim*
Cal. Lab. Code § 246 ........................................................................... 5
Cal. Lab. Code § 510 ...................................................................... *passim*
Cal. Lab. Code § 512 ...................................................................... *passim*
Cal. Lab. Code § 558 ............................................................... 5, 6, 7, 8
Cal. Lab. Code § 558.1 ...................................................................... 6, 8
Cal. Lab. Code § 1174 .................................................................. 6, 7, 8
Cal. Lab. Code § 1174.5 ................................................................ 6, 7, 8
Cal. Lab. Code § 1182 .......................................................................... 8
Cal. Lab. Code § 1182.12 ...................................................................... 8
Cal. Lab. Code § 1194 .................................................................. *passim*
Cal. Lab. Code § 1194.2 ..................................................................... 6, 7
Cal. Lab. Code § 1197 .................................................................. *passim*
Cal. Lab. Code § 1197.1 ............................................................ 5, 6, 7, 8
Cal. Lab. Code § 1198 .................................................................. *passim*
Cal. Lab. Code § 1199 ......................................................................... 7
Cal. Lab. Code § 2804 ......................................................................... 7
Cal. Lab. Code § 2810.5 ....................................................................... 8

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      INTRODUCTION**

3          Plaintiff Devanan Maharaj's ("Maharaj") putative class action and PAGA

4  action, initially filed on November 19, 2019, should be dismissed, or alternatively,

5  stayed, under the "first-to-file" rule, the *Colorado River* abstention doctrine, and this

6  Court's inherent power to control the proceedings before it. Maharaj filed his

7  operative First Amended Complaint ("FAC") on May 15, 2020, primarily correcting

8  several typographical errors in his initial pleading, while re-asserting the same

9  substantive Labor Code allegations against Defendant made previously.

10         Maharaj's putative class definition in his FAC, the Labor Code violations

11  allegedly committed by Defendant, and the "aggrieved employees" purportedly

12  represented by Maharaj are subsumed by and overlap with earlier-filed representative

13  actions pending currently in California and Federal Courts.

14         The initial first-filed case, *Marcelino v. Charter Communications LLC*, Case

15  No. 37-2019-00016478-CU-OE-CTL ("*Marcelino*") was filed in the Superior Court

16  of California, County of San Diego, on March 28, 2019. *Marcelino's* operative First

17  Amended Complaint was filed on August 9, 2019. (See Declaration of Keith J. Rasher

18  "Rasher Decl.," ¶ 4, Ex. 1 "*Marcelino* First Amended Complaint*"*). *Marcelino* asserts

19  a PAGA action alleging substantially similar Labor Code violations to those alleged

20  by Maharaj, which encompasses all of the aggrieved employees who are purportedly

21  represented in Maharaj's PAGA action and for a longer time period. (Rasher Decl.,

22  ¶¶ 5-6, Ex. 3, "*Maharaj* FAC" ¶ 3).

23         Another first-filed case, *Sonico v. Charter Communications, Inc., et al*., Case

24  No. 37-2019-000044218-CU-OE-CTL, was filed originally in the Superior Court of

25  California, County of San Diego, on August 21, 2019, as a putative class action.

26  *Sonico* was removed to the United States District Court, Southern District of

27  California, Docket No. 3:19-cv-01842, on September 25, 2019. (Rasher Decl., ¶¶ 7-

28  8). *Sonico* seeks to represent all current and former non-exempt California employees

---

9185289                                    1                    Case No. 20-cv-00064-BAS-LL

of Charter Communications, Inc. (and its affiliates) from August 21, 2015 to the present, which encompasses the putative class of California Maintenance Technicians whom Maharaj seeks to represent. (Rasher Decl., ¶ 7, Ex. 4, "*Sonico* Class Complaint," ¶ 10). *Sonico's* Class Complaint also alleges substantially similar Labor Code violations as those alleged by Maharaj. The substantially similar *Sonico* and *Maharaj* putative class claims are hereinafter referred to as the "Mirrored Class Claims."

Further, *Sonico* filed a separate PAGA action in the Superior Court of California, County of San Diego, on October 21, 2019, Case No. 37-2019-00055875-CU-OE-CTL. (Rasher Decl., ¶ 9, Ex. 5 "*Sonico* PAGA Complaint.") The *Sonico* PAGA Complaint subsumes the aggrieved employees and makes substantially similar Labor Code violations as those alleged in *Maharaj*. (Rasher Decl., ¶ 9, Ex. 5, ¶ 49).

Additionally, two other previously-filed cases pending in the Superior Court of California, County of Los Angeles, invoke substantially similar violations of the same Labor Code provisions as alleged by Maharaj. *Ruben Trejo v. Charter Communications, LLC,* Case No. 19STCV28173 is a putative class action brought on behalf of non-exempt California employees who performed retail sales work. The operative First Amended Complaint was filed on August 13, 2019. (Rasher Decl., ¶ 10, Ex. 6 "*Trejo* Complaint.")

Further, *Sean Kareem Paredes v. Charter Communications, LLC, et al.*, Case No. 19STCV11536, is another previously-filed PAGA action, filed originally on April 4, 2019, with the operative First Amended Complaint filed on October 28, 2019. (Rasher Decl., ¶ 11, Ex. 7 "*Paredes* First Amended Complaint"). *Paredes* alleges substantially similar Labor Code violations as alleged by Maharaj, and also seeks to represent all non-exempt retail sales employees in California (Rasher Decl., ¶ 11 Ex. 7, ¶ 1). Therefore, *Paredes*' earlier-filed PAGA action also represents a subset of

9185289

2

Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1  the aggrieved employees represented by Maharaj. [1]

2      The *Marcelino*, *Sonico, Paredes*, and *Maharaj* PAGA actions (hereinafter
3  referred to as the "Mirrored PAGA Actions") all allege substantially similar Labor
4  Code violations, damages, and other remedies, on behalf of overlapping aggrieved
5  employees. Further, the Mirrored Class Claims allege subsumed and overlapping
6  putative class definitions, time periods, and similar Labor Code violations.

7      Accordingly, Defendant respectfully requests that the Court dismiss Maharaj's
8  FAC in its entirety pursuant to the first-to-file rule, because it is subsumed within the
9  Mirrored PAGA Actions and Mirrored Class Claims. The *Colorado River* doctrine of
10 abstention also grants this Court authority to dismiss or stay Maharaj's PAGA action
11 during the pendency of the previously-filed PAGA actions in the Superior Court of
12 California. The Mirrored PAGA Actions arise solely out of California law. The rights
13 of the aggrieved employees are adequately protected by California Courts, and the
14 concurrent prosecution of multiple representative actions across different jurisdictions
15 runs the significant risk of "piecemeal litigation." Therefore, this Court should
16 dismiss Maharaj's FAC.

17     Finally, this Court has inherent power to stay the concurrent prosecution of
18 Maharaj's FAC, the prosecution of which can lead to inconsistent judgments,
19 inconsistent legal determinations, and inconsistent findings of fact in different
20 tribunals. On the other hand, there is absolutely no prejudice to Maharaj if his own
21 case is stayed. Maharaj is a putative class member represented in the *Sonico* Class
22 Complaint, and he is an aggrieved employee represented in the *Sonico* and *Marcelino*
23 PAGA actions. All of his interests are already protected.

24     If the Court is not inclined to dismiss Maharaj's FAC entirely, Defendant
25 respectfully requests that the Court stay Maharaj's putative class claims pending the

26 _____

27 [1] The California Court representative actions are subject to a pending Petition for
28 Coordination in the Superior Court of California, County of San Diego, Case
   No. JCCP5083. (Rasher Decl., ¶ 12).

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1  resolution of the *Sonico* Class Complaint - pending in this Court – and to stay his

2  PAGA action pending the resolution of the representative actions pending in the

3  Superior Court of California.

4  **II.   STATEMENT OF FACTS**

5  **A.   The Class Definitions and Labor Code Violations Alleged in the**
   **Mirrored Class Claims.**

6

7  **1.   Maharaj's Claims.**

8  Maharaj filed his initial Complaint on or about November 5, 2019. (Rasher

9  Decl., ¶ 5, Ex. 2, PAGA letter attached as Ex. A), while his First Amended Complaint

10 was filed on May 15, 2020 (Rasher Decl., ¶ 5, Ex. 3). The statute of limitations for

11 Maharaj's putative class claims extends back four years to November 5, 2015.

12 Maharaj seeks to represent a putative class of all non-exempt California employees,

13 who were employed by Defendant as Maintenance Technicians during the putative

14 class period. (Rasher Decl., ¶ 5, Ex. 3, ¶ 2).

15 Maharaj's primary class claims are for failure to provide compliant meal and

16 rest breaks (Labor Code §§ 226.7, 512 and 1198), with derivative hourly (Labor Code

17 §§ 1194, 1197 and 1198) and overtime wage violations (Labor Code §§ 510, 1194

18 and 1198). Maharaj alleges that he and other employees were required to work

19 through meal periods, received meal periods of less than 30 minutes, had meal periods

20 interrupted by work, or took meal periods after the end of the fifth hour of work.

21 Maharaj also alleges he was required to answer work phones and radios in order to

22 respond to calls from supervisors and customers at all times, which interrupted his

23 meal periods. (Rasher Decl., ¶ 5, Ex. 3, ¶¶ 26-27). In the FAC, Maharaj also alleges

24 that he received work-related phone calls while clocked-out from work, and he was

25 required to perform additional tasks after clocking-out for the day. (Rasher Decl., ¶ 5,

26 Ex. 3, ¶¶ 119-120).

27 Maharaj's rest break allegations are substantively identical: He and other

28 employees were required to remain on duty during their 10 minute rest periods, and

were required to monitor their phones or radios to respond to work-related calls during rest periods. (Rasher Decl., ¶ 5, Ex. 3, ¶¶ 32-33). As a result, Maharaj alleges that he and other employees were not paid for all minimum, regular and overtime wages owed for time suffered or permitted to work. (Rasher Decl., ¶ 5, Ex. 3, ¶ 35).

Maharaj alleges that he was not paid for all overtime wages, because Defendant allegedly failed to properly calculate non-discretionary bonus pay at the regular rate of pay for purposes of calculating overtime. (Rasher Decl., ¶ 5, Ex. 3, ¶ 36). He also alleges that he and other employees were not paid for at least two hours of reporting pay for on call shifts (Labor Code § 558). (Rasher Decl., ¶ 5, Ex. 3, ¶ 38).

Maharaj brings derivative claims for inaccurate wage statements (Labor Code §§ 226, 246, and 1198), for "waiting time" penalties (Labor Code §§ 201, 202 and 203), and incorporates his Labor Code violations into a California Business & Professions Code § 17200 ("Unfair Competition") claim. (Rasher Decl., ¶ 5, Ex. 3, ¶¶ 40-44).

### 2. Sonico's Claims.

The *Sonico* Class Complaint, removed to this Court on September 25, 2019, subsumes Maharaj's putative class allegations. *Sonico* purports to represent all non-exempt California employees of Charter Communications, Inc. (and affiliated companies) from August 21, 2015 to the present. (Rasher Decl., ¶ 7, Ex. 4, ¶ 10).

The *Sonico* Class Complaint alleges substantially similar Labor Code violations to those alleged by Maharaj. *Sonico* pleads substantially similar meal and rest period (Labor Code §§ 226.7 and 512), and unpaid wage and overtime violations (Labor Code §§ 510, 558, 1194, 1197 and 1197.1); including, employees were required to take on-duty lunch breaks, for which they were not compensated, and earned bonuses that were not accounted properly into the regular rates of pay. (Rasher Decl., ¶ 7, Ex. 4, ¶¶ 27-29). Further, *Sonico* similarly pleads that employees worked off-the-clock by taking phone calls from management when clocked-out, for which they were not compensated. (Rasher Decl., ¶ 7, Ex. 4, ¶ 27).

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

*Sonico* also alleges that off-duty, 30-minute meal periods were not provided because employees were required to carry company phones and respond to communications during their meal breaks. (Rasher Decl., ¶ 7, Ex. 4, ¶¶ 31-32). Like *Maharaj*, *Sonico* alleges that meal period premiums were not paid. (Rasher Decl., ¶ 7, Ex. 4, ¶¶ 36-37).

Similar to *Maharaj*, *Sonico* alleges that employees were not provided legally-compliant ten-minute rest periods because they were required to carry company phones at all times and respond to work-related communications during rest breaks. This resulted in either on-duty rest periods, or not being able to take rest periods at all. Further, *Sonico* alleges that employees were not paid rest period premiums. (Rasher Decl., ¶ 7, Ex. 4, ¶¶ 38-40). Due to the alleged off-the-clock work, employees were not compensated properly for all wages earned, including overtime. (Rasher Decl., ¶ 7 Ex. 4, ¶¶ 51-54).

Like *Maharaj*, *Sonico* alleges derivative claims for inaccurate itemized wage statements (Labor Code §§ 226 and 226.3), failure to timely pay all wages at the separation of employment (Labor Code §§ 201, 202 and 203), and violations of Unfair Competition law. (Rasher Decl., ¶ 7, Ex. 4, ¶¶ 41-44, 84).

**B.    The Aggrieved Employees and Claims Alleged in the Mirrored Paga Actions.**

Maharaj's PAGA letter to the California Labor and Workforce Development Agency ("LWDA") was mailed on or about June 27, 2019. (Rasher Decl., ¶ 5, Ex. 2, PAGA letter attached as Ex. A). Therefore, the time period for his PAGA action extends from June 27, 2018 to the present. Maharaj's PAGA action seeks to represent all non-exempt California employees of Defendant during the PAGA period. (Rasher Decl., ¶ 5, Ex. 3, ¶ 3). His PAGA claim incorporates the same factual and legal allegations made in his putative class claims, does not include any unique factual allegations, and seeks civil penalties pursuant to Labor Code §§ 201-204, 210, 218.5, 218.6, 221, 223, 224, 226, 226.3, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194,

1194.2, 1197, 1197.1 and 1198.

The *Marcelino* First Amended Complaint subsumes the aggrieved employees and time period alleged by Maharaj, for substantially similar Labor Code violations. *Marcelino's* PAGA letter was mailed to the LWDA on or about March 26, 2019. Therefore, the PAGA-period for *Marcelino's* claims is from March 26, 2018 to the present. (Rasher Decl., ¶ 4, Ex. 1, PAGA letter attached as Exhibit A).

*Marcelino* alleges that he and other employees were not paid accurately for their overtime hours worked, and alleges a regular rate violation by claiming that non-discretionary bonuses were not calculated properly into the regular rate of pay. (Rasher Decl., ¶ 4, Ex. 1, ¶¶ 18-21). *Marcelino* also alleges that meal and rest periods were missed, and that the premiums for missed meal and rest periods were not paid at the correct regular rate of pay. (Rasher Decl., ¶ 4, Ex. 1, ¶¶ 22-24).

Just like *Maharaj*, *Marcelino* alleges that meal and rest periods were not provided, because employees were not fully relieved of their duties for meal and rest periods; meal and rest periods were not taken at the correct times during the employees' shifts due to work requirements; and employees were required to perform work during meal and rest breaks. (Rasher Decl., ¶ 4, Ex. 1, ¶¶ 26-27). *Marcelino* alleges derivative claims of failure to provide accurate itemized wage statements and Unfair Competition. (Rasher Decl., ¶ 4, Ex. 1, ¶ 28-29). *Marcelino* also alleges a derivative "waiting time" penalty violation. (Rasher Decl., ¶ 4, Ex. 1, ¶ 4(f).

In his PAGA action, *Marcelino* seeks civil penalties via Labor Code §§ 201-204, 210, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2804.

*Sonico's* PAGA Complaint subsumes the aggrieved employees and time period as alleged by Maharaj, for substantially similar Labor Code violations. *Sonico's* PAGA Complaint was filed on or about October 21, 2019. (Rasher Decl., ¶ 9, Ex. 5). *Sonico's* PAGA letter was mailed to the LWDA on or about August 21, 2019. (Rasher Decl., ¶ 9, Ex. 5, PAGA letter attached as Exhibit A). The factual allegations in

9185289

7

Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1     *Sonico's* PAGA Complaint are duplicative of those alleged in his Class Complaint.

2     (Rasher Decl., ¶ 9, Ex. 5, ¶¶ 29-45).

3         Additionally, *Sonico* purports to represent all current and former non-exempt

4     California employees throughout the PAGA-period. (Rasher Decl., ¶ 9, Ex. 5, ¶ 1).

5     *Sonico* seeks civil penalties pursuant to Labor Code §§ 201-203, 226, 226.3, 226.7,

6     510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1 and 1198.

7         The *Paredes* PAGA action alleges similar Labor Code violations as alleged by

8     Maharaj. Paredes brings his PAGA action on behalf of retail sales employees (Rasher

9     Decl., ¶ 11, Ex. 7, ¶ 1), which overlaps with Maharaj's PAGA action purporting to

10    represent all non-exempt employees of Defendant, without limitation to job positions.

11        *Paredes's* Labor Code allegations include employees failing to be paid all

12    minimum, regular and overtime wages, including failing to receive overtime at the

13    correct regular rate of pay due to improperly calculated bonuses. (Rasher Decl., ¶ 11,

14    Ex. 7, ¶ 13). *Paredes* also alleges that he and other employees failed to receive

15    uninterrupted, timely meal and rest breaks, including failing to be paid premium

16    wages for missed breaks. Further, *Paredes* alleges derivative violations of inaccurate

17    wage statements and failure to pay all timely wages upon separation of employment.

18    (Rasher Decl., ¶ 11, Ex. 7, ¶ 14, 15, 18-19, 20-21).

19        *Paredes* seeks civil penalties pursuant to Labor Code §§ 201-204, 210, 226,

20    226.3, 226.7, 510, 512, 558, 558.1, 1182, 1182.12, 1194, 1197, 1197.1, 1198, and

21    2810.5.

22    **III.**    **LEGAL ARGUMENT**

23       **A.**     **Maharaj's Class Claims Should be Dismissed or Stayed by the First-**

24           **to-File Rule.**

25        The first-to-file rule promotes federal policy disfavoring the concurrent

26    litigation of claims and issues across substantially similar cases. When cases

27    involving the same parties and issues have been filed in two different districts, a

28    district court has discretion to stay or dismiss the second filed case in the interest of

9185289       8       Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1  efficiency and judicial economy. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.
2  3d 765, 769 (9th Cir. 1997); *Kohn Law Group, Inc.*, *v. Auto Parts Mfg. Mississippi,*
3  *Inc.,* 787 F. 3d 1237, 1239 (9th Cir. 2015). The first-to-file rule also applies when
4  multiple cases are pending in the same Court. See *Wallerstein v. Dole Fresh*
5  *Vegetables, Inc.*,  967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (holding the first-to-
6  file rule is not limited to cases brought in different districts, and that the purposes of
7  the rule, i.e. avoiding duplicative litigation and conflicting judgments, simply requires
8  a chronology of actions).

9  This Court should dismiss or stay Maharaj's putative class claims in favor of
10  the *Sonico* Class Complaint, currently pending in this Court, to promote "economy,
11  consistency, and comity." *Kohn Law Group, Inc.*, 787 F. 3d at 1240. This rule is
12  intended to "serve the purpose of promoting efficiency well and should not be
13  disregarded lightly." *Id* at 1239.

14  District Courts look at three factors in determining whether to apply the first to
15  file rule. These factors are: (1) the chronology of the two actions; (2) similarity of the
16  parties; and (3) the similarity of issues. *See Pacesetter Sys, Inc. v. Medtronic, Inc.*,
17  678 F. 2d 93, 95 (9th Cir. 1982); *Kohn Law Group, Inc.*, 787 F. 3d at 1240.

18  Here, the *Sonico* Class Complaint was filed on August 21, 2019 and removed
19  to this Court on September 25, 2019, before Maharaj's pleadings were filed.

20  Further, this Court already has held that the first-to-file rule applies to cases
21  pending before the same Court. In *Blanchard Training and Development v.*
22  *Leadership Studies, Inc.*, No. 15-cv-2142-WQH-KSC, 2016 WL 773227 *3-5 (S.D.
23  Cal. Feb. 29, 2016), this Court granted a Motion to Dismiss a later-filed, related case
24  pending in the same Court under the first-to-file rule, which was in the interests of
25  "judicial efficiency and sound judicial administration." In *Vista Capital Investments,*
26  *LLC v. Natural Shrimp, Inc.,* No. 19-cv-1302-WQH-BGS, 2020 WL 434562 *3-4
27  (S.D. Cal. Jan. 28, 2020), this Court again applied the first-to-file rule to dismiss a
28  substantially similar, later-filed Complaint, pending in the same Court.

1    Here, the circumstances are no different. *Sonico's* Class Complaint was filed

2    and removed to this Court before Maharaj's FAC was filed. The first-to-file rule is

3    applied to similar cases pending before the same Court, because doing so promotes

4    the interests of judicial efficiency. Therefore, the Court should apply the first-to-file

5    rule and dismiss or stay Maharaj's putative class claims.

6              1.    **The Putative Class Definitions in the Mirrored Class Claims**

7              **Overlap With Each Other.**

8    *Sonico* purports to represent all non-exempt California employees of Charter

9    Communications, Inc. (and affiliated companies) from August 21, 2015 to the present.

10   (Rasher Decl., ¶ 7, Ex. 4, ¶ 10). Maharaj seeks to represent all non-exempt California

11   employees, who were employed by Defendant as Maintenance Technicians during a

12   more truncated putative class period. (Rasher Decl., ¶ 5, Ex. 3, ¶ 2). Therefore, the

13   putative class of non-exempt California employees represented by *Sonico* subsumes

14   the putative class definition in Maharaj's Complaint. Presumably, Maharaj attempted

15   to avoid the first-to-file rule by filing his Complaint on behalf of a "limited" putative

16   class. However, Maharaj cannot escape the first-to-file rule, because the parties in the

17   Mirrored Class Claims are substantially similar and overlap with each other.

18   "The first to file rule does not require strict identity of the parties, but rather

19   substantial similarity." *Adoma v. Univ. of Phoenix, Inc.,* 711 F. Supp. 2d 1142, 1147

20   (E.D. Cal. 2010). Further, in determining whether the parties are substantially similar

21   in applying the first-to-file rule to class actions, Courts compare the putative classes.

22   *See Manier v. L'Oreal USA, Inc.*, No. 2:16-CV-06886-ODW-DS, 2017 WL 59066, at

23   *3 (C.D. Cal. Jan. 4, 2017) (holding that the parties were substantially similar when

24   the proposed classes in two actions overlapped).

25   Further, this Court has not hesitated to apply the first-to-file rule to overlapping

26   putative class definitions. In *Janell Johnson Campbell v. Annie's Homegrown, Inc.*,

27   No. 17-CV-1736-MMA-MDD, 2017 WL 6406703 * 4 (S.D. Cal. Dec. 15, 2017), this

28   Court held that the parties in two overlapping class actions were substantially similar,

1  because the proposed class in the later-filed case was subsumed within the proposed
2  class in the earlier-filed case. The Court also cited to *Adoma v. Univ. of Phoenix, Inc.*,
3  711 F. Supp. 2d at 1147, holding that "the classes and not the class representatives,
4  are compared." *Id.*

5      Here, the parties are substantially similar in the Mirrored Class Claims, because
6  the proposed class in Maharaj's putative class definition overlaps with and is
7  subsumed by the proposed class in the *Sonico* Class Complaint. Dismissal is
8  warranted.

9          **2.      The Labor Code Violations Alleged in the Mirrored Class**
10                  **Claims are Substantially Similar.**

11     Under the first-to-file rule, issues in both cases do not have to be identical, only
12  substantially similar. *Kohn Law Grp., supra.* at 1240-1241. "To determine whether
13  two suits involve substantially similar issues, [courts] look at whether there is
14  'substantial overlap' between the two suits." *Id* at 1241.

15     Further, the first-to-file rule can apply even if the later-filed action brings
16  additional claims. *See Alyssa Schwartz v. Frito-Lay North America*, No. C-12-02740-
17  EDL, 2012 WL 8147135 at *3 (N.D. Cal. Sep. 12, 2012); *Worthington v. Bayer*
18  *Healthcare, LLC*, No. 11-3017, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012)
19  ("[f]inding an insubstantial overlap because of the fact that the claims are asserted
20  under different state laws would defeat the judicial efficiency rationale undergirding
21  the first-filed rule."); *See Inherent v. Martindale-Hubbell*, 420 F. Supp. 2d, 1093,
22  1099 (N.D. Cal. 2006) (holding that cases are substantially similar when factual and
23  legal considerations regarding an issue are intertwined.)

24     Here, the factual allegations, Labor Code provisions allegedly violated, and
25  penalties sought to be recovered by the putative classes are nearly identical in the
26  Mirrored Class Claims.

27     Ultimately, these cases are not just substantially similar; save for the filing
28  dates, each is a virtual image of the other in the factual allegations and the penalties

9185289

11

Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1   sought to be recovered. Therefore, Maharaj's putative class claims should be

2   dismissed or at least stayed pursuant to the first-to-file rule. Defendant would be

3   highly prejudiced if required to litigate nearly duplicative cases across multiple

4   jurisdictions, when doing so could lead to inconsistent rulings, putative class

5   determinations, and discovery orders.

6          **3.     Maharaj's PAGA Action Should be Dismissed or Stayed**

7                 **Pending the Resolution of the Remaining PAGA Actions.**

8          Maharaj's PAGA action also should be dismissed or at least stayed by the first-

9   to-file rule, because it is subsumed by and overlaps with the Mirrored PAGA Actions.

10         First, the other PAGA actions were filed prior to Maharaj's FAC. Second, the

11  parties are substantially similar. *Marcelino*, *Sonico* and *Maharaj* each purport to

12  represent all non-exempt California employees of Defendant and its affiliated entities

13  during the PAGA period. *Paredes* overlaps with Maharaj, because *Paredes* represents

14  a subset of the state-wide group of aggrieved employees purportedly represented by

15  Maharaj. Short of Maharaj agreeing to limit the scope of his PAGA action, the first-

16  filed *Paredes* PAGA action alleges similar Labor Code violations on behalf of

17  employees for whom Maharaj now seeks to represent.

18         The issues to be determined in the Mirrored PAGA Actions are substantially

19  similar. The previously-filed cases are predicated upon nearly identical meal and rest

20  period, incorrect regular rates of pay, unpaid regular, minimum, and overtime wages,

21  and derivative wage statement and untimely paid wages at the separation of

22  employment claims, which Maharaj asserts in his belated and nearly-identical PAGA

23  action. Again, each of the previously-filed PAGA actions are subject to a pending

24  Petition for Coordination in the Superior Court of California, County of San Diego.

25         Therefore, Maharaj's PAGA action should be dismissed or stayed pending the

26  resolution of the early-filed PAGA actions, because Maharaj is an "aggrieved

27  employee" already represented via the *Marcelino* and *Sonico* PAGA actions, and he

28  seeks to represent the employees already at issue in the *Paredes* PAGA action. The

9185289     12     Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

Mirrored PAGA Actions will litigate and presumably determine substantially similar legal and factual issues, which Maharaj should not be allowed to prosecute concurrently in a separate PAGA action.

### B.   Maharaj's Paga Action Should be Dismissed or Stayed Under the *Colorado River* Doctrine of Abstention.

The concurrent litigation of Maharaj's PAGA action in this Court and the remaining Mirrored PAGA Actions presents the risks of duplicative and wasteful litigation. To avoid such a result, courts apply the *Colorado River* doctrine of abstention. Under this doctrine, courts may dismiss or stay an action where there are parallel state and federal proceedings involving the same matter. *Moses H. Cone Memorial Hosp. v. Mercury Center*, 460 U.S. 1, 14-15 (1983). As with the first-to-file rule, "exact parallelism" is not required. It is enough that the cases are "substantially similar." *Nakash v. Marciano*, 882 F. 2d 1411, 1416 (9th Cir. 1989).

The Ninth Circuit considers eight factors in determining whether to apply the *Colorado River* abstention doctrine. These factors are: "(1) which court first assumed jurisdiction over [the case]; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *R.R. Street & Co. Inc. v. Transport. Ins. Co.,* 656 F. 3d 966, 978-79 (9th Cir. 2011).

Here, six of the eight factors weigh in favor of dismissing or staying Maharaj's PAGA action pursuant to *Colorado River*. Only factors two and seven are neutral, and therefore, are not analyzed

### 1.   Factors One and Four Weigh In Favor of Dismissing Or Staying Maharaj's PAGA Action.

The *Marcelino*, *Sonico*, and *Paredes* PAGA actions were all filed before

1   Maharaj's PAGA action was filed. "[T]he fact that state court jurisdiction was
2   invoked first weighs heavily towards justifying a dismissal or stay of a parallel federal
3   action. *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 280-
4   81 (C. D. Cal. 1983).

5       Discovery is underway in the first-filed PAGA litigations. In *Marcelino*, the
6   parties have been engaged in discovery since July of 2019.  *Marcelino's* counsel has
7   been provided with the names and contact information for the aggrieved employees.
8   Moreover, the court granted *Marcelino's* Motion to Compel Further Responses,
9   enabling the plaintiff to obtain relevant pay information for all non-exempt
10  employees. Discovery has been stayed  due to the pending Petition for Coordination.
11  (Rasher Decl., ¶ 13).

12      In *Paredes*, the parties have been engaged in discovery since May of 2019,
13  including attending an informal discovery conference to discuss the production of
14  PAGA discovery. However, the Court has not made any affirmative discovery rulings
15  while the Petition for Coordination is pending. (Rasher Decl., ¶ 15). In the *Sonico*
16  PAGA Complaint, written discovery was served by *Sonico,* but the parties stayed the
17  case pending the results of the Petition for Coordination. (Rasher Decl., ¶ 14).

18      Here, the scope of PAGA-related discovery is being litigated in the *Marcelino*
19  and *Paredes* actions, and relevant discovery motions already have been filed and ruled
20  on in *Marcelino*.

21      If these actions are coordinated, there will presumably be standing discovery
22  orders as well as other determinations impacting how the cases may proceed on a
23  representative basis, including manageability of the actions for trial. Allowing
24  Maharaj to prosecute his PAGA action concurrently will prejudice Defendant by
25  being required to litigate nearly identical cases under different circumstances in
26  multiple jurisdictions.

27      These factors favor a dismissal or, at least, a stay of Maharaj's PAGA action,
28  because the remaining Mirrored PAGA Actions first obtained jurisdiction over the

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1    substantially similar Labor Code claims asserted by Maharaj, and parallel proceedings

2    present the risk of inconsistent dispositions of these claims. *Montanore Minerals*

3    *Corp. v. Bakie*, 867 F. 3d 1160, 1167 (9th Cir. 2017).

4              **2.    This Court Should Avoid Piecemeal Litigation.**

5         "Piece meal litigation occurs when different tribunals consider the same issue,

6    thereby duplicating efforts and possibly reaching different results." *Am. Int'l*

7    *Underwriters, (Philippines), Inc. Cont'l Ins. Co.*, 843 F. 2d 1253, 1258 (9th Cir.

8    1988). Here, Maharaj's PAGA action involves the same issues pending in the

9    previously-filed PAGA actions.

10         If the Court does not dismiss or stay Maharaj's PAGA action, Defendant will

11    be required also to litigate a nearly-identical representative action and this Court will

12    be considering the same issues being litigated in the other Mirrored PAGA Actions,

13    thereby duplicating efforts, wasting resources, and producing potentially different,

14    inconsistent results as to liability and remedies. *See Idaho ex rel. Moon v. State Bd.*

15    *Of Exam'rs*, 567 F. 2d 858, 859 (9th Cir. 1978) (upholding dismissal of case under

16    *Colorado River* to promote the sound judicial policy requiring "the comprehensive

17    disposition of litigation.") Therefore, this factor weighs heavily in favor of dismissing

18    or staying Maharaj's PAGA action.

19              **3.    California Law Governs the Merits for the Mirrored PAGA**

20                   **Actions.**

21         Maharaj's PAGA action invokes no federal rights or rules of law. PAGA is a

22    representative action authorized under the Labor Code, utilized to protect the rights

23    of California employees. California law controls the substantive Labor Code claims

24    made in the Mirrored PAGA Actions.

25         PAGA requires much more than simply determining if rights of the "aggrieved

26    employees" were violated.  It requires determining methodologies to prove violations

27    at trial, identifying the manageability of the PAGA action, assessing relevant

28    substantive Labor Code provisions, and the recoverable civil penalties pursuant to

dozens of applicable Labor Code provisions, many of which contain different civil penalty structures.

As such, this factor weighs in favor of abstention. *See Montanore Minerals Corp. v. Bakie*, 867 F. 3d at 1168-1169 (finding that this factor weighed in favor of a stay when state law provided the rule of the case, the case presented complex questions of state law, and the state court was in a better position to address the issues than the federal court.)

### 4. California Courts Will Adequately Protect the Rights of the Federal Litigants.

Maharaj's PAGA action arises entirely under California law. Therefore, California Courts in the pending Superior Court cases will sufficiently protect the rights of employees working in California. Importantly, the earlier-filed PAGA actions have periods of recovery similar to, or more expansive, than the PAGA-period at issue in Maharaj's PAGA action. Thus, the other representative actions are more protective of the aggrieved employees' rights than Maharaj's PAGA action.

Therefore, the substantial overlap between the alleged violations and civil penalties sought to be recovered in the Mirrored PAGA Actions, combined with the statutory periods at issue in the previously-filed actions, establish that the aggrieved employees' rights will be protected sufficiently by California Courts.

### 5. The Resolution of the Mirrored PAGA Actions Will Moot Maharaj's PAGA Recovery, If Any.

The state law claims pending before this Court are nearly identical to the Labor Code claims alleged in the first-filed PAGA actions. A judgment in a PAGA action "binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Blanchard v. Superior Court*, 46 Cal. 4th 969, 985-986 (2009). Again, Maharaj is an "aggrieved employee" who is already included in the *Marcelino* and *Sonico* PAGA actions. Therefore, Maharaj's rights are fully and personally protected, as he is represented in the earlier-filed PAGA

16

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1  actions. The resolution of those claims will resolve his claims and those of the
2  aggrieved employees whom he purports to represent in his PAGA action.

3        Additionally, courts do not require "exact parallelism" under this factor. It is
4  sufficient if the proceedings are "substantially similar." *See Montanore Minerals*
5  *Corp. v. Bakie*, 867 F. 3d at 1170).   Here, the Mirrored PAGA Actions are
6  substantially similar because they allege almost duplicative Labor Code violations,
7  they name the same pertinent parties, they are brought on behalf of a subsumed and
8  overlapping group of aggrieved employees, and they seek to accomplish the recovery
9  of civil penalties pursuant to duplicative Labor Code provisions.

10       **C.    This Court has Inherent Power to Stay Maharaj's FAC.**

11       "The power to stay proceedings is incidental to the power inherent in every
12 court to control disposition of the cases on its docket with economy of time and effort
13 for itself, for counsel, and for litigations." *Hunter v. Ford Motor Company*, No. 17-
14 cv-2198-DMS-KSC, 2017 WL 10544038 at *1 (S.D. Cal. Nov. 2017); citing *Landis*
15 *v. N. Am. Co.*, 299 U.S. 2148, 254 (1936). Courts review several factors when
16 analyzing whether to grant or refuse a stay. These factors are: (1) the possible damage
17 which may result from the granting of a stay; (2) the hardship or inequity which a
18 party may suffer in being required to go forward; and (3) the orderly course of justice
19 measured in terms of simplifying or complicating of issues, proof, and questions of
20 law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F. 2d 265,
21 268 (9th Cir. 1962).

22       If the Court is not inclined to dismiss Maharaj's FAC outright, then at least a
23 stay is warranted. Without a stay, Defendant will be subjected to unnecessary,
24 wasteful litigation, when Maharaj's claims may be resolved via the previously-filed
25 representative actions. Further, Maharaj cannot establish any persuasive argument of
26 prejudice if this Motion is granted. Maharaj is represented personally via the putative
27 class definition in *Sonico's* Class Complaint. Further, Maharaj is an aggrieved
28 employee in the *Marcelino* and *Sonico* PAGA actions, while the *Paredes* PAGA

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT

1  action overlaps with the aggrieved employees whom Maharaj purports to represent.

2      Last, the "orderly course of justice" will result from the stay. The Mirrored

3  Class Claims and Mirrored PAGA Actions involve the same or similar parties,

4  overlapping claims, and involve substantially similar transactions, facts, and

5  occurrences. *See Gonzalez v. Fresenius Medical Care Holdings*, No. 12-cv-2488,

6  2013 WL 12116600 at *1 (S.D. Cal. Jun. 17, 2013) (granting stay of later-filed class

7  action that overlapped substantially with respect to parties, claims, and facts as a

8  previously-filed class action).

9  **IV.   CONCLUSION**

10      For the reasons stated herein, Defendant respectfully requests that the Court

11  dismiss, or alternatively, stay the prosecution of Maharaj's FAC.

12

13  DATED:  May 29, 2020         **THOMPSON COBURN LLP**

14

15                      By:     */s/ Keith J. Rasher*

16                           **ARTHUR F. SILBERGELD**

16                           **KEITH J. RASHER**

17                           Attorneys for Defendant

18                           CHARTER COMMUNICATIONS, INC.

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
**Maharaj v. Charter Communications, Inc., et al.**
**Case No. 3:20-cv-00064-JLS-AHG**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2029 Century Park East, 19th Floor, Los Angeles, CA 90067.

On May 29, 2020, I served true copies of the following document(s) described as **DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT** the interested parties in this action as follows:

| | |
|---|---|
| Grahamhollis APC | Attorneys for Plaintiff |
| Graham S.P. Hollis | Devenan Maharaj |
| Vilmarie Cordero | |
| David S. Lin | |
| 3555 Fifth Avenue, Suite 200 | |
| San Diego, CA  92103 | |
| Telephone: (619) 692-0800 | |
| Facsimile:  (619) 692-0822 | |
| Email:  ghollis@grahamhollis.com | |
|       vcordero@grahamhollis.com | |
|       dlin@grahamhollis.com | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 29, 2020, at Los Angeles, California.

/s/ Blanca M. Gutierrez
_____
Blanca M. Gutierrez

9185289

19

Case No. 20-cv-00064-BAS-LL

DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFF DEVANAN MAHARAJ'S FIRST AMENDED COMPLAINT