# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DEVANAN MAHARAJ, individually and on behalf of all similarly situated employees of Defendants in the State of California,

　　　　　　　　　　　　Plaintiff,

　v.

CHARTER COMMUNICATIONS, INC.; and DOES 1 through 50, inclusive,

　　　　　　　　　　　　Defendants.

Case No. 20-cv-00064-BAS-LL

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY FIRST AMENDED COMPLAINT**

**(ECF No. 23)**

　　　Before the Court is Defendant Charter Communications, Inc.'s Motion to Dismiss, or, Alternatively, to Stay Plaintiff Devanan Maharaj's First Amended Complaint ("Motion"). (ECF No. 23.) Plaintiff opposes and Defendant replies. (ECF Nos. 25, 28.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ.LR 7.1(d)(1). For the reasons explained below, the Court **DENIES** the Motion.

## I.　BACKGROUND

　　　Plaintiff Devanan Maharaj ("Plaintiff" or "Maharaj") initiated this action in San Diego Superior Court on November 5, 2019, which Defendant Charter Communications, Inc. ("Defendant") removed to federal court on January 8, 2020. (ECF Nos. 1, 1-2.) On May 5, 2020, this case was transferred to this Court. (ECF No. 18.) After the Court granted leave to amend, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 21.)

**A.    First Amended Complaint**

The FAC alleges nine causes of action.  For the first eight counts, Plaintiff seeks to represent the following "Maintenance Technician Class":

> All current and former non-exempt employees of Defendants CHARTER COMMUNICATIONS, INC. who worked as a Maintenance Technician in the State of California during any pay period at any time from November 5, 2015, through the present.

(FAC ¶ 58.)  Plaintiff also seeks to represent a Waiting Time Penalties Subclass consisting of: "[a]ll members of the Maintenance Technician Class, whose employment with Defendants ended at any time from November 5, 2016, through the present."  (FAC ¶ 59.)

1.    Claims on Behalf of the Maintenance Technician Class ("Class Claims")

The First Amended Complaint states eight causes of action on behalf of Maharaj and the class: (1) failure to provide meal periods (Cal. Labor Code §§ 226.7, 512(a), 1198); (2) failure to provide rest periods (*id.* §§ 226.7, 1198); (3) failure to pay minimum and regular wages (*id.* §§ 1194, 1197, 1198); (4) failure to pay all overtime wages (*id.* §§ 510, 1194, 1198); (5) failure to pay reporting time pay (*id.* § 558); (6) failure to provide accurate itemized wage statements (*id.* §§ 226, 246, 1198); (7) failure to timely pay all wages due upon separation of employment (*id.* §§ 201–203); and (8) violations of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*).  (*See generally*, FAC.)

Most of the claims in the FAC are based on meal and rest break violations.  Specifically, Plaintiff alleges Defendant failed to provide timely, off-duty 30-minute meal periods and 10-minute rest periods by often requiring employees to monitor or answer their work phone, respond to supervisors or customers, or clock back in and complete tasks during these breaks.  (FAC ¶¶ 26–27, 32–33, 79, 96.)  Plaintiff also states that Defendant discouraged employees from taking meal periods before the end of their fifth hour of work, as required by California law.  (*Id.* ¶¶ 27, 80.)  Despite failing to provide employees with compliant meal and rest periods, according to Plaintiff, Defendant did not compensate

employees with the required one hour of premium wages.  (*Id.* ¶¶ 88, 98.)  These violations, in turn, resulted in Defendant's failure to fully compensate employees for the time they spent working—including off-the-clock—in violation of minimum wage and overtime laws.  (*Id.* ¶¶ 35, 107, 118–120.)

In addition, Plaintiff claims other violations of Labor Code on behalf of the class that are independent of the meal and rest break claims.  First, Defendant purportedly did not compensate Plaintiff or members of the Maintenance Technician Class reporting time pay when, in response to a call from Defendant's operational center, these employees made their way to an assignment only for Defendant to cancel the assignment while the employees were in transit.  (FAC ¶ 37.)  According to Plaintiff, if less than 15 minutes elapsed from the original call to the cancellation, Defendant would not pay them.  (FAC ¶¶ 37–38.)  Second, Plaintiff claims Defendant miscalculated overtime by "fail[ing] to include non-discretionary bonuses in the regular rate of pay[.]"  (FAC ¶¶ 36, 121.)

Derivative of all aforementioned wage violations, Plaintiff also seeks remedies for inaccurate wage statements, remedies under California's UCL, and waiting time penalties on behalf of the subclass.  (FAC ¶¶ 40–42, 135–36, 143–44; 149–53.)

### 2.   PAGA Claims

In the ninth count, Plaintiff seeks to assert representative claims under the California Labor Code's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, *et seq.* (FAC ¶¶ 45–55, 161–86.)  PAGA allows aggrieved employees, on behalf of themselves and other current or former employees, to file suit to recover civil penalties for Labor Code violations that are normally assessed and collected by the state.  *See* Cal. Labor Code § 2699.

In this case, Plaintiff seeks to bring a PAGA claim on behalf of himself and other aggrieved employees for various violations of the Labor Code, including failing to pay wages upon separation (§§ 201, 202, 203); failing to provide accurate itemized wage statements (§ 226); failing to provide off-duty meal and rest breaks and failing to provide one hour of premium wages for missed breaks (§§ 226.7, 512); failing to pay overtime (§

510); deficient record-keeping (§§ 1174). (FAC ¶ 163.)   Plaintiff states that he has exhausted the administrative notice requirements for bringing a PAGA suit.  (*Id.* ¶¶ 50–51, 165.)

## B.   Defendant's Motion

Defendant's arguments to dismiss or stay the action are twofold.  First, it argues that Plaintiff's Class Claims should be dismissed or stayed because another action, *Justin Sonico v. Charter Communications, Inc., et al.* ("*Sonico* Putative Class Action"), No. 19-cv-01842-BAS-LL (S.D. Cal. Sept. 25, 2019), was filed before Plaintiff's action in this Court and defines a putative class that subsumes Plaintiff's proposed class in this case. (Mot. at 8–11.)[1]   Defendant further argues that this "first-to-file" rule should apply to Plaintiff's PAGA claim as well, "because it is subsumed by and overlaps with" the claims in three concurrent PAGA actions filed in state court.  (Mot. at 12 (citing *Marcelino v. Charter Comm'ns, LLC*, No. 37-2019-00016478-CU-OE-CTL; *Sonico v. Charter Comm'ns, Inc.*, No. 37-2019-000055875-CU-OE-CTL; *Paredes v. Charter Comm'ns, Inc.*, No. 19STCV11536).)[2]

Second, Defendant contends that this Court should dismiss or stay Plaintiff's PAGA claim under a doctrine established by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (the "Colorado River Doctrine").  Defendant argues that the

---

[1] Defendant also refers to *Trejo v. Charter Comm'ns, LLC*, Case No. 19STCV28173, a putative class action in the Los Angeles Superior Court that "invoke[s] substantially similar violations of the same Labor Code provisions alleged by Maharaj" but on behalf of a class of retail sales employees from 2016 to 2019.  (Mot. at 2; Decl. of Keith J. Rasher ("Rasher Decl.") ¶ 10, ECF No. 23-1; *Trejo* FAC, Ex. 6 to Rasher Decl., ECF No. 23-8.)  However, Defendant argues that Maharaj's Class Claims should be stayed or dismissed under the first-to-file rule only due to the pendency of *Sonico*, not *Trejo*.  (Mot. at 2, 10–11 (arguing that the instant action should be dismissed because the "Mirrored Class Claims," which are defined as "[t]he substantially similar Sonico and Maharaj putative class claims," were filed in federal court first).  The Court thus does not address *Trejo* in this Order.

[2] Defense counsel notes that these PAGA actions and *Trejo* were all subject to a pending Petition for Coordination. (Rasher Decl. ¶ 12.)  Upon review of the docket, it appears each respective court granted a Petition of Coordination and that these cases are now part of the Charter Communications Wage & Hour Coordinated Proceeding assigned to the San Diego Superior Court.   (*See* Judicial Council Coordinated Proceedings (JCCP), Super. Ct. for the Cty. of San Diego, http://www.sdcourt.ca.gov/portal/page?_pageid=55,1555856&_dad=portal&_schema=PORTAL (last accessed Feb. 19, 2021).)

factors considered under this doctrine weigh in favor of dismissing or staying the action due to the *Marcelino*, *Sonico*, and *Paredes* PAGA cases pending in state court (the "State PAGA Actions"). (Mot. at 14–16.)

The Court recently compelled arbitration in the *Sonico* Putative Class Action and stayed the case. (*See Sonico v. Charter Comm'ns, LLC*, No. 19-cv-01842-BAS-LL, Order Granting Renewed Mot. to Compel Arbitration and Stay Proceedings ("Order Compelling Arbitration"), ECF No. 39 (Jan. 27, 2021).) The arbitration agreement to which Sonico was bound also included a waiver of all representative, collective, and class actions. (*Id.* at 3.) Because the agreement precluded Sonico from raising class claims in any forum, the Court's order compelling Sonico to arbitration preserved only claims in his individual capacity. Therefore, the *Sonico* putative class on which Defendant bases this first-to-file argument no longer exists, and its attendant argument that Plaintiff's Class Claims should be dismissed or stayed based on *Sonico* is moot. For this reason, the Court focuses only on Defendant's arguments to dismiss or stay Plaintiff's PAGA claim and limits its summary below to the State PAGA Actions.

### 1. *Marcelino v. Charter Comm'ns, LLC* ("*Marcelino*")

Plaintiff Michael Marcelino filed his action in San Diego Superior Court against Defendant Charter Communications, LLC on August 9, 2019. (Decl. of Keith J. Rasher ("Rasher Decl.") ¶ 4, ECF No. 23-1; Marcelino FAC, Ex. 1 to Rasher Decl., ECF No. 23-2.) Marcelino, a Field Technician for Charter, brought a representative action under PAGA on behalf of Charter's "current and former non-exempt California employees . . . who worked for Defendants between March 26, 2018 and the present." (Marcelino FAC ¶¶ 3, 9.)

He alleges Charter violated overtime laws because it failed to include the flat-sum non-discretionary bonuses (or "incentive wages") as part of the regular rate of pay used to calculate overtime. (Marcelino FAC ¶¶ 19–20.) Marcelino also claims that due to Charter's "rigorous work schedules," Defendant failed to provide meal breaks where employees were fully relieved of duty (*id.* ¶ 26), provide second off-duty meal periods

during 10-hour shifts (*id.*), and permit 10-minute rest periods (*id.* ¶ 27).  In addition, Charter allegedly failed to pay premiums for missed meal and rest periods.  (*Id.* ¶ 22.) Lastly, derivative of the above violations, Marcelino claims Charter violated California law requiring accurate itemized wage statements (*id.* ¶ 29), maintenance of employment records (*id.* ¶ 15), and payment of overtime wages (*id.* ¶ 24).

Marcelino seeks to bring his PAGA action pursuant to the same statutes as Maharaj but includes two additional provisions of the Labor Code: California's misdemeanor statute for violating labor conditions or minimum wage requirements (§ 1199) and a provision rendering null and void any contract seeking to waive the rights listed in Article 2 of the Labor Code (§ 2804).  (*See* FAC ¶ 38.)

2. *Sonico v. Charter Comm'ns, Inc.* ("*Sonico* PAGA Action")

Plaintiff Justin Sonico filed a PAGA action in the San Diego Superior Court against three Charter entities—Charter Communications, LLC, Charter Communication, Inc. d/b/a Charter Communications (CCI), Inc.—on October 21, 2019.  (Sonico PAGA Compl., Ex. 5 to Rasher Decl., ECF No. 23-6.)  Sonico was employed by Charter as a Field Technician from March 2013 to November 2018 and seeks to represent "all current and former California Non-Exempt Employees of Defendant[,]" who were "engaged in the generic job duties of installing, servicing, and repairing all Defendant'[s] infrastructure and equipment related to its telecommunication and internet services." (*Id.* ¶¶ 17, 25, 49.) Sonico claims that he and similarly-situated employees were "typically assigned to work 4 days a week for shifts of 10 or more hours in a day." (*Id.* ¶ 28.)

Sonico alleges that due to "Defendant's staffing and scheduling practices, lack of coverage, work demands," and other policies and practices, Sonico and the aggrieved employees often did not take uninterrupted 30-minute meal periods or 10-minute rest breaks.  (Sonico PAGA Compl. ¶¶ 33, 40.)  Sonico states that employees were required to continuously check their cell phones for new job assignments, update their progress, and respond to management during meal periods, and that they were required to prioritize work over their lunch period.  (*Id.*)  For example, Sonico alleges that they "were required to

finish their work prior to taking a lunch in order for them to be able to make their next scheduled appointment on time" and often "clock[ed] out and continue[d] working" for this reason.  (*Id.* ¶ 29.)  Sonico also states that he and the aggrieved employees often worked without receiving meal or rest periods at all but were not compensated an additional hour of pay.  (*Id.* ¶¶ 32, 37, 39, 41.)

Sonico also states that these violations led to underpayment of regular and overtime wages, inaccurate wage statements, failure to pay all wages upon separation, and noncompliance with California law requiring employers to keep accurate records.  (Sonico PAGA Compl. ¶¶ 30, 42, 43, 44.)  Sonico separately states that the defendants' failure to incorporate bonus pay into calculation of overtime violated state law.  (*Id.* ¶ 31.)

Sonico seeks to bring his PAGA action pursuant to the same statutes as Maharaj but also cites to California's misdemeanor statute for violating record-keeping requirements (§ 1175).  (FAC ¶¶ 16, 50.)

### 3.    *Paredes v. Charter Comm'ns, Inc.* ("*Paredes*")

Plaintiff Sean Kareem Paredes brought a representative PAGA action on October 28, 2019 against Charter Communications, LLC (dba Spectrum) and TWC Administration, LLC.  (Paredes FAC, Ex. 7 to Rasher Decl., ECF No. 23-8.)  Paredes brings the action on behalf of himself and non-exempt employees who performed retail sales work for the defendants, worked overtime, and earned commission and/or bonus pay. Paredes alleges that the defendants did not properly calculate the overtime rate because they failed to timely pay commissions and bonuses when earned or due, failed to include commission and bonus payments into the regular rate of pay, and made deductions from bonuses and commissions that affected overtime compensation.  (*Id.* ¶¶ 13, 19.)  He also alleges that the defendants did not permit timely uninterrupted rest breaks and fully off-duty meal breaks and did not pay Paredes or the aggrieved employees one hour of premium wages for missed rest and meal periods.  (*Id.* ¶ 14.)  Further, the defendants allegedly failed to timely pay all wages "without abatement or reduction" due upon discharge and did not provide timely, accurate, itemized wage statements.  (*Id.* ¶¶ 15, 21.)

1    Paredes seeks to bring his PAGA Action pursuant to the same statutes as Maharaj
2    but cites to three additional provisions authorizing the Labor Commission to amend or
3    rescind orders related to the minimum wage (§ 1182), establishing minimum wage
4    increases (§ 1182.12), and requiring employers to provide employees with written notice
5    of the conditions of their employment and other information (§ 2810.5).

6    **II.    DISCUSSION**

7    As aforementioned, Defendant's argument that Maharaj's Class Claims should be
8    stayed or dismissed because the *Sonico* Putative Class Action was filed first in this Court
9    has been mooted by this Court's Order Compelling Arbitration in the *Sonico* federal
10   action.  (*See supra* Section I.B.)  Thus, the Court's analysis of the first-to-file rule below
11   concerns only its applicability to the State PAGA Actions before turning to Defendant's
12   argument under the *Colorado River* Doctrine.

13   **A.    First-to-File Rule**

14   "The first-to-file rule allows a district court to stay proceedings if a similar case
15   with substantially similar issues and parties was previously filed in another district court."
16   *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir.
17   2015); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)
18   ("There is a generally recognized doctrine of federal comity which permits a district court
19   to decline jurisdiction over an action when a complaint involving the same parties and
20   issues has already been filed in another district..").

21   There is some disagreement between district courts about the application of the
22   first-to-file rule to cases first initiated in state court.  *See Kelley v. HCR ManorCare, Inc.*,
23   No. SACV 17-1259 JVS (JCGx), 2017 WL 10441310, at *2 (C.D. Cal. Nov. 28, 2017)
24   (finding the fact that state court derivative lawsuits "were filed before [the federal lawsuit]
25   is irrelevant in applying the first-to-file doctrine in federal court*)*; *Cummins v. Lollar*, No.
26   CV 11-08081 DMG (MANx), 2011 WL 13134834, at *4 (C.D. Cal. Dec. 14, 2011)
27   (finding the first-to-file rule did not apply where first filed case was filed in Texas state
28   court and not a district court); *but see Shannon v. Bayview Loan Servicing LLC*, No. 3:16-

CV-1016-MO, 2018 WL 1902680, at *2 (D. Or. Apr. 20, 2018) (applying first-to-file rule in foreclosure case after concluding that state and federal courts had concurrent jurisdiction in those cases). However, the Supreme Court in *Colorado River* distinguished between the first-to-file rule between cases pending between federal district courts:

> Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]  As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. *This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.*

424 U.S. at 817 (quotations and citations omitted) (emphasis added); *see also Black Rock Coffee Bar, LLC v. BR Coffee*, *LLC*, No. 3:20-CV-976-SI, 2020 WL 4728877, at *7 (D. Or. Aug. 14, 2020).  The Ninth Circuit has also identified the first-to-file rule as "a generally recognized doctrine of *federal comity*" permitting district courts to decline jurisdiction where an action involving the same parties and issues is filed in another district court.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (emphasis added); *see also Church of Scientology of Calif. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (describing the "first-to-file" rule as "a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district"); *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) ("The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank."), *aff'd*, 493 U.S. 182 (1990).

Defendant has not cited, and the Court has not found, any binding authority contravening the notion that the first-to-file rule serves principles of federal comity and therefore does not extend to state court proceedings.  Thus, the Court declines to forgo jurisdiction over Plaintiff's action on the basis the State PAGA Actions were first filed before the state court.

20cv64

**B.**   ***Colorado River*** **Doctrine**

The *Colorado River* Doctrine "is a form of deference to state court jurisdiction." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990). The Supreme Court held in *Colorado River* that "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter[.]" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817). A district court's decision to decline to exercise jurisdiction under this doctrine necessarily means "that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* ("*Cone*"), 460 U.S. 1, 28 (1983).

1.   Substantial Similarity Between the State and Federal Actions

"The threshold question when considering the *Colorado River* doctrine is whether the state and federal actions are 'substantially similar.'" *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). "[E]xact parallelism . . . is not required. It is enough if the two proceedings are 'substantially similar.'" *Nakash*, 882 F.2d at 1416 (citations omitted). However, while "sufficiently similar claims are a necessary precondition to Colorado River abstention," the Ninth Circuit has cautioned that this similarity "should not, absent more, add weight to the balance in favor of abstention." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017)

The Court finds Maharaj's federal action is substantially similar to the State PAGA Actions. These actions state several overlapping claims—specifically, meal and rest break noncompliance, miscalculation of overtime, and derivative violations of Labor Code provisions for minimum wage, itemized wage statements, recordkeeping requirements,

and wages due upon separation—against the same or related corporate entities.  Indeed, the State PAGA Actions encompass all claims stated by Maharaj in his PAGA action. Further, as PAGA actions, they all seek the available remedy of fixed civil penalties.

The Court does not find the fact that Maharaj's PAGA claims are tethered to his Class Claims brought under the Labor Code defeats substantial similarity.  Maharaj's Class Claims rely on the same set of facts giving rise to his PAGA action, which, as stated above, are substantially similar to the facts underpinning the State PAGA Actions.  *See Daugherty v. Oppenheimer & Co.*, No. 06–7725–PJH, 2007 WL 1994187, at *5 (N.D. Cal. July 5, 2007) (finding a federal case stating FLSA and Labor Code claims "substantially similar" to a state case stating Labor Code and PAGA claims "because the dispute between the parties concern[ed] the same core factual issues" regarding proper classification of employees and whether they were denied overtime pay and meal and rest breaks); *see also Goodin*, 356 F. Supp. 3d at 944 ("[S]tate and federal proceedings are substantially similar if they arise out the same alleged conduct and seek to vindicate the same rights.").

Thus, "[b]ecause there is substantial overlap between the factual allegations, legal issues, and relief sought in the state and federal actions," the Court finds that Maharaj's PAGA action is substantially similar to the State PAGA Actions.  *See ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1149 (C.D. Cal. 2014).  The Court now considers whether the *Colorado River* factors counsel in favor of surrendering its jurisdiction over Maharaj's PAGA claim.

## 2. Balance of Relevant *Colorado River* Factors

The Ninth Circuit has outlined an eight-factor test to govern a district court's consideration of "the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818).  These factors are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal

litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 978–79. "These factors are not a 'mechanical checklist'; indeed, some may not have any applicability to a case." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017). Because the Colorado River Doctrine applies only in "exceptional circumstances," "[a]ny doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990); *Seneca*, 862 F.3d at 842 ("[T]he underlying principle guiding this review is a strong presumption against federal abstention.").

The Court finds the first two factors irrelevant "because the dispute does not involve a specific piece of property" and both the federal and state forums are located in San Diego. *See R&R Street & Co.*, 656 F.3d at 979; *Taylor v. AlliedBarton Sec. Servs. LP*, No. 1:13-CV-01613-AWI, 2014 WL 1329415, at \*10 (E.D. Cal. Apr. 1, 2014). Further, Defendant concedes that the seventh factor—the desire to avoid forum shopping—is neutral. (Mot. at 13.) The Court therefore turns to the remaining factors as they apply to this case and the State PAGA Actions.

> ### a. *Whether state court proceedings will resolve all issues before the federal court (Factor 8)*

The Court starts with this factor because the Ninth Circuit has found this factor dispositive in the *Colorado River* analysis. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (holding that if "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the Colorado River analysis"). It is an abuse of discretion to grant a stay or dismissal under Colorado River if there is any substantial doubt as to whether the parallel state-court litigation would completely and promptly resolve all issues between the parties. *Cone*, 460 U.S. at 28.

"Thus, the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.*; *see also Holder*, 305 F.3d at 859 ("In this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit."); *but see ScripsAmerica*, 56 F. Supp. 3d at 1146 ("District courts in the Ninth Circuit have repeatedly found partial [*Colorado River*] stays permissible [ ] where some, but not all, of a federal plaintiff's claims are pending in a parallel state action.").

The Court concludes that this factor weighs against a stay because resolving the PAGA claim in state court would not resolve the underlying Labor Code violations before the federal court. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1014 (N.D. Cal. 2016). While it is true that recovery under PAGA is predicated on first establishing that a defendant violated the Labor Code, *Amiri v. Cox Commc'ns Cal.*, LLC, 272 F. Supp. 3d 1187, 1193 (C.D. Cal. 2017), Maharaj states additional claims for reporting time violations and under the UCL and asks for remedies beyond the civil penalties awarded under PAGA, meaning the State PAGA Actions cannot wholly resolve Maharaj's federal case. *See Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 815 (N.D. Cal. 2015) (finding "substantial doubt that the state proceedings will resolve the federal action" where the federal plaintiff sought broader remedies and stated claims not based directly on the same law as the state court claims); *cf. Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 1:19-CV-01404-DAD-JLT, 2020 WL 469341, at *6 (E.D. Cal. Jan. 29, 2020) (finding that, because of remedial and procedural differences between PAGA and standard Labor Code claims, eighth factor weighed against granting of a stay where federal plaintiff stated a PAGA claim and state court proceeding did not).

The Court does not have "full confidence" that the State PAGA Actions will end the litigation. *See Intel Corp.*, 12 F.3d at 913. This alone defeats abstention under *Colorado River*. *See id; Cone*, 460 U.S. at 28; *see also Tan*, 171 F. Supp. 3d at 1014. Regardless, as explained below, weighing the remaining factors counsels against abstention in this case as well.

b.      *Desire to avoid piecemeal litigation (Factor 3)*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).

First, the Court finds Defendant's argument regarding piecemeal litigation is facially deficient. Defendant argues that if the Court does not dismiss or stay Maharaj's PAGA action, it will be required to engage in duplicative litigation in the State PAGA Actions, and this Court will waste resources and time duplicating state court efforts to resolve the issues and potentially come to inconsistent results. (Mot. at 15.) However, "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance. . . . Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." *R.R. St. & Co.*, 656 F.3d at 979. Thus, the Court does not find that Defendant has stated a "special concern about piecemeal litigation" militating against this Court's exercise of jurisdiction over this case.

Second, the Court must consider that Maharaj's lawsuit, unlike the State PAGA Actions, is not exclusive to the PAGA claim. Defendant's request for a stay of the PAGA claim is therefore a request for a partial stay of the instant federal lawsuit. "The Ninth Circuit has not yet addressed the propriety of issuing a partial Colorado River stay." *ScripsAmerica*, 56 F. Supp. 3d at 1146. Some district courts have found that partial stays are permissible under *Colorado River*. *See Sciortino*, 108 F. Supp. 3d at 815 (citing cases). Here, however, the Court finds that "the desire to avoid piecemeal litigation[] is not well-served in this case by a partial stay." *See id.* at 815–16.

The decision in *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016), is instructive. In *Tan*, under circumstances very similar to those present here, the Northern District of California found that this factor did not favor a stay or dismissal pursuant to *Colorado River*. *See id.* The federal lawsuit stated five counts of Labor Code violations and a sixth count under PAGA against Grubhub, while the concurrent state action

- 14 -

"allege[d] only PAGA claims, without the underlying Labor Code violations." *Id.* at 1004, 1015.  Grubhub asked the Court to stay only the plaintiff's PAGA claims under *Colorado River*. *Id.* at 1015.  The court denied Grubhub's motion, and found the following with respect to piecemeal litigation:

> While Defendants urge that resolution of the PAGA claims here will not fully resolve the aggrieved employees' PAGA claims because [the state court plaintiff] brings more PAGA claims than do Plaintiffs here, focusing solely on the PAGA claims ignores the full scope of this federal action, which will proceed regardless of the state case.  In other words, there would be no wasted effort here if the PAGA claims were to remain part of the case, since they are premised on the same facts as the underlying Labor Code violations, which cannot be stayed. The third factor therefore does not support a stay.

*Id.* at 1015–16.

The Court agrees with this analysis.  While it appears the State PAGA actions incorporate the PAGA claims in the instant action,[3] they do not include any independent claims of Labor Code violations.  Maharaj's Class Claims include a claim for reporting time pay violations and a claim under California's Unfair Competition Law that are not encompassed by the State PAGA Actions. Moreover, the only available recovery under PAGA are civil penalties, while Maharaj seeks general and special damages, restitution and disgorgement, unpaid wages, indemnification, and equitable relief for his Class Claims.  (*See* FAC, Prayer for Relief.)   There is therefore no "vastly more comprehensive

---

[3] While Defendant claims that Maharaj's interests are already protected by the State PAGA Actions, it is unclear on the record before it whether the State PAGA Actions seek to represent aggrieved employees who experienced the same type of violations Maharaj alleges in his FAC.  Primarily, the Court notes that the state plaintiffs, unlike Maharaj, were not employed as maintenance technicians.  (*See Marcelino* FAC ¶ 9 (stating that plaintiff was a "field technician" and seeking to represent similarly situated employees; *Sonico* PAGA Compl. ¶ 17 (same); *Paredes* FAC ¶ 1 (defining class as those who "performed retail sales work").)  Further, there are factual differences between the cases that suggest that the State PAGA Actions may not incorporate Maharaj or the aggrieved employees he seeks to represent.  For example, Maharaj makes reporting time claims specifically based on the duties and schedules of maintenance technicians that are not duplicated in the State PAGA Actions.  Also, while Sonico alleges that he and similarly-situated individuals worked four days a week for shifts of 10 or more hours per day (Sonico PAGA Compl. ¶ 28), "[t]here is no indication or allegation in Plaintiff's [FAC] that Plaintiff or the Maintenance Technician Class worked such a schedule."  (Decl. of David X. Lin in supp. of Opp'n ¶ 7, ECF No. 25-1.)

state action that can adjudicate the rights of many parties or the disposition of much property" such that this factor weighs in favor of a stay. *See Travelers*, 914 F.2d at 1369.

Exercising jurisdiction in these circumstances is consistent with precedent. Generally, "even when a concurrent state proceeding might address issues relevant to a federal action, the rule is that the federal proceeding should go forward. Abstention is the exception." *United States v. Rubenstein*, 971 F.2d 288, 293–94 (9th Cir. 1992). In keeping with this limited conception, the Ninth Circuit explained that

> *Colorado River* does not say that every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a particular way, the federal court should abstain. As the Supreme Court has observed, such a holding would "make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." Rather, *Colorado River* stands for the proposition that when Congress has passed a law expressing a preference for unified state adjudication, courts should respect that preference. As the Third Circuit astutely observed, "it is evident that the avoidance of piecemeal litigation factor is met, as it was in . . . *Colorado River* itself, only when there is evidence of a strong federal policy that all claims should be tried in the state courts."

*United States v. Morros*, 268 F.3d 695, 706–07 (9th Cir. 2001) (quoting *Ryan v. Johnson*, 115 F.3d 193, 197–98 (3d Cir. 1997))[4]; *see also Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("the Colorado River doctrine is a narrow exception").

Defendant has stated no exceptional circumstances, including a federal policy or preference for uniform state adjudication of the issues in this case, to warrant a finding that piecemeal litigation weighs in favor of a stay. *See ScripsAmerica*, 56 F. Supp. 3d at

---

[4] *Accord Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1333 (11th Cir. 2004) ("Although the dual proceedings in this instance will likely result in some unremarkable repetition of efforts and possibly some piece-by-piece decision-making, there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority of federal cases with concurrent state counterparts."); *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) (holding that a stay is only appropriate "when there is a strong federal policy against [piecemeal] litigation") (internal quotation marks and citation omitted); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 16 (1st Cir. 1990) ("[T]he district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in Commonwealth court.").

1148–49 (finding that the avoidance of piecemeal litigation did not support entry of a stay because although the federal case would require adjudication of the same issues as the state case, there was no strong federal policy favoring state court adjudication of the claims).   Hence, the Court finds the third factor does not support a stay.

> ### c.   Order in which the forums obtained jurisdiction (Factor 4)

It is undisputed that the State PAGA actions were all initiated in state court before the instant action.   The *Marcelino*, *Sonico*, and *Paredes* actions were filed in San Diego Superior Court on August 9, 2019, October 21, 2019, and October 28, 2019 respectively, while Maharaj did not file his original complaint in state court until November 5, 2019.

However, "[t]he Supreme Court has instructed that instead of taking a mechanical approach, courts must apply this factor 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'"   *R.R. St. & Co. Inc.*, 656 F.3d at 980 (quoting *Cone*, 460 U.S. at 21 (giving little weight to the dates of filing when the same relative progress had been made in the state and federal proceedings)).   As stated above, the *Marcelino* and *Sonico* PAGA actions are part of a consolidated proceeding before the San Diego Superior Court.   Upon review of that court's docket, it appears that a case management conference is scheduled for July 23, 2021.   (Register of Actions, Charter Comm'ns Wage and Hour Cases  JCCP5083,  https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml (last accessed Feb. 19, 2021).)   No other substantive motions or significant hearings have been held in the action.   In the instant action, the parties have engaged in discovery and the deadline to file for class certification predates the case management conference in the state case.  (*See* ECF Nos. 41, 43.)

Thus, the Court finds the order of jurisdiction weighs only minimally in favor of declining jurisdiction in this matter.

> ### d.   Whether federal or state law provides the rule of decision (Factor 5)

"[A]lthough 'the presence of federal-law issues must always be a major consideration weighing against surrender' [of jurisdiction], the 'presence of state-law

issues may weigh in favor of that surrender' only 'in some rare circumstances.'" *Travelers*, 914 F.2d at 1370 (quoting *Cone,* 460 U.S. at 26). "When state and federal courts have concurrent jurisdiction over a matter, the rule of decision factor becomes less important." *Mejia v. Sears, Roebuck & Co.*, No. 06-CV-0974 WQH, 2006 WL 8455451, at \*6 (S.D. Cal. July 27, 2006) (citing *Nakash*, 882 F.2d at 1416).

State law provides the rule of decision for all the claims at issue in the instant case. Most claims, including the PAGA claim, arise under California Labor Code provisions governing wages and hours for non-exempt hourly employees, and one is brought pursuant to the California Business and Professions Code. Courts recognize the fact that all claims at issue arise under state law as supporting a stay. See *Janopaul ± Block Companies, LLC v. St. Paul Fire & Marine Ins. Co.*, 830 F. Supp. 2d 976, 985 (S.D. Cal. 2011); *but see Tan*, 171 F. Supp. at 1016 (finding governing state law weighed in favor of a stay but factor was "ultimately a wash" because only the federal case addressed underlying Labor Code violations).

Nonetheless, the Court has concurrent jurisdiction over the state law claims before it. *See Colorado River*, 424 U.S. at 817 (noting "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"); *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) ("Federal courts, though courts of limited jurisdiction, in the main have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given[.]") (quotations and citations omitted). Indeed, Defendant recognized this jurisdiction when it elected to remove Maharaj's action from state court to this Court. *See Janopaul*, 830 F. Supp. 2d at 984 (finding concurrent jurisdiction "complete present" where action was properly removed to federal court).

Weighing the fact that Maharaj's claims arise under California law against the existence of concurrent jursidiction, and mindful that state law claims warrant surrender of jurisdiction only in "rare circumstances," *Cone*, 460 U.S. at 26, the Court finds this factor neutral in the analysis. *See Mejia*, 2006 WL 8455451, at \*6.

20cv64

   e.  *Whether state court proceedings can adequately protect the rights of federal litigants (Factor 6)*

"[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp.*, 12 F.3d at 913. "This factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." *Travelers*, 914 F.2d at 1370 (citing *Cone*, 460 U.S. at 26).   As such, the Ninth Circuit has further noted that this factor has not weighed against the exercise of federal jurisdiction, only in favor of it.   *Id.* (citing *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) ("[T]he possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action.  This factor, like choice of law, is more important when it weighs in favor of federal jurisdiction.")).

Because no federal rights are at issue in either Maharaj's instant action or in the State PAGA Actions, the Court also considers this factor neutral in the analysis. *See Alila-Katita v. U.S. Bank Nat'l Ass'n*, No. 16-CV-03950-JSW, 2017 WL 8948735, at *3 (N.D. Cal. May 2, 2017); *Mejia*, 2006 WL 8455451, at *6.

In sum, the Court finds the State PAGA Actions' ability to resolve all issues before this Court (factor 8) counsels against a stay of this action, because the Sonico and Marcelino PAGA cases will not resolve the California Labor Code violations alleged by Maharaj in this action.  Further, the Court finds that even if the order of jurisdiction (factor 4) may weigh marginally in favor of a stay—although only the PAGA actions are at issue in the coordinated action and no significant action has been taken by the state court—the avoidance of piecemeal litigation (factor 3) cuts against even a partial stay of this action. The remaining factors are either irrelevant to this action (factors 1, 2) or are neutral (factors 5, 6, 7) to the Court's determination.  Thus, the *Colorado River* factors, on the whole, do not justify this Court's declination of jurisdiction over the instant case.

### C.   The Court's Inherent Authority to Stay Action

Alternatively, Defendant moves this Court to stay the action pursuant to its inherent authority.  (Mot. at 17.)  "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva v. Certified Grocers of Calif.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  A court considering a stay should weigh competing interests including the possible damage from a stay, the hardship or inequity to the moving party if required to proceed, and the "orderly course of justice measured in terms of simplifying or complicating issues, proof and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  The party requesting the stay "'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'"  *Id.* (quoting *Landis*, 299 U.S. at 255).

First, the Court finds a fair possibility that staying this action pending resolution of the State PAGA Actions could damage Plaintiff and the class.  Plaintiff, a current employee at Charter, seeks injunctive relief on behalf a class that includes current employees and defines the class period through the present, indicating that harms are ongoing.  (FAC ¶¶ 89, 100, 110, 122, 128, 138, 145, 159 (noting that Plaintiff and the class "suffer and continue to suffer losses" due to Defendant's wage and hour violations).)  Staying a case "seeking injunctive relief against ongoing or future harm causes a more significant hardship against a plaintiff resisting a stay than a suit for damages."  *See Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-CV-00420-DAD-SAB, 2016 WL 6124216, at *1 (E.D. Cal. Oct. 20, 2016) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

1    Second, Defendant argues that it "will be subjected to unnecessary, wasteful

2    litigation" because Maharaj's claims may be resolved in the State PAGA Actions.

3    However, "'being required to defend a suit, without more, does not constitute a clear case

4    of hardship or inequity within the meaning of *Landis*.'" *See Montez v. Chase Home*

5    *Finance, LLC*, No. 11-cv-530 JLS (WMC), 2011 WL 2729445, at *1 (S.D. Cal. July 13,

6    2011) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  And again,

7    the Court notes that Defendant removed this lawsuit from state court to this Court,

8    presumably to avail itself of federal jurisdiction.  To argue now that requiring Defendant

9    to litigate in this Court would cause hardship or inequity is therefore not persuasive.

10    These differences also factor into the third consideration for a stay.  Because the

11    State PAGA Actions will not resolve the Class Claims, they will remain outstanding even

12    if the state court's resolution of the Marcelino, Sonico, and Paredes PAGA claims apply

13    to the PAGA claim brought by Maharaj.  Further, because Maharaj's PAGA claims and

14    Class Claims are based on the same factual predicate, it makes little sense to enter a stay

15    to allow the former to be resolved by the state court, at some indeterminate period in the

16    future, while leaving the latter pending for this Court's review.

17    The Court therefore declines to stay this case pursuant to its inherent authority.

18    **III.   CONCLUSION AND ORDER**

19    For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss, or,

20    Alternatively, to Stay Plaintiff's First Amended Complaint (ECF No. 23).  Defendant shall

21    file an Answer to the FAC by **March 9, 2021**.

22    **IT IS SO ORDERED.**

23

24    DATED: February 23, 2021

25    Hon. Cynthia Bashant
      United States District Judge

26

27

28

- 21 -