UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVANAN MAHARAJ, individually and on behalf of all similarly situated employees and aggrieved of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.; and DOES 1 through 50,<br><br>Defendant. | Case No.:  20cv64-BAS-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S INTERROGATORIES NOS. 5 TO 8 AND DENYING REQUEST FOR MONETARY SANCTIONS**<br><br>**[ECF No. 47]** |

Before the Court is Plaintiff Devanan Maharaj's Motion to Compel further responses from Defendant Charter Communications, Inc. to Plaintiff's Interrogatories Nos. 5 through 8 and request for sanctions [ECF No. 47 ("Motion" or "MTC")] and Defendant's opposition [ECF No. 50 ("Opposition" or "Oppo.")]. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Compel and **DENIES** Plaintiff's request for monetary sanctions.

## I.   RELEVANT BACKGROUND

This case arises from Plaintiff's work as a maintenance technician for Defendant in a non-exempt position in San Diego County. ECF No. 21 ¶ 8; Oppo. at 6. Plaintiff filed his

original complaint in San Diego County Superior Court on November 5, 2019, which Defendant removed to federal court on January 8, 2020. ECF Nos. 1, 1-2. On May 15, 2020, Plaintiff filed the operative First Amended Complaint ("FAC"). ECF No. 21 ("FAC").

The FAC is both a representative action (under the Private Attorneys General Act ("PAGA")) and a putative class action for alleged wage and hour violations of California's Labor Code. FAC ¶¶ 1, 57, 162–64. Plaintiff alleges nine causes of action: eight for the class action and one for the PAGA claim. Id. ¶¶ 57, 162–64. In the putative class action, Plaintiff seeks to represent a "Maintenance Technician Class" consisting of "[a]ll current and former non-exempt employees of Defendants CHARTER COMMUNICATIONS, INC. who worked as a maintenance technician in the State of California during any pay period at any time from November 5, 2015, through the present." Id. ¶ 58. Plaintiff also seeks to represent a "Waiting Time Penalties Subclass" defined as "[a]ll members of the Maintenance Technician Class, whose employment with Defendants ended at any time from November 5, 2016, through the present." Id. ¶ 59.

The eight causes of action asserted by Plaintiff and the class are: (1) failure to provide off-duty meal periods (California Labor Code §§ 226.7, 512(a), 1198); (2) failure to provide rest periods (id. §§ 226.7, 1198); (3) failure to pay minimum and regular wages for all hours worked (id. §§ 1194, 1197, 1198); (4) failure to pay all overtime wages (id. §§ 510, 1194, 1198); (5) failure to pay all reporting time pay (id. § 558); (6) failure to provide accurate itemized wage statements (id. §§ 226, 246, 1198); (7) failure to timely pay all wages due upon separation of employment (id. §§ 201–203); and (8) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, et seq. See FAC.

The ninth cause of action is a representative claim under PAGA, California Labor Code § 2698, et seq. FAC ¶¶ 161–86. PAGA was enacted to "remedy systemic underenforcement" of Labor Code violations by adopting a schedule of civil penalties for such violations and "deputizing employees harmed by labor violations to sue on behalf of

the state and collect penalties, to be shared with the state and other affected employees." Williams v. Superior Ct., 3 Cal. 5th 531, 545 (2017) (citations omitted). Plaintiff seeks to bring a PAGA claim on behalf of the State of California for various violations of the Labor Code by Defendant against him and all other non-exempt employees of Defendant in California during the period of September 1, 2018 to the present. MTC at 6. The alleged violations include (1) failure to pay minimum and regular wages for all hours worked; (2) failure to pay all overtime wages; (3) failure to provide lawfully compliant meal periods; (4) failure to provide rest periods; (5) failure to pay meal and rest premium wages owed; and (6) failure to keep and provide accurate itemized wage statements. FAC ¶¶ 161–86.

On May 29, 2020, Defendant filed a motion to dismiss the FAC, arguing that the putative class action and PAGA action "should be dismissed, or alternatively, stayed, under the 'first-to-file' rule, the Colorado River abstention doctrine, and [the] Court's inherent power to control the proceedings before it."[1] ECF No. 23 at 7.

The parties held a discovery dispute conference call with the Court in June 2020 and the Court subsequently issued a briefing schedule for Plaintiff's motion to compel further responses to Plaintiff's April 17, 2020 Requests for Production and Interrogatories, Set One. See ECF Nos. 24; 32 at 1. The Court later granted several joint motions to continue the deadline to file the motion to compel while the motion to dismiss was pending. ECF Nos. 27, 30, 32, 43.

On February 23, 2021, the district judge denied Defendant's motion to dismiss the FAC. ECF No. 44.

Plaintiff timely filed the instant Motion on March 3, 2021, and Defendant timely filed its Opposition on March 17, 2021. MTC, Oppo.

/ / /

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817–19 (1976).

## II.   DISCOVERY REQUESTS AT ISSUE

At issue here are Interrogatories Nos. 5 through 8 of Set One propounded by Plaintiff upon Defendant. MTC at 6–7. Interrogatory No. 5 seeks the number of non-exempt employees of Defendant who currently work as maintenance technicians in California who did not enter into an arbitration agreement. ECF No. 47-1 at 17. Interrogatory No. 6 seeks the name, job title, hire date, home address, last known telephone number, last known cell phone number, and email address of the non-exempt employees of Defendant who currently work as maintenance technicians in California and did not enter into an arbitration agreement. Id. at 18. Interrogatory No. 7 seeks the total number of non-exempt employees of Defendant who worked as maintenance technicians in California at any time from November 5, 2015 through the present and who did not enter into an arbitration agreement. Id. at 20. Interrogatory No. 8 seeks the name, job title, hire date, home address, last known telephone number, last known cell phone number, and email address of the non-exempt employees of Defendant who worked as maintenance technicians in California from November 5, 2015 through the present and who did not enter into an arbitration agreement. Id. at 21.

Defendant objected on various grounds, but the parties met and conferred several times and narrowed their dispute. See ECF No. 47-1 at 17–22; MTC at 7–8; Oppo at 7–9. Plaintiff limited his request and currently seeks the identities, contact information, and employment history of all non-exempt maintenance technician employees without arbitration agreements who worked for Defendant in California during the class period. MTC at 7; ECF No. 47-1, Declaration of David X. Lin (hereinafter "Lin Decl."), ¶ 10. Defendant provided some responses to Plaintiff, including that approximately 166 maintenance technicians employed during the class period did not enter into arbitration agreements with Defendant and that there are a total of thirty-nine work locations in California. ECF No. 50-1, Declaration of Keith J. Rasher (hereinafter "Rasher Decl."), ¶ 11; Lin Decl. ¶ 11. Defendant ultimately stated it would produce the names and contact information for the requested putative class members subject to a time

and pay data sampling for thirty-nine individuals, via a randomized methodology.[2] Rasher Decl. ¶ 15. Plaintiff rejected the offer of a sampling and moves to compel the identities, contact information, and employment information for the 166 maintenance technicians who did not enter into arbitration agreements, pursuant to Interrogatories Nos. 5 through 8. MTC at 8, 17.

## III.    LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2).

---

[2] Defendant proposed providing information for the eight maintenance technicians who worked in the same location as Plaintiff, plus thirty-one randomly chosen individuals throughout Defendant's California locations. Oppo. at 15.

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement" of Rule 26. Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). Under the liberal discovery principles of the Federal Rules, parties opposing discovery are "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d at 429. "A district court is vested with broad discretion to permit or deny discovery." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

## IV. DISCUSSION

Plaintiff contends that Defendant should be compelled to provide the requested information because (1) Defendant stipulated to providing substantive responses to Plaintiff's Interrogatories, reserving the right to elect to use a Belaire-West opt-out procedure;[3] (2) the requested discovery is relevant and proportional to the needs of the case; and (3) Plaintiff has established a prima facie case under Rule 23(a).[4] MTC at 9–15.

/ / /

---

[3] In Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007), the California appellate court found that an opt-out notice adequately protected the privacy rights of current and former employees whose contact information was ordered to be disclosed. Id. at 556. The opt-out notice gave the employees, *inter alia*, notice of the action, assurance they were under no obligation to talk to counsel, assurance that their employer may not retaliate against them for providing or refusing to provide any information, and an opportunity to opt out of disclosure by returning an enclosed postcard. Id. at 557–58.

[4] The term "Rule" in this Order refers to the Federal Rules of Civil Procedure unless stated otherwise.

Defendant argues that it should not be compelled to provide the requested discovery because (1) Defendant cannot engage in substantive, merits-based discovery without risking a waiver of its right to arbitrate, which it asserted in a pending motion to compel arbitration; (2) discovery should be stayed until the motion to compel arbitration is ruled on; (3) Plaintiff has not established a prima facie case under Rule 23(a) to allow disclosure of discovery at locations where Plaintiff did not work; and (4) producing evidence of all maintenance technicians from every California location for the putative class period is overbroad, not proportional to the needs of the case, violates third-party privacy, and is unduly harassing to Defendant and its current and former employees. Oppo. at 9–18.

### A.    Stipulation

Plaintiff contends that the parties reached a stipulation that was reflected in their joint motion to amend the scheduling order and continue motion to compel deadlines filed on June 19, 2020. Lin Decl. ¶ 6. The joint motion states that "Defendant has stipulated to provide substantive responses to Plaintiff's Interrogatories, but reserves the right to elect whether to engage in the *Belaire*-West process." ECF No. 26 at 3. Plaintiff argues that because Defendant stipulated to responding to the Interrogatories, but now proposes to provide only part of the information requested, Defendant has acted in bad faith and must be compelled to provide full and complete responses. MTC at 9.

Defendant argues that it stipulated to providing substantive responses, as opposed to merely objecting, and that it never stipulated to providing Plaintiff with the identities and contact information of all putative class members. Oppo. at 11–12. Defendant states that it offered to produce substantive responses "subject to the time and pay data sampling being discussed by the parties." Rasher Decl. ¶¶ 10, 13, 15.

The Court is not convinced that Defendant stipulated to providing the requested information for all putative class members. A "substantive response" was not clearly defined by the parties to be either a response without qualifications or a response that was not merely an objection. It is undisputed that Defendant offered to produce the information as to a sampling of the employees; therefore, Defendant provided a response that was not

a mere objection. But because of the ambiguity of the term "substantive response," the Court cannot find that Defendant stipulated to providing the identities and contact information of all putative class members.

### B. Pending Motion to Compel Arbitration

Defendant claims that it risks a waiver of its right to arbitration if it now produces the substantive, merits-based discovery requested by Plaintiff. Oppo. at 9. Defendant further argues that discovery should be stayed while its motion to compel arbitration is pending. Id. at 10–11.

Determining whether the right to compel arbitration has been waived "must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." Martin v. Yasuda, 829 F.3d 1118, 1124 (9th Cir. 2016) (citation omitted). A party arguing that a waiver of arbitration has occurred "bears a heavy burden of proof." Id. (citation omitted). Therefore, "[a] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Id. (citation omitted).

First, the Court finds that if Defendant produces or participates in discovery because of a Court order compelling it to do so as a result of the instant Motion, this discrete action would not be an act inconsistent with the right to arbitrate, such that it would waive that right.[5] Although Defendant is correct that answering discovery, combined with other actions, has resulted in a finding of acts inconsistent with the right to arbitrate, the Court finds the specific and narrow act of complying with the instant Order to be distinguishable. See id. at 26 (finding a party engaged in acts inconsistent with the right to arbitrate when it spent considerable time on a joint stipulation structuring the litigation, filing a motion to

---

[5] The undersigned notes that this is her own finding in the context of deciding whether this Motion should be granted or denied. The determination of the pending motion to compel arbitration is solely that of the district judge.

dismiss, entering into a protective order, answering discovery, preparing for and conducting a deposition, and not asserting its right to arbitration until "well after" the time it determined it had a right to arbitrate). Here, Defendant is resisting responding in full to the requested Interrogatories or otherwise participating in discovery while its motion to compel arbitration is pending. Furthermore, the third element of proving waiver of the right to arbitrate cannot be met. Plaintiff cannot claim to be prejudiced by Defendant complying with the Court's order on this Motion because it is the result of Plaintiff's efforts and only serves to benefit Plaintiff. Therefore, the Court is not persuaded that granting the Motion would cause Defendant to waive its right to arbitrate. The Court makes no opinion on whether any actions outside of this one single act—complying with this Court's instant Order—would be considered acts inconsistent with the right to arbitrate.

Second, the Court notes there is no rule requiring the automatic stay of discovery while a motion to compel arbitration is pending. The subject of this Order is a Motion to Compel discovery and Defendant has not filed a motion to stay discovery. Additionally, the Court notes that it issued an order on April 13, 2021 granting the parties' joint motion to vacate certain discovery-related deadlines pending the resolution of Defendant's motion to compel arbitration. ECF No. 54. Therefore, a stay of discovery at this time is not warranted.

The Court now turns to the merits of the Motion seeking to compel responses to the Interrogatories.

### C.   Prima Facie Case Under Rule 23(a)

Plaintiff argues that the Court has discretion on whether to require Plaintiff to establish a prima facie case under Rule 23(a) before allowing class-wide discovery, but that even if it is required, Plaintiff has established a prima facie case here by properly pleading all elements of Rule 23(a). MTC at 14–15. Defendant argues that Plaintiff has not

/ / /

/ / /

/ / /

established a prima facie case under Rule 23(a) to allow disclosure of discovery at locations where Plaintiff did not work.[6] Oppo. at 12.

A party seeking certification of a class action must first meet the prerequisites of Rule 23(a), which states the following:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (quoting Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir.1975)). The Ninth Circuit has noted "that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the

---

[6] The Court finds that some of the parties' specific arguments regarding commonality and whether discovery is warranted outside of the location where Plaintiff worked are more appropriately addressed in terms of proportionality and whether the requested contact information is overbroad pursuant to Rule 26 and will discuss them in that context in a later section. See Trujillo v. Chef's Warehouse W. Coast LLC, No. 219CV08370DSFMAAX, 2020 WL 7315346, at *4 (C.D. Cal. Oct. 19, 2020) (noting that the prima facie showing informs the question of "*whether* discovery should be permitted in the first instance," and then Rule 26 "informs the question of *what* discovery should be permitted").

defendant." Id. "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985). A prima facie showing is not required in all cases, and if a court chooses to require one, it should not be "strict." Trujillo v. Chef's Warehouse W. Coast LLC, 2020 WL 7315346, at *4; Coleman v. Jenny Craig, Inc., No. 11-cv-1301-MMA DHB, 2013 WL 2896884, at *7 (S.D. Cal. June 12, 2013) (noting that it is the court's discretion on whether to require a prima facie showing before allowing pre-certification discovery in a class action and refusing to require Plaintiff to prove a likelihood of success at the class certification stage as "beyond the burden permissible" in a prima facie showing).

Here, the Court finds that Plaintiff is not required to establish a prima facie case under Rule 23(a) before allowing pre-certification discovery. The Court, in its discretion, declines to require a prima facie showing. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d at 942; Amaraut v. Sprint/United Mgmt. Co., No. 3:19-CV-411-WQH-AHG, 2020 WL 8024170, at *8 (S.D. Cal. Jan. 14, 2020) ("Here, the Court uses its discretion and does not require a *prima facie* showing as a prerequisite for pre-certification discovery.")

However, even if a prima facie showing is required, the Court finds that Plaintiff has established a prima facie case. Regarding numerosity, Defendant avers that there are 166 putative class members—maintenance technicians who did not enter into arbitration agreements with Defendant—currently at issue. Rasher Decl. ¶ 11; Lin Decl. ¶ 11. That is a sufficient number such that joinder becomes impractical. Regarding commonality, Plaintiff alleges that common questions of law and fact apply to them, including, *inter alia*, "[w]hether Defendants failed to permit Maintenance Technician Class members to take off-duty rest periods of at least 10 minutes for every four hours worked, or major fraction thereof, because Defendants required them to remain on-duty at all times during their shifts, including their breaks." FAC ¶ 63. Regarding typicality, Plaintiff alleges that he was a

maintenance technician employee and subject to the same policies, practices, and course of conduct as other maintenance technician employees throughout the state of California, and the remedies sought by Plaintiff and the putative class members are the same. Id. ¶¶ 64–65. Regarding adequacy of representation, Plaintiff alleges that he has no fundamental conflict of interest with the class or subclass he seeks to represent and that he will adequately protect the interests of all class members to obtain full compensation due to him and putative class members. Id. ¶ 66. Plaintiff has also retained attorneys with significant employment litigation and class action experience. Id. The Court finds that the allegations above are sufficient to establish a prima facie case under Rule 23(a) because they appear on their face to address the Rule 23(a) elements. See Trujillo v. Chef's Warehouse W. Coast LLC, 2020 WL 7315346, at *4 (finding the plaintiff made a prima facie case for class relief under Rule 23 by the allegations in his complaint addressing the Rule 23(a) elements); Amaraut v. Sprint/United Mgmt. Co., 2020 WL 8024170, at *9 (finding that plaintiffs sufficiently alleged Rule 23 class action requirements in their complaint to establish a prima facie case); Faraji v. Target Corp., No. EDCV17155ODWSPX, 2017 WL 8292781, at *4 (C.D. Cal. Apr. 28, 2017) (finding the plaintiff made a prima facie showing by "explaining how she intends to satisfy the class certification elements, including identifying common questions of fact and law, describing how her claims are typical and she will be an adequate class representative, and explaining why class treatment will be a superior means to resolve the claims"); Goundar v. Redfin Corp., No. CV133698PSGMRWX, 2014 WL 12524649, at *1–2 (C.D. Cal. July 21, 2014) (finding prima facie case established even though the plaintiff offered "only minimal explanations about the putative class claims and present[ed] no evidence in support of her contention that Rule 23 certification will be appropriate at a later stage of the action").

The Court also finds that the discovery sought here is likely to produce substantiation of the class allegations, which the Ninth Circuit has found to be a determination the Court may choose to make before allowing pre-certification discovery. See Mantolete v. Bolger, 767 F.2d at 1424. It is common in class actions to produce names, addresses, and telephone

numbers of putative class members. <u>Artis v. Deere & Co.</u>, 276 F.R.D. 348, 352 (N.D. Cal. 2011). The Court finds that the contact information that Plaintiff seeks will enable Plaintiff to contact putative class members to gather evidence to show commonality of claims and whether the certification requirements under Rule 23 can be met. <u>Faraji v. Target Corp.</u>, 2017 WL 8292781, at *4; <u>Artis v. Deere & Co.</u>, 276 F.R.D. at 352.

Having determined that pre-certification discovery is warranted, the Court turns to whether the scope of the discovery requested by Plaintiff should be allowed.

### D. Relevance

Plaintiff contends that the identity, contact, and employment information sought is relevant because "the information is likely to lead to the discovery of admissible evidence that will prove or disprove [] Plaintiff's claims or Defendant's defenses." MTC at 10. Defendant does not appear to dispute that the requested information is relevant. <u>See</u> Oppo.

The Court agrees with Plaintiff that contact and employment information of potential class members is relevant. The potential class members will likely have knowledge relevant to the claims or defenses, which will enable Plaintiff to determine commonality and typicality of the class claims. <u>See</u> <u>Sansone v. Charter Commc'ns, Inc.</u>, No. 17-cv-01880-WQH-JLB, 2019 WL 460728, at *6 (S.D. Cal. Feb. 6, 2019) (finding class contact information is relevant before certification because "it is sufficient for Plaintiff to show that class contact information would aid in confirming Plaintiffs' theories of liability and further developing evidence in support of class certification"); <u>Artis v. Deere & Co.</u>, 276 F.R.D. at 352 ("The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action."); <u>Putnam v. Eli Lilly & Co.</u>, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding contact information is relevant before certification because "contact with those individuals could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23").

/ / /

1    Because the Court has found that Plaintiff has met its burden of showing that the

2    requested contact information is relevant, the burden now shifts to Defendant to show that

3    the requested discovery should be prohibited. In doing so, Defendant has the heavy burden

4    of "clarifying, explaining and supporting its objections" to show why discovery should be

5    denied. See Blankenship v. Hearst Corp., 519 F.2d at 429 (9th Cir. 1975); DIRECTV, Inc.

6    v. Trone, 209 F.R.D. at 458 (citation omitted).

7    **E.    Proportionality**

8    Defendant argues that producing evidence of all maintenance technicians from every

9    California location in the putative class period is overbroad and not proportional to the

10    needs of the case because Plaintiff has not produced evidence to indicate company-wide

11    violations. Oppo. at 14.

12    Plaintiff contends that the requested contact information is proportional to the needs

13    of the case, and also offers as evidence of company-wide violations other lawsuits in

14    California with similar claims for missed meal and rest breaks and unpaid wages and a

15    purported set of written policies applicable to all maintenance technicians employed at all

16    of Defendant's locations.[7] MTC at 11–15; Lin Decl. ¶¶ 16–19; ECF No. 47-1 at 41–112

17    (Exhibits 9–12 to the MTC).

18    / / /

19

20

21    [7] Plaintiff includes a request for judicial notice of Exhibits 9 to 12 of his Motion, which are court documents in other cases pending against Defendant in other courts. ECF No. 47-2.

22    Exhibits 9 and 12 are complaints, Exhibit 11 is a minute order, and Exhibit 10 is a purported copy of Defendant's On-Call policy attached as an exhibit to the complaint contained in

23    Exhibit 9. Id. The Court takes judicial notice of Exhibits 9 to 12 for their existence, but not

24    for the truth of "the arguments and disputed facts contained therein." See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1125

25    (C.D. Cal. 2015) ("The Court may take judicial notice of a fact 'that is not subject to

26    reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). Courts may

27    take judicial notice of public records, including court records from another case."); see also

28    Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001).

Other judges in this district have been faced with the question of whether pre-certification discovery of contact information for putative class members in a wage and hour class action will be allowed outside of the location where a named plaintiff worked. It is often a fact-driven decision in which the court weighs whether plaintiff has produced any evidence to support company-wide discovery and whether defendant has produced any evidence to negate plaintiff's evidence or allegations of company-wide violations, or to show that company policy follows applicable laws. See Amaraut v. Sprint/United Mgmt. Co., 2020 WL 8024170, at *9–10 (finding discovery appropriate at locations other than where plaintiffs worked because defendant failed to meet its burden to support its objections); Frieri v. Sysco Corp., No. 316cv01432JLSNLS, 2017 WL 2908777, at *3 (S.D. Cal. July 7, 2017) (finding discovery of contact information for putative class members appropriate at locations other than where plaintiff worked despite a lack of evidence from plaintiff because defendant offered no evidence to refute allegations of company-wide violations); Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *9 (limiting discovery to locations where plaintiff worked because plaintiff only provided facts to support allegations of violations at plaintiff's work locations and defendant presented evidence of lawful company-wide policies).

Here, Plaintiff's evidence of company-wide violations is slim. The Court agrees with Defendant that Plaintiff's allegations of class-wide violations are not substantiated by citations to other complaints filed against Defendant. See Mantolete v. Bolger, 767 F.2d at 1424–25 (finding plaintiff's submission of two other complaints filed elsewhere against defendant did not provide a likelihood that discovery measures would "produce persuasive information substantiating the class action allegations" (citation omitted)); Franco v. Bank of Am., No. 09cv1364-LAB BLM, 2009 WL 8729265, at *4 (S.D. Cal. Dec. 1, 2009) (finding plaintiff's submission of two other complaints filed elsewhere against defendant alleging similar California Labor Code violations was not sufficient to show broader discovery would substantiate his class allegations). However, Plaintiff also submitted a document titled "Official Company Policy" with Defendant's company name that also

includes in the heading the following: "Corporate Policy: On-Call," "Last Revised: December 2016," and "Applicable To: All Non-Exempt Field Ops Employees." ECF No. 47-1 at 63–65 (Exhibit 10 to the MTC) (hereinafter "Exhibit 10"). Exhibit 10 was attached as an exhibit in another lawsuit initiated by maintenance technician employees against Defendant in the Central District of California. MTC at 14; Lin Decl. § 17. Plaintiff alleges that this policy is part of a "set of written policies applicable to all Maintenance Technician employees at all of [Defendant's] locations which require employees to monitor their phones [at] all times, [Ex. 10], which is consistent with Plaintiff's Complaint and First Amended Complaint." MTC at 15; Lin Decl. § 17. Defendant contends that Exhibit 10 "never has been produced, authenticated, or otherwise attested to by Charter in this lawsuit." Oppo. at 18. Defendant further contends that Plaintiff's attempt to tie Exhibit 10 to Plaintiff's claims should fail because the FAC does not allege that Plaintiff was unpaid by being required to "monitor his phone" while "on call." Id.

The Court notes that in the FAC, Plaintiff refers to the requirement of monitoring and answering his work phone or radio and responding to calls from supervisors and/or customers "at all times" [FAC § 27] to support his allegations of Defendant's failure to provide meal periods [FAC § 79], failure to provide rest periods [FAC § 96], failure to pay minimum and regular wages [FAC § 107], and failure to pay all overtime wages [FAC § 118]. The Court is not convinced that an on-call policy requiring employees to monitor their phones at all times is irrelevant to these claims, as Defendant contends. Additionally, the Court notes that Defendant offers no evidence in the form of declarations or submission of policies that Defendant's on-call policy conforms with California law or that it does not apply company-wide. Defendant argues that "[m]ultiple courts, including those in this District, hold that plaintiffs are not entitled to discovery at locations where they never worked without evidence to indicate company-wide violations" and cites to persuasive, non-binding cases. Oppo. at 14. However, the Court notes that multiple courts, including those in this District, have also allowed discovery at locations where named plaintiffs did not work even without evidence to indicate company-wide violations.

See Amaraut v. Sprint/United Mgmt. Co., 2020 WL 8024170, at *10; Frieri v. Sysco Corp., 2017 WL 2908777, at *3, 5. This serves only to show that district courts have wide discretion to permit or deny discovery. See Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093.

Although Plaintiff provides slim evidence of company-wide violations, the burden is on Defendant to clarify, explain, and support its objections to producing discovery. See Blankenship v. Hearst Corp., 519 F.2d at 429; DIRECTV, Inc. v. Trone, 209 F.R.D. at 458. Defendant offers no evidence to refute Plaintiff's allegations that Exhibit 10 is a company-wide policy that requires Plaintiff and putative class members to monitor their phones at all times in violation of California Labor Code. Therefore, Defendant fails to meet its burden to support its objections that class-wide discovery is overbroad and not proportional to the needs of the case at this stage, and the Court overrules Defendant's objection that discovery of the requested contact information should be limited to the location where Plaintiff worked. See Amaraut v. Sprint/United Mgmt. Co., 2020 WL 8024170, at *10; Frieri v. Sysco Corp., 2017 WL 2908777, at *3, 5.

### F.    Privacy

Defendant argues that producing evidence of all maintenance technicians from every California location in the putative class period violates third-party privacy and is unduly harassing to Defendant and its current and former employees. Oppo. at 14.

In diversity actions, a federal court will apply state law to questions of privilege, including the privilege of privacy. See In re California Pub. Utilities Comm'n, 892 F.2d 778, 781 (9th Cir. 1989); see also Fed. R. Evid. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.). In California, the right to privacy is set forth in Article I, Section I of the California Constitution. Goro v. Flowers Foods, Inc., 334 F.R.D. 275, 286–87 (S.D. Cal. 2018). The California Supreme Court established a framework for assessing privacy claims in which "[t]he party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given

circumstances, and a threatened intrusion that is serious." <u>Williams v. Superior Ct.</u>, 3 Cal. 5th at 552 (citing <u>Hill v. Nat'l Collegiate Athletic Assn.</u>, 7 Cal. 4th 1, 35–37 (1994)). "The party seeking information may raise in response whatever legitimate and important countervailing interests disclosure serves, while the party seeking protection may identify feasible alternatives that serve the same interests or protective measures that would diminish the loss of privacy." <u>Id.</u> The court then balances these considerations. <u>Id.</u> (citing <u>Hill v. Nat'l Collegiate Athletic Assn.</u>, 7 Cal. 4th at 37–40).

The California Supreme Court has noted with approval other courts' applications of the privacy framework in wage and hour class actions and collective actions in which they found that "fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure." <u>Id.</u> at 553. "Generally, federal courts in this circuit have held that a protective order, in lieu of a *Belaire-West* notice, sufficiently protects putative class members and aggrieved employees' privacy interests in the confidentiality of their contact information." <u>Amaraut v. Sprint/United Mgmt. Co.</u>, 2020 WL 8024170, at *7 (collecting cases).

Here, the Court finds that the putative class members' contact information is discoverable and not barred by privacy. Defendant has made no arguments in support of its single contention that the requested contact information would violate third-party privacy and be unduly harassing. The Court finds that although putative class members have a legitimate privacy interest in their contact information, they would not be expected to want to conceal their contact information from Plaintiff who is asserting employment law violations on behalf of the putative members. <u>Williams v. Superior Ct.</u>, 3 Cal. 5th at 553–54. The Court also finds that there is no serious invasion of privacy because the parties can enter into a stipulated protective order subject to the Court's approval. <u>See</u> <u>Amaraut v. Sprint/United Mgmt. Co.</u>, 2020 WL 8024170, at *7; <u>Austin v. Foodliner, Inc.</u>,

No. 16CV07185HSGDMR, 2018 WL 1168694, at *3 (N.D. Cal. Mar. 6, 2018) (holding that a protective order is sufficient to protect the privacy interests of putative class members and aggrieved employees in their contact information and that a <u>Belaire-West</u> notice is therefore not required). The Court finds that a protective order instead of a <u>Belaire-West</u> notice is appropriate here.[8] <u>See</u> <u>Amaraut v. Sprint/United Mgmt. Co.</u>, 2020 WL 8024170, at *7; <u>Austin v. Foodliner, Inc.</u>, 2018 WL 1168694, at *3. Accordingly, the Court overrules Defendant's objections as to third-party privacy and harassment.

The Court orders Plaintiff's counsel to inform the contacted putative class members that they have the right not to talk or communicate with counsel, and if they decline to talk or communicate, then counsel shall terminate the conversation and not contact them again. <u>See</u> <u>Austin v. Foodliner, Inc.</u>, 2018 WL 1168694, at *3. Plaintiff's counsel must also inform each contacted putative class member that the Court compelled Defendant Charter Communications, Inc. to disclose employee contact information, and that the contact information was provided solely for this lawsuit and cannot be distributed for other uses. <u>Id.</u>

### G. Sanctions

Plaintiff argues that Defendant had no substantial justification to refuse to provide adequate answers to Interrogatories Nos. 5 to 8 and so Plaintiff is entitled to monetary sanctions in the amount of $6,150 for costs and attorneys' fees incurred in bringing this Motion. MTC at 16–17; Lin Decl. ¶ 10. Defendant contends that sanctions should be denied

---

[8] Plaintiff stated that in meet-and-confer discussions with Defendant, Plaintiff had stipulated to Defendant's right to elect to utilize a <u>Belaire-West</u> opt-out notice in exchange for Defendant's substantive responses to the Interrogatories at issue. MTC at 7–8; Lin Decl. ¶¶ 6–7. Plaintiff avers that he sent a proposed <u>Belaire-West</u> notice to Defendant in July 2020 but received no response despite follow up emails. MTC at 8; Lin Decl. ¶¶ 8–9; ECF No. 47-1 at 25–28 (Exhibit 3 to the MTC). In its Opposition, Defendant is silent on the proposed <u>Belaire-West</u> notice and instead states that it offered to produce the requested information for a sampling of maintenance technicians and made no mention of the utilization of a <u>Belaire-West</u> opt-out notice. Oppo. at 5–6, 7–8, 11–12.

because Defendant acted "reasonably, and consistent with established law, when it offered a reasonable sampling of putative class contact information." Oppo. at 18. Defendant further argues that Plaintiff failed to produce any evidence supporting his request for class-wide discovery at this stage and "ignores Southern District of California authority on this issue." Id.

If a motion to compel discovery is granted, pursuant to Rule 37(a)(5), the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order payment if (1) the moving party filed the motion before attempting in good faith to obtain discovery without court intervention; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Id. An action in the discovery context is "substantially justified" if reasonable people could differ on the matter in dispute. See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (describing "substantially justified" as satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action" (citations omitted)); Reygo Pac. Corp. v Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982), abrogated on other grounds by Cunningham v. Hamilton Cty., Ohio, 527 U.S. 198, 210 (1999); Shirley v. Allstate Ins. Co., No. 18cv994-AJB-BGS, 2019 WL 3208000, at *9 (S.D. Cal. July 16, 2019).

The Court finds that Defendant's objection that the requested information was overly broad in seeking contact information outside of the location where Plaintiff worked was sufficient to be considered "substantially justified," even though it was overruled. The Court finds it possible that reasonable people could differ on the appropriate scope of the requested information, in light of the discretion Courts have to manage discovery in the class certification process. See Laub v. U.S. Dep't of Interior, 342 F.3d at 1093; Vinole v. Countrywide Home Loans, Inc., 571 F.3d at 942. Therefore, the Court **DENIES** Plaintiff's request for monetary sanctions. See Pierce v. Underwood, 487 U.S. at 565;

Reygo Pac. Corp. v Johnston Pump Co., 680 F.2d at 649.

## V.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Compel as follows:

1.   The Court notes that it vacated the deadline to complete class discovery while Defendant's motion to compel arbitration and stay the case is pending. ECF No. 54. The parties are nonetheless **ORDERED** to submit on or before **May 6, 2021** a joint motion for entry of a stipulated protective order that will govern the handling of confidential material, including protecting the privacy interests of putative class members in their contact information. A protective order will aid the parties whether they proceed to arbitration or continue in federal court.

2.   The Court **ORDERS** Defendant to produce the name, job title, hire date, home address, last known telephone number, last known cell phone number, and email address of the non-exempt employees of Defendant who worked as maintenance technicians in California from November 5, 2015 through the present and who did not enter into an arbitration agreement no later than **fourteen calendar days following the district judge's ruling** on Defendant's motion to compel arbitration and stay the case.[9]

3.   The Court **DENIES** Plaintiff's request for monetary sanctions.

**IT IS SO ORDERED**.

Dated:  April 15, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge

---

[9] However, if the motion to stay the case is granted, then the production of discovery for the purposes of the federal litigation—including the discovery ordered here—is also stayed, unless the Court orders otherwise.