# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVANAN MAHARAJ, <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 20-cv-00064-BAS-WVG <br><br> **ORDER GRANTING JOINT MOTION TO CONFIRM ARBITRATION AWARD AND TO LIFT STAY** <br><br> **(ECF No. 70)** |

On October 27, 2021, the Court compelled to arbitration Plaintiff Devanan Maharaj's individual wage-and-hour claims pursuant to the Mutual Arbitration Agreement ("MAA") he had executed with Defendant Charter Communications, Inc., dismissed the wage-and-hour claims brought on a classwide basis, and stayed Maharaj's Private Attorney General Act claim. (Arbitration Order at 21, ECF No. 67.) Arbitration between Maharaj and Charter Communications ensued beginning in October 2022. (Joint Mot. at 2, ECF No. 70.) Shortly thereafter, Maharaj moved for the agreed-upon arbitrator to set aside the MAA as procedurally and substantively unconscionable. (Joint Mot. at 2.) The arbitrator granted that motion, reasoning the MAA not only is a procedurally unconscionable contract of adhesion, but also is substantively unconscionable in light of the California Court of Appeal decision in *Ramirez v. Charter Communications, Inc.*, 75

Cal. App. 5th 365 (2022), decided after this Court's Arbitration Order. (Arbitrator's Decision at 2, Ex. 1 to Joint Mot., ECF No. 70 (noting the *Ramirez* Court found the same MAA "substantive[ly] unconscionab[le] due to its being one-sided, requiring the employee to reimburse costs usually charged to the employer, exempting certain claims typically brought by employees, and unreasonably restricting discovery").)[1]

After purportedly meeting and conferring for five months, the parties filed their Joint Motion on July 7, 2023, requesting this Court to confirm the "arbitration award," *i.e.,* the arbitrator's decision setting aside the MAA, and to lift the stay in this action.

The Joint Motion is **GRANTED**. The Court **CONFIRMS** the arbitrator's decision setting aside the MAA; **LIFTS** the stay issued in this matter; **VACATES** its dismissal of the class-action claims in the First Amended Complaint[2]; and **DIRECTS** the Clerk of Court to reopen the case. The parties are **ORDERED** to contact, **by no later than July 20, 2023**, newly assigned United States Magistrate Judge William V. Gallo to schedule a Case Management Conference.

**IT IS SO ORDERED.**

**DATED: July 12, 2023**

Hon. Cynthia Bashant
United States District Judge

---

[1] The arbitrator acknowledged in her decision *Ramirez* is pending review on appeal by the California Supreme Court. (Arbitrator's Decision at 2); *see Ramirez*, 510 P.3d 404 (2022).

[2] This Court dismissed without Maharaj's class-action claims on the basis Maharaj "c[ould] not continue to serve as class representative of the putative class" given the Court's decision to compel his individual claims to arbitration. (Arbitration Order at 20:13-16.) This action's return to federal court undercuts entirely the justification for this Court's dismissal.