UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVANAN MAHARAJ, individually and on behalf of all other similarly situated employees of Defendants in the State of California,<br><br>                Plaintiff,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC., and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.: 3:20-cv-00064-BAS-VET<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SEPTEMBER 29, 2023 SCHEDULING ORDER**<br><br>**[Doc. No. 91]** |

Before the Court is "Plaintiff's *Ex Parte* Application for an Order Modifying the Court's September 29, 2023 Scheduling Order" ("Application"). Doc. No. 91. Therein, Plaintiff requests a thirty (30) day continuance of the expert disclosure deadlines and represents that "Defendant has indicated that it does not oppose this request." *Id.* at 5. Defendant did not file an opposition to the Application. The Court's operative Scheduling Order, dated September 29, 2023 ("Scheduling Order"), requires the parties to serve all initial expert designations and disclosures by March 29, 2024, and all supplemental designations and disclosures by April 29, 2024. Doc. No. 79 at 2. Plaintiff states that Defendant has not yet produced all the relevant records required for an expert opinion but

expects to do so within two weeks. Doc. No. 91 at 3. Thus, Plaintiff seeks additional time for an expert to analyze the records yet to be produced.

Notably, Plaintiff does not request an extension of the remaining deadlines in the Scheduling Order, including the deadline for the close of fact and expert discovery and the filing of the class certification motion. In the absence of any request or basis for extending those remaining deadlines, those deadlines shall remain the same.

Based on the Plaintiff's representations, and good cause appearing, the Court **GRANTS** the Application. The Court **ORDERS** the following:

1. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 29, 2024**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third-party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 29, 2024**. On or before **May 29, 2024**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

2. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **April 29, 2024**. Any contradictory or rebuttal information shall be disclosed on or before **May 29, 2024**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty

on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3.   All other dates, deadlines, and provisions of the Scheduling Order remain the same.

**IT IS SO ORDERED**.

Dated: April 2, 2024

Honorable Valerie E. Torres
United States Magistrate Judge