1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   DEVENAN MAHARAJ, individually and        Case No.: 3:20-cv-00064-BAS-VET
     on behalf of all other similarly situated
12   employees of Defendants in the State of
     California,                               **ORDER GRANTING IN PART**
13                                             **JOINT MOTION TO AMEND THE**
                            Plaintiff,         **COURT'S SEPTEMBER 29, 2023**
14                                             **SCHEDULING ORDER**
15          v.
16   CHARTER COMMUNICATIONS, INC.,             **[Doc. No. 93]**
     and DOES 1 through 50, inclusive,
17
                            Defendants.
18

19

20          Before the Court is the parties' Joint Motion to Amend the Court's September 29,

21   2023 Scheduling Order ("Joint Motion"). Doc. No. 93. Therein, the parties request to

22   continue three deadlines in the Court's original Scheduling Order ("Scheduling Order").

23   *See* Doc. No. 79. Specifically, they seek to move the fact discovery cutoff from May 29 to

24   June 28, 2024, the expert discovery cutoff from May 29 to July 29, 2024, and the deadline

25   to file a motion for class certification from June 26 to August 29, 2024. Doc. No. 93 at 4.

26   In support of this request, the parties represent that they have served written discovery,

27   completed document productions, and noticed a 30(b)(6) witness deposition. *Id.* at 2.

28   Despite these efforts, they further represent that outstanding discovery cannot conclude

                                              1

within current deadlines, in part because Defendant did not complete production of time and pay data until April 22, 2024. *Id.* at 3–4. The parties also represent that outstanding discovery includes three depositions, one rebuttal expert designation, and Defendant's response to requests for admission/interrogatories. *Id.* at 3. Defendant's counsel is also reportedly unavailable for depositions until after June 7, 2024 due to an arbitration. *Id.* This is the second request to continue dates in the Scheduling Order. *See* Doc. No. 91.

## I.      LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id*; *Adrian v. OneWest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 Fed. Appx. 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 661 (9th Cir. 2021). "If the moving party was not diligent, the inquiry should end." *Johnson*, 975

F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same). Further, Civil Local Rule 16.1(b) requires that counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b).

## II.    ANALYSIS

Pursuant to the Scheduling Order, the parties had approximately eight months to complete fact and expert discovery. Doc. No. 79 at 2. While the Court appreciates the challenges noted in collecting certain data, it is not clear why Defendant needed *seven months* to collect this data (given that discovery opened in September 2023 and complete data was not produced until April 22, 2024). Further, the Court is not persuaded that the deadlines to complete fact and expert discovery should be bifurcated based on the outstanding discovery, *i.e.*, three depositions and written discovery that should be completed within the next week. Nor is there good cause to support an additional 60 days to complete the outstanding expert discovery, *i.e.*, one expert designation and two expert depositions.

Accordingly, based on a review of the Joint Motion and the record, and taking into account defense counsel's unavailability, the Court **GRANTS IN PART** the parties' request to amend the Scheduling Order. The parties are advised that no further extensions shall be granted absent extraordinary circumstances. The Court **ORDERS** the following:

1.    All fact discovery shall be completed by all parties by **July 5, 2024**.

2.    All expert discovery shall be completed by all parties by **July 5, 2024**.

3.    Any motion for class certification must be filed by **August 5, 2024**.

4.    All other aspects of the Scheduling Order, including relevant discovery guidelines and class certification motion procedures, remain in effect. *See* Doc. No. 79 at 2–3.

**IT IS SO ORDERED**.

Dated: May 17, 2024

Honorable Valerie E. Torres
United States Magistrate Judge

3

3:20-cv-00064-BAS-VET