UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVENAN MAHARAJ, et al, Plaintiffs, v. CHARTER COMMUNICATIONS, INC., et al, Defendants. | Case No.: 20-cv-0064-BJC-VET **ORDER DENYING PLAINTIFF'S MOTION TO SEAL** **[ECF NO. 133]** |

Pending before the Court is Plaintiff Devenan Maharaj's Motion to Seal. ECF No. 133. The motion to seal is unopposed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

Plaintiff originally filed a complaint in Superior Court of California, County of San Diego, on November 5, 2019, against Charter Communications, Inc. See State Court Compl., ECF No. 1-2. Defendant removed the action to federal court on January 8, 2020. ECF. 1. On April 28, 2020, Defendant moved to dismiss the complaint or, in the alternative, to stay the proceedings, and Plaintiff filed a motion for leave to amend the complaint. ECF Nos. 14, 19. The Court granted Plaintiff's unopposed motion for leave to amend and terminated the motion to dismiss. ECF No. 20. Plaintiff filed a First Amended Complaint ("FAC") asserting claims for violations of the California Labor Code and Industrial

Welfare Commission, including failure to provide meal and rest periods, to pay minimum, regular, overtime and reporting time wages, to provide accurate itemized wage statements and to timely pay wages at separation; asserting a violation of Business and Professions Code Section 17200; and representative claims under the California Labor Code Private Attorneys General Act ("PAGA"). ECF No. 21.

Plaintiff brings the action on behalf of all non-exempt employees who were employed by Defendant in the State of California as Maintenance Technicians during the applicable relevant time period and alleges Defendant systematically violated California wage and hour laws and engaged in unlawful and unfair business practices to decrease employment related costs. FAC ¶¶ 3,4. On May 29, 2020, Defendant moved to dismiss the FAC or, alternatively, stay the action. ECF No. 23. The Court denied the motion to dismiss, and Defendant filed an answer to the FAC. See ECF Nos. 44, 48. On March 17, 2021, Defendant filed a motion to compel arbitration and stay the action. ECF No. 49. Later, Plaintiff moved to remand the action to state court. ECF No. 56. On September 30, 2021, the Court denied Plaintiff's motion to remand and then granted Defendant's motion to compel arbitration and stay the proceedings on October 27, 2021. See ECF Nos. 62, 67. In addition, the Court severed the PAGA waiver from the arbitration agreement, ordered the parties to proceed to arbitration with Plaintiff's individual wage and hour claims, dismissed the class action claims without prejudice, and stayed the action. ECF No. 67 at 21.

On July 7, 2023, the parties jointly moved to lift the stay and confirm the arbitration award, in which the arbitrator granted Plaintiff's motion to set aside the arbitration agreement. ECF No. 70. The Court granted the joint motion to lift the stay, confirmed the arbitrator's decision, and vacated the dismissal of the class action claims. ECF No. 72.

On October 25, 2024, Plaintiffs filed a motion for class certification. ECF No. 102. On September 29, 2025, the Court granted in part and denied in part Plaintiff's motion for class certification. ECF NO. 116. On December 19, 2025, Defendant filed a motion for summary judgment (ECF No. 130) and Plaintiff filed a motion for partial summary judgment along with the present motion to file documents under seal (ECF Nos. 132, 133).

## II. DISCUSSION

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).[1] The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access and must make a particularized showing. *Kamakana*, 447 F.3d at 1180. Accordingly, the moving party "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79.

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. The moving party's interest in secrecy must be balanced against the interest in ensuring the public understanding of the judicial process. *Id.* at 1179; *see also Fed. Open Market Comm'te of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979) (weighing claim to privacy against need for disclosure).

---

[1] Unless otherwise noted, internal quotation marks, citations, footnotes, ellipses, and brackets are omitted from citations.

Plaintiff requests that the Court seal the redacted wage statements for several putative class members that "are included in the transcripts from the depositions of Defendant's F.R.C.P. 30(b)(6) witness, Natisha Carn, and Plaintiff's expert, Justin Regus, which are attached as Exhibits A and C to the Declaration of Dawn M. Berry." ECF No. 133. However, Plaintiff states that he "does not believe that the documents he is presenting to be filed under seal are appropriate for a confidential filing, but because Defendant has marked the documents as 'confidential,' under the terms of the Parties' Stipulated Protective Order, Plaintiff is required to make this application." *Id.*

The confidential designation of a document pursuant to a protective order is of little weight when it comes to sealing court filings. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992). Protective orders, by their very nature, are overinclusive because the judge generally does not have the opportunity to analyze whether particular documents should be sealed prior to signing. *See Beckman Indus.,* 966 F.2d at 476*; San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Bare reliance on a protective order is therefore insufficient to warrant sealing. Because Plaintiff provides no other grounds for sealing the documents, the request is denied.

## III. CONCLUSION

For the reasons stated above, the motion to seal is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge